**KNIGHT LAW GROUP LLP**
Scot Wilson (SBN 223367)
scotw@knightlaw.com
Daniel Kalinowski (SBN 305087)
danielk@knightlaw.com
Phil A Thomas (SBN 248517)
philt@knightlaw.com
10250 Constellation Blvd., Suite 2500
Los Angeles, CA 90067
Telephone: (310) 552-2250
Fax: (310) 552-7973

Attorneys for Plaintiff,
JESSICA RAMIREZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JESSICA RAMIREZ,**<br><br>Plaintiff,<br><br>v.<br><br>**VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey corporation; and DOES 1 through 10, inclusive,**<br><br>Defendants. | **Case No.: 5:22-cv-00734-MWF-MRW**<br><br>(Removed from Superior Court of California, County of Riverside, Case No. CVPS2201041)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO SUPERIOR COURT OF CALIFORNIA**<br><br>*Assigned for All Purposes to the Honorable* **Michael W. Fitzgerald**<br><br>**Date: June 27, 2022**<br>**Time: 10:00 a.m.**<br>**Courtroom: 5A**<br><br>Action Filed: March 16, 2022 |

-1-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO SUPERIOR COURT OF CALIFORNIA

**Table of Contents**

I.    INTRODUCTION................................................................7

II.   BRIEF STATEMENT OF FACTS...............................................8

III.  STANDARDS FOR REMOVAL AND REMAND.......................................8

IV.  ARGUMENT: VGA HAS FAILED TO ESTABLISH THAT THE AMOUNT IN CONTROVERSY IS MET..............................................9

  A.  VGA Overstates The Amount In Controversy Because It Ignores Applicable Law Regarding Actual Damages, Which Includes A Mileage Offset.................10

  B.  VGA's Amount in Controversy Calculation Also Fails Because Its Civil Penalties Estimate is Speculative...........................................12

  C.  VGA Fails to Meet Its Burden to Prove that the Amount in Controversy Requirement Is Satisfied by the Inclusion of Speculative Amounts of Attorneys' Fees...............................................................14

V.   CONCLUSION ...............................................................17

-2-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO SUPERIOR COURT OF CALIFORNIA

1

**Table of Authorities**

2

**Cases**

3  *Aguilar v. FCA US, LLC,* No. 2:21-cv-05813-AB (Asx) (C.D. Cal. 2021) ............ 16

4  *Arriaga v. FCA US, LLC,* No. PSC2004169, Riverside County (2021) ................. 16

5  *Brady v. Mercedes Benz USA, Inc.,* 243 F.Supp.2d 1004, 1011 (N.D.Cal. 2002) .. 14

6  *Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208, 213 (3d Cir. 1997) ................. 8

7  *Castillo v. FCA US LLC*, No. 19-cv-151-CAB-MDD, 2019 WL 6607006, at *2

8    (S.D. Cal. Dec. 5, 2019) ..................................................................................... 13

9  *Chavez v. FCA US LLC*, No. 2:19-cv-06003-ODW (GJSx), 2020 WL 468909, *2

10    (C.D. Cal. 2020) ................................................................................................. 13

11  *Chavez v. Ford Motor Company,* No. 5:18-cv-02215-MCS-KK (C.D. Cal. 2021 . 16

12  *Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1200

13    (N.D. Cal. 1998) ................................................................................................. 15

14  *D'Amico v. Ford Motor Company*, No. CV 20-2985-CJC (JCx), 2020 WL 2614610

15    (C.D. Cal. May 21, 2020) ................................................................................... 12

16  *Davidson v. Ford Motor Co.*, No. EDCV 20-1965-FMS-HKx, 2020 WL 6119302,

17    *2 (C.D. Cal. Oct. 16, 2020) .............................................................................. 11

18  *Eberle v. Jaguar Land Rover N. Am., LLC*, No. 2:18-cv-06650-VAP (PLAx), 2018

19    WL 4674598, at *2 (C.D. Cal. Sept. 26, 2018) ....................................... 13, 14, 15

20  *Esparza v. FCA US LLC*, No. 2:21-cv-01856-RGK-MRW, 2021 WL 949600, at *1

21    (C.D. Cal. Mar. 12, 2021) .................................................................................. 13

22  *Ferrer v. FCA US LLC*, Case No.: 17-CV-0530-AJB-BGS, 2017 WL 2875692, at

23    *3 (S.D. Cal. July 6, 2017).................................................................................. 10

24  *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 788, 794 (9th

25    Cir. 2018) ........................................................................................................... 14

26  *Garay v. Ford Motor Company,* No. 5:21-cv-01200-SB-SHK (C.D. Cal. 2021)... 16

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO
SUPERIOR COURT OF CALIFORNIA

1  *Garcia v. FCA US LLC*, 2:20-cv-04779-VAP-MRWx, 2020 WL 4219614, *3

2    (C.D. Cal. July 22, 2020) ................................................................................ 13, 15

3  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ............................................ 9

4  *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102,

5    1107 (9th Cir. 2010) ................................................................................................ 8

6  *Gezalyan v. BMW of North America, LLC,* 697 F.Supp.2d 1168, 1171 (C.D. Cal.

7    2010) ...................................................................................................................... 15

8  *Goglin v. BMW of North America, LLC,* 4 Cal.App.5th 462, 470 (2016)................ 15

9  *Herko v. FCA US, LLC*, 2019 WL 5587140, at *2 (S.D. Cal. Oct. 30, 2019) ........ 13

10  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ....................... 9

11  *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ............ 9

12  *Kaplan v. BMW of North America, LLC,* No. 21-CV-857 TWR (AGS), 2021 WL

13    4352340 *6 (S.D. Cal. Sept. 24, 2021) ................................................................. 16

14  *Khachatryan v. BMW of N. Am., LLC,* No. CV 21-1290 PA (PDX), 2021 WL

15    927266, at *2 (C.D. Cal. Mar. 10, 2021) .............................................................. 13

16  *Kinneberg v. Ford Motor Co.,* No. CV-20-00865-ABF-FMX, 2020 WL 3397752,

17    at *2 (C.D. Cal. June 18, 2020)............................................................................. 15

18  *Kotulski v. FCA US LLC*, Case No.: 17-CV-0527-AJB-BGS, 2017 WL 2705429, at

19    *3 (S.D. Cal. June 23, 2017) ................................................................................. 11

20  *Lopez v. FCA US LLC*, No. 2:19-cv-07577-RGK-MRW, 2019 WL 4450427, *2

21    (C.D. Cal. Sep. 16, 2019) ................................................................................ 13, 14

22  *Luna v. FCA US. LLC,* No. 2:21-cv-07140-AB (JPRx) (C.D. Cal. 2021).............. 16

23  *Maciel v. BMW of N. Am., LLC*, No. CV 17-04268 SJO (AJWx), 2017 WL

24    8185859, *2 (C.D. Cal. Aug. 7, 2017)................................................................... 12

25  *Mahlmeister v. FCA US LLC,* No. CV-21-00564-ABA-FMX, 2021 WL 1662578,

26    at *3 (C.D. Cal. Apr. 28, 2021).............................................................................. 15

-4-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO SUPERIOR COURT OF CALIFORNIA

*Makol v. Jaguar Land Rover North America, LLC*, No. 18-cv-03414-NC, 2018 WL
3194424, at \*3 (N.D. Cal., June 28, 2018) ........................................................13

*Marin General Hospital v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944
(9th Cir. 2009)......................................................................................................8

*Matheson v. Progressive Specialty Insurance Co.*, 319 F.3d 1089, 1091 (9th Cir.
2003)......................................................................................................................9

*Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).........9

*Mullin v. FCA US, LLC*, No. CV 20-2061-RSWL-PJW, 2020 WL 2509081, \*3
(C.D. Cal. May, 14 2020)...................................................................................11

*Petropolous v. FCA US, LLC*, No. 17-CV-0398 W (KSC), 2017 WL 2889303, at
\*6 (S.D. Cal. July 7, 2017).................................................................................10

*Ronquillo v. BMW of North America, LLC*, No. 3:20-cv-1413-W-WVG, 2020 WL
6741317 (S.D. Cal. Nov. 17, 2020) ...................................................................12

*Schneider v. Ford Motor Co.*, 756 F.Appx. 699, 701 n. 3 (9th Cir. 2018) .............11

*Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)...........9

*Sood v. FCA US, LLC*, NO. CV 21-4287-RSWL-SKx, 2021 WL 4786451 (C.D.
Cal. Oct. 14, 2021) ........................................................................................12, 14

*Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998) .......................................8

*Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013) ........9

*Valdez v. FCA US, LLC,* No. 2:21-cv-06318-FLA-JEM (C.D. Cal. 2021).............16

*Valle v. FCA,* No. 5:21-cv-01131-JWH-SHKx (C.D. Cal. 2022) ..........................16

*Vega v. FCA US LLC*, No. 2:21-cv-05128-VAP-MRWx, 2021 WL 3771795, \*3
(C.D. Cal., Aug. 25, 2021) .....................................................................11, 12, 15

*Velasquez v. FCA US, LLC,* No. 2:21-cv-05092-JFW-AGR (C.D. Cal. 2021) ......16

*Zawaideh v. BMW of North America, LLC*, No. 17-CV-2151 W (KSC), 2018 WL
1805103, at \*2 (S.D. Cal. Apr. 17, 2018) .........................................................12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO
SUPERIOR COURT OF CALIFORNIA

**Statutes**

§ 1793.2(d)(2)(C) ............................................................................................ 10

28 U.S.C. § 1332 .............................................................................................. 9

Cal. Civ. Code § 1793.2(d)(2)(B)-(C) ........................................................... 10

Cal. Civ. Code §§ 1794(c) .............................................................................. 12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO
SUPERIOR COURT OF CALIFORNIA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff Jessica Ramirez ("Plaintiff") filed this action against Defendant Volkswagen Group of America, Inc. ("Defendant" or "VGA") in the Superior Court of California, County of Riverside, on March 16, 2022, concerning a 2019 Volkswagen Atlas (the "Subject Vehicle") manufactured by VGA with serious defects and nonconformities to warranty, including to the windshield wipers and electrical system, among other things.  The Complaint alleges two causes of action under California's Song-Beverly Consumer Warranty Act ("Song-Beverly") for violation of the express and implied warranties. See Complaint, attached as Exhibit A to Declaration of Anthony P. Greco, Dkt. No. 1, ECF pp. 13-18.

VGA removed this case on April 27, 2022.  However, removal is improper as VGA has failed to meet its burden to establish that the amount in controversy requirement is met in this case. VGA contends, contrary to the great weight of authority, that simply because Plaintiff seeks incidental and consequential damages, civil penalties and attorneys' fees in addition to a repurchase under Song-Beverly, speculative estimates of such damages, penalties and fees must be included in the amount in controversy to establish that this Court possesses diversity jurisdiction. See Notice of Removal, Dkt. No. 1, ECF pp. 3-5.  At this stage, VGA has not met its burden by preponderance of the evidence, more likely than not, that Plaintiff will obtain such damages, penalties and fees at trial thereby exceeding the $75,000 amount in controversy.

VGA's conclusory statements alone set forth in its Notice of Removal are insufficient to meet its burden of proving that removal was proper, and do nothing to establish that the amount in controversy requirement has been met. VGA's calculation of potential incidental and consequential damages and civil penalties to be awarded in this case is speculative and flawed. Similarly and with no supporting

-7-

1  evidence, VGA argues that attorney's fees in this action should also be considered

2  as part of the amount in controversy.  VGA does not, however, offer any evidence

3  or calculation whatsoever for attorney's fees in this matter to render a finding by this

4  Court that they should be considered in determining the amount in controversy.

5       Accordingly, VGA's removal was improper and this case should be remanded

6  to California State Court because there are no grounds to establish federal subject

7  matter jurisdiction pursuant to either federal question jurisdiction, (28 U.S.C. §

8  1331) or diversity jurisdiction (28 U.S.C. § 1332) theories.

9  **II.     BRIEF STATEMENT OF FACTS**

10       On or around January 29, 2020, Plaintiff leased the Subject Vehicle new, with

11  approximately 505 miles on it.  See Lease Agreement, attached as Exhibit C to

12  Declaration of Anthony P. Greco, Dkt. No. 1, ECF pp. 52-53.  Plaintiff experienced

13  a number of problems with the Subject Vehicle and took it in for repairs on several

14  occasions to address them.  See Complaint, Dkt. No. 1, ECF pp. 13-18, generally.

15  However, the problems persisted following each repair attempt. Id. Plaintiff initiated

16  this action on March 16, 2022 in the Superior Court of California, County of

17  Riverside.

18  **III.    STANDARDS FOR REMOVAL AND REMAND**

19       To survive a motion for remand, a defendant seeking removal has the burden

20  of proving that federal subject matter jurisdiction is present. *Marin General Hospital*

21  *v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing

22  *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).   There is a "strong

23  presumption against removal jurisdiction," and courts must reject it "if there is any

24  doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc.*

25  *v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). A court must

26  remand a matter to the jurisdiction from which it was removed upon finding that the

27  court lacks subject matter jurisdiction at the time of removal. *Bromwell v. Michigan*

28

-8-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO
SUPERIOR COURT OF CALIFORNIA

1    *Mut. Ins. Co.*, 115 F.3d 208, 213 (3d Cir. 1997). "The removal statute is strictly

2    construed, and any doubt about the right of removal requires resolution in favor of

3    remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir.

4    2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)); *see also Hunter*

5    *v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("[T]he court resolves all

6    ambiguity in favor of remand to state court.").

7        Where the purported basis for federal subject matter jurisdiction is diversity

8    jurisdiction, a defendant seeking removal must establish that there is complete

9    diversity of citizenship between the parties, and the amount in controversy exceeds

10   $75,000.  28 U.S.C. § 1332.  Where the amount in controversy is not clear from the

11   face of the complaint, the removing defendant must establish by a *preponderance of*

12   *the evidence* that the amount-in-controversy requirement is satisfied. *Urbino v.*

13   *Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013)(emphasis added).

14       Conclusory   allegations   as   to   the   amount   in   controversy   are

15   insufficient. *Matheson v. Progressive Specialty Insurance Co.*, 319 F.3d 1089, 1091

16   (9th Cir. 2003). Nor can a defendant establish the amount in controversy by "mere

17   speculation and conjecture." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193,

18   1197 (9th Cir. 2015). Rather, the defendant should "submit evidence outside the

19   complaint, including affidavits or declarations, or other summary-judgment-type

20   evidence relevant to the amount in controversy at the time of removal." *See*

21   *id.* (quoting *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir.

22   1997)) (internal quotation marks omitted).

23   **IV.   ARGUMENT: VGA HAS FAILED TO ESTABLISH THAT THE
     AMOUNT IN CONTROVERSY IS MET**

24       VGA has failed to show by a preponderance of the evidence that the amount

25   in controversy exceeds $75,000.   VGA's amount in controversy analysis is

26   insufficient for a number of reasons.   First, VGA fails to take into account the

27   mileage offset required by the Song-Beverly Act.  Next, VGA does not even attempt

28

-9-

1  to justify an assumed maximum civil penalties award in this case or show that it is

2  more likely than not that civil penalties will be awarded.  Further, VGA's assertion

3  that Plaintiff's potential attorneys' fees should count towards the amount-in-

4  controversy is also speculative and cannot form the basis for an amount-in-

5  controversy calculation.   Thus, VGA has not met its burden and has failed to

6  establish that this Court has subject matter jurisdiction over the instant action.  This

7  case should be remanded.

8      **A. VGA Overstates The Amount In Controversy Because It Ignores
       Applicable Law Regarding Actual Damages, Which Includes A**
9      **Mileage Offset**

10     Under Song-Beverly, a plaintiff may recover "in an amount equal to the actual

11 price paid or payable by the buyer," reduced by "that amount directly attributable to

12 use by the buyer." Cal. Civ. Code §1793.2(d)(2)(B)-(C). This includes a mileage

13 offset. See Id. at  §1793.2(d)(2)(C)  (amount attributable to use by buyer is

14 determined "by multiplying the actual price of the new motor vehicle.... by a fraction

15 having as its denominator 120,000 and its numerator, the number of miles traveled

16 by the new motor vehicle prior to the time the buyer first delivered the vehicle.... for

17 correction").

18     VGA's Notice of Removal uses the purported "total consideration over the

19 term of the Lease Agreement" of $30,158.37 as a base figure for restitution damages

20 as part of its amount in controversy analysis. See Notice of Removal ¶15, Dkt. No.

21 1, ECF pp. 3-4.  No information regarding a mileage offset for the Subject Vehicle's

22 use is mentioned or what other deductions VGA would take from Plaintiff's

23 purchase price of the Subject Vehicle (such as service contracts, which

24 manufacturers routinely argue in other cases should be deducted from the paid or

25 payable). See *Petropolous v. FCA US, LLC*, No. 17-CV-0398 W (KSC), 2017 WL

26 2889303, at *6 (S.D. Cal. July 7, 2017) (recognizing the mileage offset for damages

27 under the Song-Beverly Act); *Ferrer v. FCA US LLC*, Case No.: 17-CV-0530-AJB-

28                                         -10-

1  BGS, 2017 WL 2875692, at *3 (S.D. Cal. July 6, 2017) (including the full value of

2  the installment contract in the amount in controversy, but applying a mileage

3  offset); *Kotulski v. FCA US LLC*, Case No.: 17-CV-0527-AJB-BGS, 2017 WL

4  2705429, at *3 (S.D. Cal. June 23, 2017) (same).

5        Here, Plaintiff leased the Subject Vehicle with 505 miles on it, see Lease

6  Agreement, Exh. C to Greco Decl. Dkt. No. 1, ECF pp. 52-53, and drove it for some

7  number of miles before experiencing problems.  The number of miles Plaintiff drove

8  before presenting the Subject Vehicle to VGA's authorized repair center is

9  information known to VGA, but VGA chooses not to include it in its Notice of

10  Removal.[1]  Thus, a deduction for the use from the date of sale up until this first repair

11  is unaccounted for in VGA's calculation and consequently VGA overstates the

12  amount in controversy.  *Schneider v. Ford Motor Co.*, 756 Fed.Appx. 699, 701 n. 3

13  (9th Cir. 2018) ("Consideration of the [u]se [o]ffset [is] appropriate" in determining

14  the amount in controversy as the circuit has "recognized that an estimate of

15  the amount in controversy must be reduced if a specific rule of law or measure of

16  damages limits the amount of damages recoverable.") (internal quotation marks

17  omitted);  *Vega v. FCA US LLC*, No. 2:21-cv-05128-VAP-MRWx, 2021 WL

18  3771795, *3 (C.D. Cal., Aug. 25, 2021) (in determining that amount in controversy

19  was not satisfied, the Court noted that the "[d]efendant fails to reduce the actual

20  damages account for [the p]laintiffs' use offset."); *Mullin v. FCA US, LLC*, No. CV

21  20-2061-RSWL-PJW, 2020 WL 2509081, *3 (C.D. Cal. May, 14 2020) ("Because

22  Defendants neglected to take the mileage offset into account, they failed to meet

23  their burden of showing the plaintiff's actual damages based on the purchase price

24  of the vehicle."); *Davidson v. Ford Motor Co.*, No. EDCV 20-1965-FMS-HKx, 2020

25

---

26  [1] Plaintiff sets forth the basis for a mileage offset in this matter under the Song-
Beverly Act for purposes of Plaintiff's Motion for Remand and is not, at this stage

27  in litigation, agreeing to or stipulating to a particular offset or damages.  Discovery

28  is ongoing.

-11-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO
SUPERIOR COURT OF CALIFORNIA

WL 6119302, *2 (C.D. Cal. Oct. 16, 2020); *Maciel v. BMW of N. Am., LLC*, No. CV 17-04268 SJO (AJWx), 2017 WL 8185859, *2 (C.D. Cal. Aug. 7, 2017) (finding amount in controversy not satisfied given the defendant's failure to consider set-off amount). VGA has failed to take into account the mileage offset or any other offsets allowed by the Song-Beverly Act and has not met its burden to show Plaintiff's actual damages. The amount in controversy is thus not met given this error.

**B. VGA's Amount in Controversy Calculation Also Fails Because Its Civil Penalties Estimate is Speculative**

A civil penalty is applicable only if a court determines that a defendant's failure to comply with the Act is willful. Cal. Civ. Code §§ 1794(c). This amount is to be determined by the trier of fact based on the specific facts of the case. Thus, civil penalties are speculative at this point. Where a manufacturer has not offered any evidence to support an award for civil penalties, the Court is unable to determine what civil penalties might be imposed and thus cannot conclude the amount in controversy. In *Zawaideh v. BMW of North America, LLC*, No. 17-CV-2151 W (KSC), 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018), the court noted that "[r]ather than simply assume that because a civil penalty is available, one will be awarded, the defendant must make some effort to justify the assumption by, for example, pointing to allegations in the [c]omplaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty." VGA has provided no such evidence and thus it has failed to show that civil penalties should be included in the amount in controversy calculation. See *Ronquillo v. BMW of North America, LLC*, No. 3:20-cv-1413-W-WVG, 2020 WL 6741317 (S.D. Cal. Nov. 17, 2020); *D'Amico v. Ford Motor Company*, No. CV 20-2985-CJC (JCx), 2020 WL 2614610 (C.D. Cal. May 21, 2020); *Sood v. FCA US, LLC*, NO. CV 21-4287-RSWL-SKx, 2021 WL 4786451 (C.D. Cal. Oct. 14, 2021); *Vega v. FCA US,*

-12-

1    *LLC*, No. 2:21-cv-05128-VAP-MRWx, 2021 WL 3771795, *3 (C.D. Cal. Aug. 25,

2    2021); *Esparza v. FCA US LLC*, No. 2:21-cv-01856-RGK-MRW, 2021 WL 949600,

3    at *1 (C.D. Cal. Mar. 12, 2021); *Garcia v. FCA US LLC*, 2:20-cv-04779-VAP-

4    MRWx, 2020 WL 4219614, *3 (C.D. Cal. July 22, 2020); *Chavez v. FCA US LLC*,

5    No. 2:19-cv-06003-ODW (GJSx), 2020 WL 468909, *2 (C.D. Cal. 2020); *Lopez v.*

6    *FCA US LLC*, No. 2:19-cv-07577-RGK-MRW, 2019 WL 4450427, *2 (C.D. Cal.

7    Sep. 16, 2019); *Eberle v. Jaguar Land Rover N. Am., LLC*, No. 2:18-cv-06650-VAP

8    (PLAx), 2018 WL 4674598, at *2 (C.D. Cal. Sept. 26, 2018) (collecting cases).

9         VGA has not offered any evidence whatsoever to support an award for civil

10   penalties, and thus, it is unable to establish in its Notice of Removal what civil

11   penalties might be imposed. VGA's Notice of Removal merely points to Plaintiff's

12   civil penalties claim in its Complaint and asserts that this alone is sufficient to

13   establish that the maximum amount of civil penalties should be included in the

14   amount in controversy.  "Simply assuming a civil penalty award is inconsistent with

15   the principle that the defendant must provide evidence that it is 'more likely than

16   not' that the amount in controversy requirement is satisfied.'" See *Makol v. Jaguar*

17   *Land Rover North America, LLC*, No. 18-cv-03414-NC, 2018 WL 3194424, at *3

18   (N.D. Cal., June 28, 2018) (remanding action to state court) (quotations and citation

19   omitted);  *Castillo v. FCA US LLC*, No. 19-cv-151-CAB-MDD, 2019 WL 6607006,

20   at *2 (S.D. Cal. Dec. 5, 2019) (remanding action to state court *sua sponte* and

21   reasoning in part that "[t]he civil penalty under California Civil Code § 1794(c)

22   cannot simply be assumed. While courts frequently treat the civil penalty under

23   Song-Beverly as a form of punitive damages that may be appropriately included in

24   an amount-in-controversy calculation, [the d]efendant has made no showing that

25   such a civil penalty is more likely than not to be awarded here.") (citing *Herko v.*

26   *FCA US, LLC*, 2019 WL 5587140, at *2 (S.D. Cal. Oct. 30, 2019)); see also

27   *Khachatryan v. BMW of N. Am., LLC,* No. CV 21-1290 PA (PDX), 2021 WL

28

-13-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO
SUPERIOR COURT OF CALIFORNIA

1  927266, at \*2 (C.D. Cal. Mar. 10, 2021); *Lopez*, 2019 WL 4450427, at \*2; *Eberle*,

2  2018 WL 4674598, at \*2.

3     Here, VGA has provided no evidentiary basis for the Court to evaluate civil

4  penalties for inclusion into the amount in controversy requirement.  VGA contends

5  that Plaintiff is seeking $60,316.74 in civil penalties.  Notice of Removal ¶16, Dkt.

6  No. 1, ECF p. 4.  This amount relies solely on an assumption that a jury would award

7  the maximum civil penalty based on another assumption that the jury would not take

8  into account the mileage offset or any other offsets.  These amounts for civil

9  penalties are speculative at best and amount to nothing more than an empty

10  presumption that Plaintiff will recover the maximum civil penalties permitted in

11  Plaintiff's Song-Beverly claims. At this stage, VGA has not shown that it is more

12  likely than not that civil penalties will be awarded at all.  VGA has failed to show

13  that the amount in controversy is met.

14     **C. VGA Fails to Meet Its Burden to Prove that the Amount in Controversy Requirement Is Satisfied by the Inclusion of Speculative Amounts of Attorneys' Fees**

15

16     A defendant may attempt to prove future attorneys' fees should be included

17  in the amount in controversy, but retains the burden of proving the amount of such

18  future attorneys' fees by a preponderance of the evidence.  *Fritsch v. Swift*

19  *Transportation Co. of Arizona, LLC*, 899 F.3d 785, 788, 794 (9th Cir. 2018).  In

20  *Brady v. Mercedes Benz USA, Inc.,* 243 F.Supp.2d 1004, 1011 (N.D.Cal. 2002), the

21  court included an estimate of future attorneys' fees in the amount in controversy, but

22  only because the parties had included both a declaration from plaintiff's counsel

23  stating his hourly rate and an estimate of fees incurred to date, and a declaration from

24  defendant's counsel detailing fee awards (not requests) in similar lemon law cases

25  to calculate the amount in controversy.  See *Sood*, 2021 WL 4786451 at \*6.

26     There is an insufficient showing for amount in controversy regarding

27  attorneys' fees where a "[d]efendant makes no effort to explain what amount of

28

-14-

attorney fees might be sought or awarded in this case, neglecting to include so much as an estimate of the hour or billing rates that might apply." *Vega*, 2021 WL 3771795, *4, *Garcia*, 2020 WL 4219614, *3; *Mahlmeister v. FCA US LLC,* No. CV-21-00564-ABA-FMX, 2021 WL 1662578, at *3 (C.D. Cal. Apr. 28, 2021); *Eberle*, 2018 WL 4674598, *3 (finding defendant's claim that it is unaware of plaintiff's hourly rate but anticipates the fees to be in excess of the "less than $5,000" amount stated in the plaintiff's motion insufficient); *Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1200 (N.D. Cal. 1998) (finding that a defendant failed to establish the amount in controversy when including attorneys' fees without estimating "the amount of time each major task will take," or varying the hourly billing rate for each task); *Kinneberg v. Ford Motor Co.,* No. CV-20-00865-ABF-FMX, 2020 WL 3397752, at *2 (C.D. Cal. June 18, 2020).

At no point does VGA explain what amount of fees might be awarded here should Plaintiff even prevail; how it determined what attorney's fees in this action will be or why they should be considered by this Court as part of the amount in controversy; what factors about this specific case make an award of attorneys' fees more likely than not; or how or what other similar cases have resulted in fees that satisfy the amount in controversy.  VGA cites two cases, one federal and one state, in which attorneys' fees and costs were awarded to a different law firm against a different manufacturer.  Notice of Removal ¶17, Dkt. No. 1, ECF pp 4-5.  In *Goglin v. BMW of North America, LLC,*[2] 4 Cal.App.5th 462, 470 (2016), the Court of Appeal upheld a superior court award of over $185,000 in attorneys' fees and costs against the manufacturer and dealership defendants after extensive litigation.  In *Gezalyan v. BMW of North America, LLC,*[3] 697 F.Supp.2d 1168, 1171 (C.D. Cal.

---

[2] Incorrectly cited in VGA's Notice of Removal as *Goglin v. Volkswagen Group of America, Inc.*

[3] Incorrectly cited in VGA's Notice of Removal as *Gezalyan v. Volkswagen Group of America, Inc.*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO
SUPERIOR COURT OF CALIFORNIA

1    2010), the district court approved an award of over $58,000 in attorneys' fees and

2    costs against the defendant manufacturer after extensive litigation. VGA provides

3    no evidence that would show these two cases to be similar in any material way to

4    the instant case.

5         Indeed, Plaintiff can cite to a wealth of cases in which considerably smaller

6    amounts were awarded, between $2,500 and $9,500 in attorneys' fees, costs and

7    expenses, where the plaintiffs were successful in getting their money back or more.

8    See Declaration of Phil A Thomas, ¶¶ 4-11, Exh. A-G (*Chavez v. Ford Motor

9    Company,* No. 5:18-cv-02215-MCS-KK (C.D. Cal. 2021) [attorneys' fees, costs and

10   expenses resolving for $2,500 despite seven depositions of plaintiff and Ford

11   dealership personnel and written discovery]; *Arriaga v. FCA US, LLC,* No.

12   PSC2004169, Riverside County (2021) [attorneys' fees, costs and expenses

13   resolving for $7,500]; *Velasquez v. FCA US, LLC,* No. 2:21-cv-05092-JFW-AGR

14   (C.D. Cal. 2021) [attorneys' fees, costs and expenses resolving for $8,250]; *Luna v.

15   FCA US. LLC,* No. 2:21-cv-07140-AB (JPRx) (C.D. Cal. 2021) [attorneys' fees,

16   costs and expenses resolving for $4,500]; *Garay v. Ford Motor Company,* No. 5:21-

17   cv-01200-SB-SHK (C.D. Cal. 2021) [attorneys' fees, costs and expenses resolving

18   for $2,500 despite five depositions of plaintiff and Ford dealership personnel and

19   written discovery]; *Valdez v. FCA US, LLC,* No. 2:21-cv-06318-FLA-JEM (C.D.

20   Cal. 2021) [attorneys' fees, costs and expenses resolving for $5,500]; *Aguilar v. FCA

21   US, LLC,* No. 2:21-cv-05813-AB (Asx) (C.D. Cal. 2021) [attorneys' fees, costs and

22   expenses resolving for $5,500]; *Valle v. FCA,* No. 5:21-cv-01131-JWH-SHKx (C.D.

23   Cal. 2022) [attorneys' fees, costs and expenses resolving for $9,500]).

24        "While a defendant may meet its burden to establish a reasonable estimate of

25   attorneys' fees by identifying awards in other cases, those cases *must be similar

26   enough to the case at hand* that the court can conclude that it is more likely than not

27   that the plaintiff may incur a similar fee award." *Kaplan v. BMW of North America,*

28
                                          -16-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO
SUPERIOR COURT OF CALIFORNIA

1 *LLC,* No. 21-CV-857 TWR (AGS), 2021 WL 4352340 *6 (S.D. Cal. Sept. 24, 2021)

2 (emphasis added).  VGA offers no evidence that would show the instant case to be

3 more similar to the cases it cites for showing attorneys' fees than to the cases Plaintiff

4 cites above with regard to a potential award of attorneys' fees.  Absent any such

5 evidence, attorneys' fees are entirely speculative and cannot form the basis of an

6 amount-in-controversy determination in this action.

7 **V.     CONCLUSION**

8      For the foregoing reasons, Plaintiff respectfully requests that this case be

9 remanded to California Superior Court because VGA has failed to meet its burden

10 for removal.

11

12 Dated:      May 18, 2022                    **KNIGHT LAW GROUP LLP**

13

14                                            */s/ Phil A Thomas*
                                             Scot D. Wilson (SBN 223367)
15                                           Daniel Kalinowski (SBN 305087)
                                             Phil A Thomas (SBN 248517)
16                                           Attorneys for Plaintiff,
                                             JESSICA RAMIREZ
17

18

19

20

21

22

23

24

25

26

27

28                                       -17-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO
SUPERIOR COURT OF CALIFORNIA