1

2

3

4

5

**Squire Patton Boggs (US) LLP**
Sean P. Conboy, No. 214487
   sean.conboy@squirepb.com
Anthony P. Greco, No. 296398
   anthony.greco@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, CA 90071
Telephone:  +1 213.624.2500
Facsimile:   +1 213.623.4581

6

7

Attorneys for Defendant
Volkswagen Group of America, Inc.

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

17

18

19

20

21

22

JESSICA RAMIREZ,

               Plaintiff,

      v.

VOLKSWAGEN GROUP OF
AMERICA, INC., a New Jersey
Corporation; and DOES 1 through 10,
inclusive

             Defendants.

Case No. 5:22-cv-00734-MWF-MRW

*Assigned for all purposes to the
Honorable Michael W. Fitzgerald*

(Removed from Superior Court of
California, County of Riverside, Case
No. CVPS2201041)

**DECLARATION OF ANTHONY
P. GRECO IN SUPPORT OF
VOLKSWAGEN GROUP OF
AMERICA, INC.'S OPPOSITION
TO PLAINITFF'S MOTION FOR
REMAND TO SUPERIOR
COURT OF CALIFORNIA**

Date:     June 27, 2022
Time:    10:00 a.m.
Place:    Courtroom 5A

Action filed March 16, 2022

23

24

25

26

27

28

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

DECLARATION OF ANTHONY P. GRECO
IN SUPPORT OF DEFENDANT VWGOA'S
OPPOSITION TO REMAND
*Case No.* 5:22-CV-00734-MWF-MRW

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

I, Anthony P. Greco, declare as follows:

1.     I am an attorney admitted to practice before all Courts of the State of California and the Central District Court.  I am associated with Squire Patton Boggs (US) LLP, attorneys of record for Volkswagen Group of America, Inc. ("VWGoA").  This Declaration is offered in support of VWGoA's Opposition to Plaintiff's Motion for Remand to California Superior Court.  I have personal knowledge of all the facts set forth herein, and if called upon to do so by the Court, could and would testify competently thereto.  As to those matters stated upon information and belief, I am informed and believe such matters to be true.

2.     In meeting and conferring with Plaintiff's counsel in advance of Plaintiff's Motion for Remand, Defendant offered to agree to the remand of the case if Plaintiff would stipulate the total amount of controversy in this case including attorneys' fees did not exceed $75,000.00.  Plaintiff's counsel refused.  A true and correct copy of the e-mail thread containing my correspondence and Plaintiff's response to it is attached hereto as Exhibit A.

3.     For ease of reference for the Court, attached hereto as Exhibit B is a true and correct copy of the lease agreement for Plaintiff's vehicle, which is a duplicate of the copy attached to Defendant's Notice of Removal.

4.     Attached hereto as Exhibit C is a true and correct copy of the Declaration of Steve B. Mikhov in support of Plaintiff's Motion for Attorney's Fees and Costs in the *Anderson v. Mercedes-Benz USA, LLC* matter.  The excerpted exhibits referenced by Mr. Mikhov and related to fee motion awards to Knight Law Group (or O'Connor & Mikhov, LLP, Knight Law Group's predecessor entity [see ¶ 8 of Exhibit C] are attached for the Court's reference).

5.     Attached as Exhibit D is a true and correct copy of the Declaration of Steve B. Mikhov in support of Plaintiff's Motion for Attorney's Fees and Costs in the *Hanna v. Mercedes-Benz USA, LLC* matter.

010-9390-4748/1/AMERICAS
Include Firm Confidential

DECLARATION OF ANTHONY P. GRECO
IN SUPPORT OF DEFENDANT VWGOA'S
OPPOSITION TO REMAND
*Case No.* 5:22-cv-00734-MWF-MRW

6.      Attached hereto as Exhibit E is a true and correct copy of the Declaration of Steve B. Mikhov in support of Plaintiff's Motion for Attorney's Fees and Costs in the *Patel v. Mercedes-Benz USA, LLC* matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 6th day of June, 2022 at Los Angeles, California

/s/ Anthony P. Greco_____
Anthony P. Greco

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

DECLARATION OF ANTHONY P. GRECO
IN SUPPORT OF DEFENDANT VWGOA'S
OPPOSITION TO REMAND
*Case No.* 5:22-cv-00734-MWF-MRW

010-9390-4748/1/AMERICAS
Include Firm Confidential

# EXHIBIT A

**Greco, Anthony P.**

| | |
|---|---|
| **From:** | Phil Thomas <PhilT@knightlaw.com> |
| **Sent:** | Wednesday, May 11, 2022 3:38 PM |
| **To:** | Greco, Anthony P. |
| **Cc:** | Conboy, Sean; Daniel Kalinowski; Eric Martinez; Norman Little |
| **Subject:** | [EXT] RE: Jessica Ramirez v VGA meet and confer re motion to remand |

**\* EXTERNAL EMAIL \***

Tony

Plaintiff is not willing to stipulate to that, but it can't hurt to ask.

Thanks


Phil Thomas
KNIGHT LAW GROUP, LLP
10250 Constellation Blvd, Suite 2500
Los Angeles, CA 90067
T 310.552.2250 | F 310.552.7973
PhilT@knightlaw.com | Knight Law Group

WARNING: This email contains information from Knight Law Group, LLP that may be proprietary, confidential or protected under the attorney-client privilege or work-product doctrine. This email is intended only for the use of the named recipient. If you are not the intended recipient named above, you are strictly prohibited from reading, disclosing, copying, or distributing this email or its contents, and from taking any action in reliance on the contents of this email. If you received this email in error, please delete this message and respond immediately by email to the author or call 310-552-2250.

---

**From:** Greco, Anthony P. <anthony.greco@squirepb.com>
**Sent:** Wednesday, May 11, 2022 3:32 PM
**To:** Phil Thomas <PhilT@knightlaw.com>
**Cc:** Conboy, Sean <sean.conboy@squirepb.com>; Daniel Kalinowski <Danielk@knightlaw.com>; Eric Martinez <EricM@knightlaw.com>; Norman Little <normanl@knightlaw.com>
**Subject:** RE: Jessica Ramirez v VGA meet and confer re motion to remand


**\* EXTERNAL EMAIL \***

Hi Phil, I suppose I should at least inquire . . . if Plaintiff is willing to stipulate that she will not seek recovery of damages including civil penalties, incidental damages, consequential damages, and attorney's fees and costs beyond $75,000.00 in this matter, Defendant would be willing to stipulate to remand and you can avoid the Motion.

Please let me know if Plaintiff is agreeable.

-Tony

**From:** Phil Thomas <PhilT@knightlaw.com>
**Sent:** Monday, May 9, 2022 5:29 PM
**To:** Greco, Anthony P. <anthony.greco@squirepb.com>
**Cc:** Conboy, Sean <sean.conboy@squirepb.com>; Daniel Kalinowski <Danielk@knightlaw.com>; Eric Martinez
<EricM@knightlaw.com>; Norman Little <normanl@knightlaw.com>
**Subject:** [EXT] RE: Jessica Ramirez v VGA meet and confer re motion to remand [I-AMS.FID4920681]

### * EXTERNAL EMAIL *

That was my understanding as well.  Thanks.

Phil Thomas
KNIGHT LAW GROUP, LLP
10250 Constellation Blvd, Suite 2500
Los Angeles, CA 90067
T 310.552.2250 | F 310.552.7973
PhilT@knightlaw.com | Knight Law Group

WARNING: This email contains information from Knight Law Group, LLP that may be proprietary, confidential or protected under the
attorney-client privilege or work-product doctrine. This email is intended only for the use of the named recipient. If you are not the
intended recipient named above, you are strictly prohibited from reading, disclosing, copying, or distributing this email or its
contents, and from taking any action in reliance on the contents of this email. If you received this email in error, please delete this
message and respond immediately by email to the author or call 310-552-2250.

**From:** Greco, Anthony P. <anthony.greco@squirepb.com>
**Sent:** Monday, May 9, 2022 5:27 PM
**To:** Phil Thomas <PhilT@knightlaw.com>
**Cc:** Conboy, Sean <sean.conboy@squirepb.com>; Daniel Kalinowski <Danielk@knightlaw.com>; Eric Martinez
<EricM@knightlaw.com>; Norman Little <normanl@knightlaw.com>
**Subject:** RE: Jessica Ramirez v VGA meet and confer re motion to remand [I-AMS.FID4920681]

### * EXTERNAL EMAIL *

Hi Phil:

I meant to send you this Friday, but just memorializing we did confer telephonically.  I understand Plaintiff's position is
that the case does not meet the jurisdictional amount for removal but we respectfully disagree and believe the
authorities we've referenced provide a sufficient basis to justify it.

-Tony

**From:** Greco, Anthony P.
**Sent:** Thursday, May 5, 2022 1:32 PM
**To:** 'Phil Thomas' <PhilT@knightlaw.com>
**Cc:** Conboy, Sean <sean.conboy@squirepb.com>; Daniel Kalinowski <Danielk@knightlaw.com>; Eric Martinez

<EricM@knightlaw.com>; Norman Little <normanl@knightlaw.com>
**Subject:** RE: RE: Jessica Ramirez v VGA meet and confer re motion to remand

Oh wow.  Sounds like a blast over there.

Tomorrow is fine too.  I have a couple calls in the morning but can probably do any time after noon.  Just give me a call sometime in the afternoon.  If I don't pick up, I'll likely be able to call you back within 15 minutes, so leave a number/extension and I'll get back to you promptly.

-Tony

**From:** Phil Thomas <PhilT@knightlaw.com>
**Sent:** Thursday, May 5, 2022 1:25 PM
**To:** Greco, Anthony P. <anthony.greco@squirepb.com>
**Cc:** Conboy, Sean <sean.conboy@squirepb.com>; Daniel Kalinowski <Danielk@knightlaw.com>; Eric Martinez <EricM@knightlaw.com>; Norman Little <normanl@knightlaw.com>
**Subject:** [EXT] RE: RE: Jessica Ramirez v VGA meet and confer re motion to remand

### * EXTERNAL EMAIL *

Looks like my deposition will run to at least 4.  Do you have time tomorrow?

Phil Thomas
KNIGHT LAW GROUP, LLP
10250 Constellation Blvd, Suite 2500
Los Angeles, CA 90067
T 310.552.2250 | F 310.552.7973
PhilT@knightlaw.com | Knight Law Group

WARNING: This email contains information from Knight Law Group, LLP that may be proprietary, confidential or protected under the attorney-client privilege or work-product doctrine. This email is intended only for the use of the named recipient. If you are not the intended recipient named above, you are strictly prohibited from reading, disclosing, copying, or distributing this email or its contents, and from taking any action in reliance on the contents of this email. If you received this email in error, please delete this message and respond immediately by email to the author or call 310-552-2250.

**From:** Greco, Anthony P. <anthony.greco@squirepb.com>
**Sent:** Thursday, May 5, 2022 7:32 AM
**To:** Phil Thomas <PhilT@knightlaw.com>
**Cc:** Conboy, Sean <sean.conboy@squirepb.com>; Daniel Kalinowski <Danielk@knightlaw.com>; Eric Martinez <EricM@knightlaw.com>; Norman Little <normanl@knightlaw.com>
**Subject:** Re: RE: Jessica Ramirez v VGA meet and confer re motion to remand

### * EXTERNAL EMAIL *

Hi Phil, I'm free between 2 and 4. My cell is 310.499.3272. Give me a call.

-Tony

On May 5, 2022, at 7:08 AM, Phil Thomas <PhilT@knightlaw.com> wrote:

**\* EXTERNAL EMAIL \***

Counsel

Following up on this.  My availability today is limited but I can speak most any time tomorrow.

Phil Thomas
KNIGHT LAW GROUP, LLP
10250 Constellation Blvd, Suite 2500
Los Angeles, CA 90067
T 310.552.2250 | F 310.552.7973
PhilT@knightlaw.com | Knight Law Group

WARNING: This email contains information from Knight Law Group, LLP that may be proprietary, confidential or protected under the attorney-client privilege or work-product doctrine. This email is intended only for the use of the named recipient. If you are not the intended recipient named above, you are strictly prohibited from reading, disclosing, copying, or distributing this email or its contents, and from taking any action in reliance on the contents of this email. If you received this email in error, please delete this message and respond immediately by email to the author or call 310-552-2250.

---

**From:** Phil Thomas
**Sent:** Tuesday, May 3, 2022 7:55 AM
**To:** 'sean.conboy@squirepb.com' <sean.conboy@squirepb.com>; 'anthony.greco@squirepb.com' <anthony.greco@squirepb.com>
**Cc:** Daniel Kalinowski <Danielk@knightlaw.com>; Eric Martinez <EricM@knightlaw.com>; Norman Little <normanl@knightlaw.com>
**Subject:** Jessica Ramirez v VGA meet and confer re motion to remand

Counsel

Plaintiffs intend to move for remand in this matter shortly.  Local rules require that we meet and confer regarding this motion prior to filing.  I am available any time today to speak by phone.  If today does not work please suggest a time later in the week.

Thank you

------------------------------------------------------------------

45 Offices in 20 Countries

This message is confidential and may be legally privileged or otherwise protected from disclosure. If you are not the intended recipient, please telephone or email the sender and delete this message and any attachment from your system; you must not copy or disclose the contents of this message or any attachment to any other person.

For information about how Squire Patton Boggs processes UK and EU personal data that is subject to the requirements of applicable data protection laws, please see our Privacy Notice regarding the processing of UK and EU personal data about clients and other business contacts at www.squirepattonboggs.com.

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities. Please visit www.squirepattonboggs.com for more information.

#US
------------------------------------------------------------------

# EXHIBIT B

(WITH ARBITRATION PROVISION)

Lease Date:

| Lessor Name and Business Address | Lessee Name and Address | Co-Lessee Name and Address |
|---|---|---|
| VOLKSWAGEN OF PALM SPRING 67909 E Palm Canyon Dr Cathedral City, CA 92234 | JESSICA S RA 29500 HIGHWA MOUNTAIN CENTER, CA 92561 County: RIVERSIDE | N/A County: N/A |

| Lessee Billing Address (if different than above) | Vehicle Garaging Address (if different than above) |
|---|---|
| PO BOX 3241 IDYLLWILD, CA. 92549 | N/A Principal Driver: (if business use) County: |

In this Lease, "you" and "your" mean the lessee and co-lessee. "We," "us" and "our" mean the Lessor named above, and any assignee of this Lease.

☑ If this box is checked, Lessor will assign this Lease and sell the vehicle to **VW Credit Leasing, Ltd.** ("Assignee") and **VW Credit, Inc.** helped arrange this Lease. The terms, conditions, and disclosures in this Lease govern your Lease with us. Each of you who signs the Lease is jointly and severally liable to us for all Lease obligations. You are leasing the Vehicle described below (the "Vehicle") from us. You agree to pay all amounts due under the Lease and fulfill all your obligations under the Lease. In this Lease, "e" means an estimate. The Consumer Leasing Act Disclosures shown below are also terms of this Lease. You are leasing the Vehicle and have no ownership rights in the Vehicle unless you exercise your purchase option.

**Monthly Payment Lease:** If your payment schedule shows monthly scheduled payments in Item 3A, your Lease is a monthly payment lease.

**Single Payment Lease:** If your payment schedule shows a single scheduled payment in Item 3B, your Lease is a single payment lease.

### 1. The Vehicle

| New/Used | Year | Make | Model | Body Style | Vehicle ID # | Odometer | Primary Use Personal, unless otherwise indicated below |
|---|---|---|---|---|---|---|---|
| NEW | 2019 | VOLKSWAGEN | ATLAS | 3.6L V6 SE | 1V2LR2CA0KC535638 | 505 | ☐ business ☐ agricultural |

### CONSUMER LEASING ACT DISCLOSURES

| 2. Amount Due at Lease Signing or Delivery (Itemized in Item 6) | 3. Scheduled Payments | 4. Other Charges (not part of your scheduled payment) | 5. Total of Payments (The amount you will have paid by the end of the Lease) |
|---|---|---|---|
| $ 2,000.00 | A. Your first monthly payment of $ 590.71 is due on 01/29/20 followed by 47 monthly payments of $ 590.71, due on the 1 of each month. B. Your single payment of $ N/A is due on C. The Total of your Scheduled Payments is $ 28,354.08 | A. Disposition fee (if you do not purchase the Vehicle and we do not waive the fee under Item 25(i)) $ 395.00 B. N/A $ N/A C. N/A $ N/A D. Total $ 395.00 | $ 30,158.37 (2 + 3C + 4D − 6A3 − 6A4 − 6A5) |

### 6. Itemization of Amount Due at Lease Signing or Delivery

| A. Amount Due at Lease Signing or Delivery: | | B. How the Amount Due at Lease Signing or Delivery will be paid: | |
|---|---|---|---|
| 1. Capitalized cost reduction | $ 731.28 | 1. Net trade-in allowance | $ N/A |
| 2. Taxes on capitalized cost reduction | $ 56.67 | | |
| 3. First monthly payment | $ 590.71 | 2. Rebates and noncash credits | $ N/A |
| 4. Single scheduled payment | $ N/A | | $ 2,000.00 |
| 5. Refundable security deposit | $ N/A | 3. Amount to be paid in cash | $ N/A |
| 6. Lease acquisition fee | $ 381.00 | | |
| 7. Vehicle license fees | $ 140.00 | 4. Other N/A | $ N/A |
| 8. Registration, transfer, and titling fees | $ 6.59 | | $ 2,000.00 |
| 9. Sales/use tax | $ 85.00 | 5. Total | $ 2,000.00 |
| 10. Document processing charge (not a governmental fee) | $ N/A | | |
| 11. Electronic vehicle registration or transfer charge (not a governmental fee) | $ 8.75 | | |
| 12. California tire fee | $ N/A | | |
| 13. N/A | $ N/A | | |
| 14. N/A | $ N/A | | |
| 15. Total | $ 2,000.00 | | |

### 7. Your scheduled payment is determined as shown below:

A. **Gross capitalized cost.** The agreed upon value of the Vehicle ($ 35,500.00 ) and any items you pay over the Lease term (such as service contracts, insurance, and any outstanding prior credit or lease balance). $ 41,323.00

B. **Capitalized cost reduction.** The amount of any net trade-in allowance, rebate, noncash credit, or cash you pay that reduces the gross capitalized cost. − $ 731.28

C. **Adjusted capitalized cost.** The amount used in calculating your base scheduled payment. = $ 40,591.72

D. **Residual value.** The value of the Vehicle at the end of the Lease used in calculating your base scheduled payment. − $ 19,120.80

E. **Depreciation and any amortized amounts.** The amount charged for the Vehicle's decline in value through normal use and for other items paid over the Lease term. = $ 21,470.92

F. **Rent charge.** The amount charged in addition to the depreciation and any amortized amounts. + $ 4,843.64

G. **Total of base scheduled payments.** The depreciation and any amortized amounts plus the rent charge. = $ 26,314.56

H. **Lease payments.** The number of payments in your Lease. ÷ 48

I. **Base scheduled payment.** = $ 548.22

J. **Sales/use tax (e).** + $ 42.49

K. **Total Scheduled Payment.** = $ 590.71

**Early Termination.** You may have to pay a substantial charge if you end this Lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the Lease is terminated. The earlier you end the Lease, the greater this charge is likely to be.

8. **Excessive Wear and Use.** You may be charged for excessive wear based on our standards for normal use and for mileage in excess of 10,000 miles per year at the rate of $ .20 per mile.

9. **Purchase Option at End of Lease Term.** You have an option to purchase the Vehicle at the end of the Lease term for $ 19,120.80 plus a purchase option fee of $ N/A . The purchase option price does not include official fees such as those for taxes, tags, licenses and registration.

10. **Other Important Terms.** See your Lease documents for additional information on early termination, purchase options, maintenance responsibilities, warranties, late and default charges, insurance, and any security interest, if applicable.

### 11. Itemization of Gross Capitalized Cost

| A. Agreed upon value of the Vehicle as equipped at Lease signing | $ 35,500.00 | G. Document processing charge (not a governmental fee) | $ N/A |
|---|---|---|---|
| B. Agreed upon value of each accessory and item of optional equipment we agree to add to the Vehicle after Lease signing (describe) | | H. Electronic vehicle registration or transfer charge (not a governmental fee) | $ N/A |
| N/A | $ N/A | I. California tire fee | $ N/A |
| N/A | $ N/A | J. Prior Credit or Lease Balance | $ 4,053.00 |
| N/A | $ N/A | Optional Products and Services: | |
| N/A | $ N/A | K. N/A | $ N/A |
| | | L. N/A | $ N/A |
| C. Vehicle license fees | $ N/A | M. VW EXCESS WEAR | $ 1,095.00 |
| D. Registration, transfer, and titling fees | $ N/A | N. N/A | $ N/A |
| E. Lease acquisition fee | $ 675.00 | O. N/A | $ N/A |
| F. Sales/use tax | $ N/A | P. Total Gross Capitalized Cost: | $ 41,323.00 |

### 12. The Trade-In Vehicle

| Year | 2016 | | B. Prior Credit or Lease Balance | – $ | 11,553.00 |
| Make | JETTA SEDAN | | C. Net Trade-In Allowance (If less than 0 then enter 0) | = $ | 0.00 |
| Model | | | | | |

**IF YOU DO NOT MEET YOUR OBLIGATIONS UNDER THIS LEASE, WE MAY RETAKE THE VEHICLE.**

**13. Official Fees and Taxes.** The total amount you will pay for official and license fees, registration, title and taxes over the term of your Lease, whether included in your scheduled monthly payments or assessed otherwise: $ ____5,362.53____ (e). The actual total of fees and taxes may be different than this estimate based on changes in the tax or fee rates and the value of the Vehicle when the fee or tax is determined.

**14. Late Payments.** For any payment not received within ___10___ days of the date it is due, you will pay a late charge of: __5% OF THE UNPAID____ ____AMOUNT OF THE PAYMENT____

You will not have to pay a late charge if the only amount that is late is a late charge you owed for an earlier late payment.

**15. Returned Payment and Unpaid Fines and Fees.** You will also pay a returned payment charge of $ ____15.00____ for any check, instrument or electronic funds debit that is returned unpaid for any reason, if the law allows it. If you don't pay a fine, penalty, toll, or parking ticket and we elect to pay it, you will reimburse us for the amount paid plus a $ ____25.00____ Administrative Fee per incident, if the law allows it.

**16. Warranties.** The Vehicle is subject to the manufacturer's standard warranty, unless this box is checked: ☐

☐ If this box is checked, the Vehicle is subject to the following express warranties:
____N/A____
____N/A____
____N/A____

Warranty papers that are separate from this Lease state any coverage limits. The law gives you a warranty that the Vehicle conforms to the description in this Lease. **THERE ARE NO OTHER EXPRESS WARRANTIES ON THE VEHICLE.**

Except as provided above or prohibited by law, the following two sentences apply. **THE VEHICLE IS BEING LEASED 'AS IS' AND 'WITH ALL FAULTS', AND THE ENTIRE RISK AS TO THE QUALITY AND PERFORMANCE OF THE VEHICLE IS WITH YOU. SHOULD THE VEHICLE PROVE DEFECTIVE FOLLOWING DELIVERY PURSUANT TO THIS LEASE, YOU, NOT THE LESSOR, ASSUME THE ENTIRE COST OF ALL NECESSARY SERVICING OR REPAIR.**

If the Vehicle is subject to the manufacturer's standard warranty, if we make a written warranty covering the Vehicle or, within 90 days of the Lease Date we enter into a service contract covering the Vehicle, this disclaimer will not affect any implied warranties during the term of the warranty or service contract.

### 17. OPTIONAL PRODUCTS AND SERVICES

You are not required to buy any of the following optional products and services to enter into the Lease. The term of any product or service will be the Lease term, unless a different term is shown below. If any charges you want to purchase an optional product or service, review the terms of the contract that describe the product or service before you initial below. A completed shown below is not shown as part of the Itemization of Amount Due at Lease Signing or Delivery (Item 6), it has been added to the Gross Capitalized Cost (Item 11).

| Optional Product or Service | Coverage | Price | Name of Provider | Approval |
|---|---|---|---|---|
| N/A | N/A | N/A | N/A | Lessee Initials N/A |
| N/A | N/A | N/A | N/A | Lessee Initials N/A |
| WEAR CARE | 48 / 40,000 | 1,095.00 | VW EXCESS WEAR | Lessee Initials J.R. |
| N/A | N/A | N/A | N/A | Lessee Initials |
| N/A | N/A | N/A | N/A | Lessee Initials N/A |

### 18. EXTRA MILEAGE

You are purchasing ___N/A___ extra miles per year at a rate of $ ___N/A___ per mile. The extra miles are included in the amount shown in Item 8 "Excessive Wear and Use." ☐ If this box is checked, you will receive a credit for unused purchased extra miles if this Lease ends on or after the start of the last monthly period (see Item 20A). This credit will equal ___N/A___ cents per purchased unused mile times each mile under ___N/A___, up to the ___N/A___ total extra miles you purchased. You will not receive this credit for unused purchased miles if this Lease ends before the start of the last monthly period, the Vehicle is destroyed, you purchase the Vehicle, or you are in default.

### 19. TYPES AND AMOUNTS OF REQUIRED INSURANCE COVERAGE

You must maintain the following types and minimum amounts of insurance: $ 5,000.00 per person for bodily injury; $ 30,000.00 per accident for bodily injury; $ 000.00 per accident for property damage. If the minimum amounts of insurance required by the state in which the vehicle is garaged are higher than amounts stated in this Lease, you agree to maintain insurance that meets the minimum state requirements. You agree to maintain collision, fire, theft, and comprehensive coverage with a maximum deductible of $ 000.00 . See Item 25(a) for additional insurance provisions. You confirm that insurance policies that meet the requirements described in this Item are in force on the date of this Lease.

| **20. LAST MONTHLY PERIOD AND LEASE TERM** | **21. HOW THIS LEASE CAN BE CHANGED** |
|---|---|
| A. The start of the last monthly period for a monthly payment lease is the due date for the last monthly payment. For a single payment lease, the start of the last monthly period is the date that is one month before the scheduled lease end. | This Lease contains the entire agreement between you and us relating to this Lease. Any change to this Lease must be in writing and both you and we must sign it. No oral changes are binding. |
| B. The scheduled lease term is ___48___ months. | Lessee Signs X ____ <br> Co-Lessee Signs X ____ N/A |

### 22. EXCESS WEAR WAIVER

We will waive excess wear charges (Item 25(c)) in an amount up to $ ____ if, at the time this Lease ends, you enter into a motor vehicle lease or installment sale contract that dealer assigns to VW Credit Leasing, Ltd. or VW Credit, Inc. dba Volkswagen Credit and Audi Financial Services.

**NOTICE: THE OTHER SIDE OF THIS LEASE CONTAINS IMPORTANT TERMS AND CONDITIONS, INCLUDING AN ARBITRATION PROVISION. THE TERMS AND CONDITIONS ON THE REVERSE SIDE ARE PART OF THIS LEASE.**

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision, Item 26, on the reverse side of this Lease, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Lessee Signs X ____                    Co-Lessee Signs X ____ N/A

**Lessor's Right to Cancel.** If Lessor is unable to assign this Lease to a financial institution, the provisions of the Lessor's Right to Cancel section on the back giving the Lessor the right to cancel will apply.

### THERE IS NO COOLING OFF PERIOD

California law does not provide for a "cooling off" or other cancellation period for vehicle leases. Therefore, you cannot later cancel this lease simply because you change your mind, decided the vehicle costs too much, or wish you had acquired a different vehicle. You may cancel this lease only with the agreement of the lessor or for legal cause, such as fraud.

**Rent charge may be negotiable. Lessor may assign this Lease and retain a right to receive a portion of the rent charge.**

**(1)** Do not sign this Lease before you read it or if it contains any blank spaces to be filled in; **(2)** you are entitled to a completely filled in copy of this Lease; **(3)** Warning – Unless a charge is included in this Lease for public liability or property damage insurance, payment for that coverage is not provided by this Lease.

**YOU AGREE TO THE TERMS OF THIS LEASE. YOU ACKNOWLEDGE YOU HAVE EXAMINED THE VEHICLE, THAT THE VEHICLE IS EQUIPPED AS YOU WANT, AND THAT IT IS IN GOOD CONDITION. YOU ACCEPT THE VEHICLE FOR PURPOSES OF THE LEASE. YOU UNDERSTAND THAT YOU HAVE NO OWNERSHIP RIGHTS IN THE VEHICLE UNLESS YOU EXERCISE YOUR OPTION TO PURCHASE THE VEHICLE. YOU CONFIRM THAT YOU READ BOTH SIDES OF THIS LEASE, INCLUDING THE ARBITRATION PROVISION ON THE REVERSE SIDE (ITEM 26), BEFORE SIGNING BELOW. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED THIS LEASE.**

### LESSEE SIGNATURES

| Lessee Signature | Date 1/29/20 | Co-Lessee Signature N/A | Date |
|---|---|---|---|
| Type/Print Lessee Name JESSICA S RAMIREZ | | Type/Print Co-Lessee Name N/A | |
| Commercial Lessee N/A | Date | By N/A | |
| Type/Print Name N/A | | Type/Print Title N/A | |

### LESSOR'S ACCEPTANCE

The Lessor's authorized signature indicates the Lessor has accepted the terms, conditions and obligations of this Lease.

| Lessor Name VOLKSWAGEN OF PALM SPRINGS | By: |
|---|---|
| | Type/Print Name: |
| Assignee Name: VW Credit Leasing, Ltd. | Type/Print Title: |

EXHIBIT C

1  **O'CONNOR LAW GROUP, P.C.**
   Mark O'Connor, Esq. (SBN 157680)
2  Elizabeth A. Wagner, Esq. (SBN 317098)
   384 Forest Ave., Suite 17
3  Laguna Beach, CA 92651
   Tel: (949) 494-9090 | Fax: (949) 494-9913
4
   **KNIGHT LAW GROUP, LLP**
5  Steve B. Mikhov, Esq. (SBN 224676)
   10250 Constellation Blvd., Suite 2500
6  Los Angeles, CA 90067
   Tel: (310) 552-2250 | Fax: (310) 552-7973
7
8  Attorneys for Plaintiffs:      YOWANDALYN S. ANDERSON, and,
9                                 VERNON J. ANDERSON, SR.

10

11              **SUPERIOR COURT OF CALIFORNIA**

12        **COUNTY OF RIVERSIDE - SOUTHWEST JUSTICE CENTER**

13  **YOWANDALYN S. ANDERSON; and,**      Case No.  MCC1700556
    **VERNON J. ANDERSON, SR.,**          *Unlimited Jurisdiction*
14
15              Plaintiffs,              **DECLARATION OF STEVE B. MIKHOV**
                                         **IN SUPPORT OF PLAINTIFFS' MOTION**
16       vs.                             **FOR ATTORNEYS FEES PURSUANT TO**
                                         **CIVIL CODE § 1794(d)**
17  **MERCEDES-BENZ USA, LLC, a Delaware**
18  **Limited Liability Company; and, DOES 1**   **Hearing Date:    February 3, 2020**
    **through 10, inclusive,**                   **Hearing Time:   8:30 a.m.**
19                                               **Reservation ID:  RES96369**
              Defendants.
20                                       *Assigned to the Hon. Angel M. Bermudez,*
21                                       Dept. S302

22                                       Date Filed:      May 24, 2017
                                         Trial Date:      April 17, 2019
23

24

25              **DECLARATION OF STEVE B. MIKHOV**

26  I, STEVE B. MIKHOV, declare under penalty of perjury the following:

27  ///

28  ///

-0-

*Anderson, et. al., v. MBUSA*
DECLARATION OF STEVE B. MIKHOV IN SUPPORT OF MOTION FOR ATTORNEYS FEES

1.     I am an attorney at law duly licensed to practice before the courts of the State of California and one of the attorneys of record for Plaintiffs YOWANDALYN S. ANDERSON and VERNON J. ANDERSON, SR. (hereinafter "Plaintiffs") in the instant action.

2.     I have personal knowledge of the following facts and, if sworn as a witness, I could and would testify to them competently. I make this declaration in support of Plaintiffs' Motion for Attorney's Fees, Costs and Expenses.

3.     I attended law school at Pepperdine University and I was a judicial extern for Judge Gregory W. Alarcon of the Los Angeles County Superior Court in 2002.

4.     I have been admitted to the State Bar of California since April 29, 2003.

5.     Since my admission to the State Bar of California, I have specialized in consumer law. I originally worked for one of the largest consumer warranty law firms in the country, Consumer Legal Services.

6.     I have extensive experience prosecuting and resolving consumer protection matters involving motor vehicle claims. For the past fifteen years, I have specialized in breach of warranty and fraud cases against automobile manufacturers and dealers. I was among the attorneys who represented the plaintiff in *Joyce v. Ford Motor Co.* (2011) 198 Cal.App.4th 1478, a leading case which extended the protections of the Lemon Law to trucks based on actual weight, not maximum capacity.

7.     From April 2007 until April 2012, I was a founding partner in Romano, Stancroff & Mikhov, P.C. I was the Managing Partner of the firm until it was dissolved.

8.     In April 2012, I founded O'Connor & Mikhov, LLP, along with my partner Mark O'Connor. In 2017, O'Connor & Mikhov ("O&M") reformed as two separate law firms, becoming O'Connor Law Group ("OLG") and Knight Law Group ("KLG").

9.     My rate for this case was $550/hour. My billing entries are indicated by the initials "SBM" in the "KLG" billing statement included in the Compendium of Exhibits included with the instant motion for Attorney's Fees, Costs and Expenses.

10.     A true and correct copy of the "KLG" billing statement is attached as **Exhibit 39** to the Compendium of Exhibits included with the instant motion for Attorney's Fees, Costs & Expenses.

11.     Amy L. Morse is a partner at my firm and has been employed with the firm since her admission to the bar in 2013. Prior to her admission, she was a law clerk with my office since 2012. Ms. Morse graduated from Loyola Law School. Ms. Morse's billing rate is $350/hour. Ms. Morse's time entries are indicated by the initials "ALM" in the KLG billing statement included in the Compendium of Exhibits.

12.     Daniel Kalinowski was an Associate with the firm. He was admitted to practice in 2015. Mr. Kalinowski graduated from Chapman University School of Law and his billing rate was $250/hour. His prior professional experience includes business litigation, real estate litigation, and employment litigation. Mr. Kalinowski's time entries are indicated by the initials "DK" in the billing statement attached to this declaration.

13.     George Aguilar is an associate at KLG. He received his undergraduate degree from the University of California, Berkeley in 2011, and his law degree from the University of Maryland Carey School of Law in 2014. Mr. Aguilar was admitted to the California Bar in 2015 and spent his first year and a half practicing family law, criminal defense, personal injury and bankruptcy before joining my firm. Mr. Aguilar's billing rate is $275/hour. Mr. Aguilar's time entries are indicated by the initials "GA" in the billing statement exhibited to this declaration.

14.     George Semaan is an associate at my firm. He was admitted to the Bar in 2016 and joined my firm in 2017. Mr. Semaan graduated from Chapman University Fowler School of Law in 2016, and spent his first year practicing intellectual property, business and employment law. Mr. Semaan's billing rate is $225/hour. His time entries are indicated by the initials "GS" in the billing statement exhibited to this declaration.

15.     Kristina Stephenson-Cheang graduated from Western State University College of Law and was admitted to practice in 2008. Ms. Stephenson-Cheang has been employed with the firm since 2013. Prior to her employment at Knight Law Group, she worked for a different lemon law firm gaining valuable experience in this area of law. Ms. Stephenson-Cheang's billing rate is $375/hour. Ms. Stephenson-Cheang's time entries are indicated by the initials "KSC" in the KLG billing statement included in the Compendium of Exhibits.

///

-2-

*Anderson, et. al., v. MBUSA*
DECLARATION OF STEVE B. MIKHOV IN SUPPORT OF MOTION FOR ATTORNEYS FEES

16.     I am aware of the hourly rates of other attorneys in California who work in the area of lemon law and consumer law. I bill my time at a rate of $550/hour. A rate of $550/hour is reasonable, and consistent with other attorneys who litigate consumer matters and who have a comparable level of experience. A recent canvas of some of the community of attorneys who specialize in this area reveals the following hourly rates:

        a.  Hallen D. Rosner, of *Rosner, Barry & Babbitt*, in San Diego, California, has been practicing law since 1983 and specializes in consumer litigation with particular attention to auto financing issues. He charges $620/hour.

        b.  Bryan Kemnitzer, of *Kemnitzer, Anderson, Barron, Ogilvie & Brewer, LLP*, in San Francisco, California, charges $850/hour.

        c.  Michael Lindsey was admitted to the bar in 1993 and has been handling consumer law cases for nearly 15-years in San Diego, California. Mr. Lindsey's hourly rate is $625. Survey as of 2017. His previous rate of $575/hour was recently confirmed as reasonable in *Goglin v. BMW of North America* (2016) 4 Cal.App.5th 462, 473-74.

17.     All time billing entries were completed contemporaneously with each dated entry or near in time to the work performed. I have personally reviewed the billing entries to ensure that they appropriately reflect the time expended. I have removed or reduced any time I felt was excessive, duplicative, or otherwise, or I have done a "no charge" for it, as identified by the "N/C" in the invoice. In so doing, I have also taken into consideration the fact that trial counsel had to be substituted and then re-entered into the case. My firm does not bill clients for secretarial support staff time.

18.     An example of historical orders related to attorneys' fees and costs in similar matters is as follows:

        a.  On July 24, 2013, Judge Stern awarded fees at my rate of $350/hour in *Meuchel v. Ford Motor Company*, Los Angeles Superior Court, Case No.: BC481727. A copy of that order is included in the Compendium of Exhibits as **Exhibit 13**.

///

-3-

b.  On September 17, 2013, Judge Hiroshige awarded me fees that I requested at the rate of $350/hour in *Snell v. Ford Motor Company*, Los Angeles Superior Court, Case No.: BC471985. Judge Hiroshige also granted a lodestar multiplier of 1.5. A copy of that order is included in the Compendium of Exhibits as **Exhibit 14**.

c.  On January 5, 2015, Judge Reed in Tulare County confirmed the reasonableness of each our attorneys' 2014 hourly rates, including my $400 rate and Mr. Rosenstein's $450 rate. The Court awarded 90.4% of the fees requested in the matter of *Valencia v. Ford Motor Company*, Tulare County, Case No.: 252468. A copy of that order, confirming the hourly rates is included in the Compendium of Exhibits as **Exhibit 15**.

d.  On January 12, 2015, Judge Thompson awarded of $126,129.08 in fees and costs and expenses in the matter of *Thiessen v. Ford Motor Company* in Colusa County Superior Court, Case No.: CV23968. Judge Thompson reduced the hourly rates in light of the rural venue (there is one courtroom for the entire county) but added a multiplier of 1.25 that resulted in an award comprising almost every dollar of the $129,765.90 in fees and costs actually incurred in the case. A copy of that order is included in the Compendium of Exhibits as **Exhibit 16**.

e.  On September 9, 2015, Judge Alaron awarded 100% of the attorneys' fees and costs and expenses actually incurred in the case of *Helm v. Chrysler Group, LLC,* (Los Angeles County Superior Court, Case No.: BC519503) in the amount of $66,172.80, thereby confirming the reasonableness of the hourly rates requested and the reasonableness of the time incurred. A copy of that order is included in the Compendium of Exhibits as **Exhibit 17**.

f.  On October 27, 2015, Judge Howard awarded attorneys' fees and costs in the matter of *Wiessler v. Ford Motor Company* (Marin County Superior Court, Case No.: CV1303232) in the amount of $144.137.77. The court determined that counsel's fees were higher than rates charged by attorneys in the particular

-4-

community of Marin County and reduced the rates by 15%. However, the court also granted a lodestar multiplier of 1.5. A copy of that order is included in the Compendium of Exhibits as **Exhibit 18**.

g. On November 10, 2015, once again Judge Howard awarded attorneys' fees and costs in the matter of *Kran v. Ford Motor Company* (Marin County Superior Court, Case No.: CIV1302144) in the amount of $122,947.34. The court determined that counsel's fees were higher than rates charged by attorneys in the particular community of Marin County and reduced the rates by 15%. However, the court also granted a lodestar multiplier of 1.5. A copy of that order is included in the Compendium of Exhibits as **Exhibit 19**.

h. On December 1, 2015, Judge Goldsmith awarded 100% of the attorneys' lodestar fees and costs requested in the matter of *Yerbic v. Ford Motor Company* (San Francisco County Superior Court, Case No.: CGC-13-533092) in the amount of $73,995.00, thereby confirming the reasonableness of the hourly rates requested and the reasonableness of the time incurred. A copy of that order is included in the Compendium of Exhibits as **Exhibit 20**.

i. On December 21, 2015, Judge Melinda M. Reed issued a ruling directing the parties to meet and confer to come to an agreement in the case of *Wing v. Ford Motor Company* (Tulare County Superior Court, Case No. VCU253635). The parties came to an agreement whereby the award of attorney's fees and costs and expenses came to $115,405.60, which represented 90% of the lodestar fees requested. The award including my rate of $500 per our as was trial counsel, Rich Wirtz. Mid-level attorneys such as Lauren Ungs and Kristina Stephenson-Cheang, Joshua Sams and Erin Barnes were granted rates of $350 to $400 per hour. A copy of that order is included in the Compendium of Exhibits as **Exhibit 21**.

j. On June 6, 2016, Judge Johnson expressly confirmed the reasonableness of O'Connor & Mikhov's hourly rates and awarded 90% of the attorney's loadstar fees in the amount of $50,541.00, in addition to $2,634.80 in costs in the case of *Perez*

*v. Chrysler Group, LLC,* (Los Angeles Superior Court, Case No.: BC528217). A copy of that order is included in the Compendium of Exhibits as **Exhibit 22**.

k.  On August 2, 2016, Judge Teresa A. Beaudette awarded 100% of the requested fees, costs and expenses in the matter of *Lepe v. Chrysler Group, LLC,* (Los Angeles Superior Court, Case No. BC556273) for the total of $74,712.10. Judge Beaudette determined the requested hourly rates were reasonable and found that the work performed in the matter was reasonable. The requested rates ranged from $650/hour for trial counsel, Bryan Altman, to $500/hour for my rate, to $450/hour for senior attorney Joel Elkins to $200 to $350 per hour for associates ranging from 1 year to 5 years of legal experience in California. A copy of that order is included in the Compendium of Exhibits as **Exhibit 23**.

l.  On August 22, 2016, Judge John T. Doyle ruled that the hourly rates were reasonable and likewise ruled the work performed in that case was also reasonable. He also awarded 100% of the requested lodestar fees and costs in the case entitled *Baca v. Chrysler Group, LLC,* (Los Angeles Superior Court, Case No. BC566511). The court ruled that the time entries were reasonable as well as the hourly rates were reasonable, including the rate of $500/hour for myself and senior trial counsel, Michael Rosenstein, $300 to $350 per hour for attorneys Lauren Ungs, Roger Kirnos, Chris Swanson, Kevin Van Hout and Constance Morrison, and $200 to $250 per hour for attorneys Stephanie Marshall, Michael Ouziel, Daisy Ortiz and Amy Morse. A copy of that order is included in the Compendium of Exhibits as **Exhibit 24**.

m.  On December 5, 2016, Judge Colleen K. Sterne in Santa Barbara ruled that the hourly rates and the amount of the work performed were both reasonable and granted 150% of the firm's lodestar fee request in the matter of *Holzer v. Ford Motor Company* (Santa Barbara County Superior Court, Case No. 15CV02771). The court granted a multiplier of 1.5, for a total award of fees, costs and expenses in the amount of $143,301.69. The court found the hourly

1    rates of my firm ranging from $500/hour for my rate to $250/hour for the lowest

2    billing attorneys were reasonable. The court also found that trial counsel,

3    Sepehr Deghighian's, hourly rate of $400/hour was reasonable. A copy of that

4    order is included in the Compendium of Exhibits as **Exhibit 25**.

5    n.   On February 28, 2017, Judge Ernest M. Hiroshige in Los Angeles County

6    Superior Court awarded 100% of the requested fees in the matter of *Dorfman*

7    *v. BMW of North America, LLC,* (Los Angeles Superior Court, Case No.

8    BC538183) for a total attorney fee award (not including costs) of $47,732.50.

9    Therefore, the court confirmed the reasonableness of the time expended as well

10   as the reasonableness of the hourly rates requested, which were $500 for my

11   rate and the rate of senior trial counsel, Rich Wirtz, $300 to $350 per hour for

12   middle level attorneys such as Lauren Ungs, Kristina Stephenson-Cheang,

13   Kevin Van Hout, and contract attorney/"of counsel" Constance Morrison, and

14   $200 to $250 per hour for the younger associates, such as Daisy Ortiz, Amy

15   Morse, Stephanie Marshall and Michael Ouziel a copy of that order is included

16   in the Compendium of Exhibits as **Exhibit 26**.

17   o.   On March 17, 2017, in the matter of *Page v. Kia Motors America, Inc.,* (San

18   Diego Superior Court, Case No. 37-2014-00023991-CU-BC-CTL), Judge

19   Eddie C. Sturgeon granted an award of attorney's fees, costs and expenses in

20   the amount of $271,077.16 in a case in which our clients prevailed at trial. Judge

21   Sturgeon ruled that the hourly rates were reasonable, including trial counsel's,

22   Bryan Altman, rate of $650/hour and Roger Kirnos' rate of $375/hour. The court

23   found my rate of $500 to be reasonable as well as each of my associates and the

24   associates of Mr. Altman who top out at $450/hour for Joel Elkins. The court's

25   order reflects a 15% across the board reduction on the overall attorney's fees

26   amount but expressly determined the hourly rates were reasonable. A copy of

27   that order is included in the Compendium of Exhibits as **Exhibit 27**.

28   ///

-7-

*Anderson, et. al., v. MBUSA*
DECLARATION OF STEVE B. MIKHOV IN SUPPORT OF MOTION FOR ATTORNEYS FEES

p.   On March 24, 2017, my firm was awarded a total of $64,138.00 in fees, costs, and expenses where Plaintiff's lodestar fee request was $43,417.50 plus costs and expenses of $5,503.00. In making this ruling, Judge Thomas W. Wills granted a lodestar multiplier 1.5, in the matter of *Herrera v. Chrysler* (Monterey County Superior Court, Case No. M126216). The court reduced the two top billing attorneys' rates that were at $500/hour down to $450/hour and ruled that all other rates, including rates for Roger Kirnos at $375/hour, the rate of $350/hour for Lauren Ungs, Kristina Stephen-Cheang and contract attorney, Diane Hernandez, $400/hour for Russell Higgins, and junior attorney rates for $225 to $250 per hour. Judge Wills found that the work performed, and the time incurred for that work was reasonable and did not make any reductions. A copy of that order is included in the Compendium of Exhibits as **Exhibit 28**.

q.   On May 9, 2017, Judge Chapin in Kern County awarded a total of $296,055.00 in attorney's fees plus $25,651.18 in costs and expenses based on a jury verdict for maximum civil penalties in the matter of *Cofield v. Kia Motors America, Inc.,* (Kern County Superior Court, Case No. S-1500-CV-283504). In so doing, Judge Chapin expressly ruled that the requested hourly rates were reasonable, including a rate of $650/hour for attorney Bryan Altman, $500/hour for trial attorney, Michael Rosenstein, $500/hour for my rate, $375/hour for trial attorney Roger Kirnos, and all other requested rates of $200, $225, $300, $325 and $350 per hour as reasonable for Kern County. A copy of that order is included in the Compendium of Exhibits as **Exhibit 29**.

r.   On May 24, 2017, Judge Halm awarded $168,000.00 in attorney's fees and $27,257.19 in costs and expenses in a jury trial that resulted in a maximum civil penalty award for our client in the matter of *Gomez v. Kia Motors America, Inc.,* (Los Angeles County Superior Court, Case No. BC 574493). The attorney fee award represents 81% of the lodestar fees requested by motion in the matter. The court reduced the number of hours for various billing entries. The court

-8-

1   also reduced Attorneys Bryan Altman and Joel Elkins from $650/hour and

2   $450/hour down to $550/hour and $375/hour, respectively. The court found my

3   hourly rate of $500 to be reasonable as well as those of other attorneys in my

4   office ranging from $225/hour for Daisy Ortiz to $350/hour for Lauren Ungs

5   and Kristina Stephenson-Cheang to $400/hour for Russell Higgins. The court,

6   on its own, raised the rate of trial attorney Roger Kirnos from the requested

7   $375/hour to $475/hour. A copy of that order is included in the Compendium

8   of Exhibits as **Exhibit 30**.

9   s.   On June 19, 2017, Judge Michael J. Raphael awarded $116,872.50 in attorney's

10  fees after trial in the matter of *Bellamy v. Mercedes Benz USA LLC* (Los Angeles

11  Superior Court, Case No. BC597233). Plaintiff obtained a maximum treble

12  damages jury verdict. The Court affirmed the hourly rates of the attorneys,

13  including Moses Lebovits' rate of $750/hour, my rate of $500/hour and mid-level

14  and young associates ranging from $250 to $400 per hour, as well as Attorney

15  Ashley Arnett at $350/hour. The court made reductions to sometime entries and

16  the fee award represents 84% of the lodestar fees requested. A copy of that order

17  is included in the Compendium of Exhibits as **Exhibit 31**.

18  t.   On September 8, 2017, Judge Eddie C. Sturgeon awarded $226,845.00 in

19  attorney's fees plus $46,021.71 in costs and expenses after trial in the matter of

20  *Aspinall vs. Kia Motors America* (San Diego Superior Court, Case No. 37-

21  2015-00002577-CU-BC-CTL). The total award amounts to $272,866.71.

22  Plaintiff obtained a maximum civil penalty jury verdict at trial. Specifically, the

23  Court deemed reasonable my hourly rate of $500 as well as trial attorneys,

24  Michael Rosenstein and Richard Wirtz, rate of $500. He found that the hourly

25  rates of $350/hour reasonable for Lauren Ungs and a range of $200 to $250 per

26  hour for younger attorneys. He also found that $375 and $350 per hour was

27  reasonable for our contract attorneys, Kirk Donnelly and Constance Morrison.

28  The attorney fee awarded represent 80% of the lodestar fees requested by

-9-

1    motion in the matter. A copy of that order is included in the Compendium of

2    Exhibits as **Exhibit 32**.

3    u.   On September 15, 2017, Judge Kevin A. Enright awarded $199,248.08 in

4    attorney's fees after trial in the matter of *Harris vs. Hyundai Motor America*

5    (San Diego Superior Court, Case No. 37-2015-00019958-CU-BC-CTL).

6    Plaintiff obtained a maximum civil penalty jury verdict at trial. The Court found

7    the hourly rates of Plaintiff's attorneys reasonable, including trial counsel,

8    Bryan Altman's, rate of $650/hour and my hourly rate of $500/hour. The court

9    found the hourly rates of $250 to $400 per hour for litigation attorneys, such as

10   Russell Higgins, Lauren Ungs (trial counsel), Chris Swanson, Amy Morse and

11   Michael Ouziel, were reasonable. The court also found that Mr. Altman's

12   associates, Joel Elkins and Jordan Cohen, billed reasonable hourly rates of $450

13   and $300, respectively. The attorney fee award represents 85% of the lodestar

14   fees requested by motion in the matter. A copy of that order is included in the

15   Compendium of Exhibits as **Exhibit 33**.

16   v.   On September 20, 2017, Judge Gail R. Feuer awarded $227,228.00 in attorney

17   fees and $31,712.55 in costs and expenses in the matter of *Longin vs. Ford*

18   *Motor Company* (Los Angeles Superior Court, Case No. BC564186).

19   Specifically, the Court deemed my hourly rate of $500/hour reasonable along

20   with trial attorney, Sepehr Daghigian's, hourly rate of $400/hour as reasonable.

21   Judge Feuer determined that the hourly rates of attorneys ranging from $225 to

22   $400 per hour were reasonable, such as Partners Lauren Ungs and Amy Morse

23   (who were Associates at the time), and Associates Russell Higgins, Alastair

24   Hamblin, Kristina Stephenson-Cheang, Daisy Ortiz, etc. Contract/"Of Counsel"

25   attorney Constance Morrison was awarded her hourly rate of $350 for all time

26   expended. The attorney fee award represents 98% recovery of the lodestar fees

27   and costs requested by motion in the matter. A copy of that order is included in

28   the Compendium of Exhibits as **Exhibit 34**.

-10-

w. On November 21, 2017, Judge David R. Lampe presiding in Kern County over the trial in the matter of *West v. Hyundai Motor America* (Kern County Superior Court, Case No. BCV-16-100792) awarded 100% of the fees requested based on the same hourly rates requested here for an attorney fee award $169.148.75, plus an additional $16,431.83 in costs and expenses. The plaintiff obtained a jury verdict for treble damages, e.g. maximum civil penalties Judge Lampe confirmed the rate of $650/hour for trial attorney Bryan Altman, $500/hour for myself and rates ranging from $350 to $400 per hour for Partners and mid-level Associates Russell Higgin, Kristina Stephenson-Cheang and Brian Murray, $450/hour for Joel Elkins from the Altman Law Group, and $200 to $250 per hour for the lowest billing rate attorneys. The court awarded $350/hour for our contract attorney, Diane Hernandez. A copy of that order is included in the Compendium of Exhibits as **Exhibit 35**.

x. On December 11, 2017, Judge Melinda M. Reed awarded $151,780.00 in attorney's fees based on a request of $155,330.00 and $42,060.45 in costs and expenses after trial in the matter of *Teran vs. FCA US LLC* (Tulare County Superior Court, Case No. 265860), which resulted in a maximum possible statutory award of three times the price of the vehicle. The hourly rates awarded ranged from $500/hour for senior-level attorneys, including me and trial counsel, Rich Wirtz; $325 to $400 per hour for attorneys Russel Higgins, Lauren Ungs and Chris Swanson, $200 to $250 for younger attorneys; and for attorneys from Wirtz Law $325/hour for Amy Smith, $250/hour for Jessica Underwood and Lauren Saab, and $175/hour for paralegals. The overall award amounts to $193,840.45 in the fees, costs and expenses requested, which represents 98% of the amount requested. A copy of that order is included in the Compendium of Exhibits as **Exhibit 36**.

y. On January 8, 2018, Judge Kent M. Kellegrew awarded 100% of the fees, costs and expenses requested by motion in the total amount of $26,065.90 in the matter

-11-

of *Allem vs. FCA* (Ventura County Superior Court, Case No.: 56-2015-00468707). The court indicated it would not consider rates of defense counsel and found that the hourly rates were reasonable for that venue and that the time incurred were reasonable. The rates requested by motion included my rate of $500/hour, the rate of $400/hour for Russell Higgins, $350/hour for Lauren Ungs, $250/hour for Amy Morse, each of whom were recently named Partners of the firm, as well as rates of $325/hour for Chris Swanson, $350/hour for Kristina Stephenson-Cheang, and $200/hour for Deepak Devabose. A true and correct copy of such Order is included in the Compendium of Exhibits as **Exhibit 37**.

19.     It is not uncommon for attorney's fees and costs to exceed the client's damages. The Legislature acknowledged such a circumstance, which is the reason behind the fee shifting provision of the Song-Beverly Act. Otherwise, consumers would be left without opportunity for redress when their damages were not enough for an attorney to take the case on a contingent fee or hourly rate basis. Such a result occurs in large part because of dealership's or vehicle manufacturer's refusal to adhere to statutory laws protecting consumers, resistance to honoring consumers' complaints, and generally playing games or simply abusing discovery procedures. For example, Defendant MERCEDES-BENZ USA, LLC (hereinafter "Defendant") could have avoided paying any attorney fees whatsoever had it admitted to its wrongdoing early on. Instead, Defendant engaged in expensive litigation. Defendant drove up fees and costs by, among other things, impeding the firm's discovery efforts, forcing motions, and filing motions.

20.     Lemon law cases are not simple actions. They require a specialized understanding of the full scope of consumer protection laws, which are highly nuanced. The cases also require knowledge of intricacies of automobiles and a lexicon associated with them, as well as a knowledge concerning how to investigate these matters. They also require knowledge of auto manufacturers' and dealers' protocols for repairing vehicles.

21.     Generally speaking, Clients of the firm benefit by the experience of this firm insofar as work product from other cases can be used in this case as well. Hence, a substantial amount of time was saved by not needing to draft each document from scratch and little time was needed to

-12-

*Anderson, et. al., v. MBUSA*
DECLARATION OF STEVE B. MIKHOV IN SUPPORT OF MOTION FOR ATTORNEYS FEES

1  "get up to speed" in this specialized area of law. In effect, Defendant is also benefitted by these

2  facts when it comes to a determination of reasonable attorney's fees to be paid because there are

3  numerous cost saving techniques employed by the firm.

4

5          As shown by the number of cases discussed herein and the positive results achieved on

6  behalf of each client, the hourly rate is reasonable, and the number of hours expended are

7  reasonable. The fees incurred in this litigation are the direct result of the Defendant's own

8  dismissive approach to handling lemon law matters.

9

10          I declare under penalty of perjury under the laws of the State of California that the forgoing

11  is true and correct.

12  Executed this 19th day of November 2019, at Los Angeles, California.

13

14

15                                         STEVE B. MIKHOV
                                           *Declarant*

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 384 Forest Ave., Suite 17, Laguna Beach, CA 92651.

    On **December 19, 2019**, I served the foregoing document(s) described as: **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS FEES PURSUANT TO CIVIL CODE §1794(d); PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES RE: MOTION FOR ATTORNEYS FEES; DECLARATIONS OF M. O'CONNOR, S. MIKHOV, L. CASTRUITA, A. HAJDUK, E. WHITMAN, D. WOMACK, and K. ARNDT; COMPENDIUM OF EXHIBITS 1-40; [PROPOSED] JUDGMENT; and, KLG'S & OLG'S MEMORANDUM OF COSTS & EXPENSES PURSUANT TO CIVIL CODE §1794(d) (SUMMARY & WORKSHEET)**, to all interested parties in this action as set forth in the service list below, in the following matter:

[X]    **U.S. MAIL**: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Laguna Beach, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

[_]    **BY PERSONAL SERVICE**: I caused a true copy of said document(s) to be hand-delivered to the addressee(s) via a California registered process server pursuant to Code of Civil Procedure §1011.

[_]    **BY EXPRESS MAIL:** I caused said document(s) to be deposited in a box or other facility regularly maintained by the express service carrier providing overnight delivery pursuant to Code of Civil Procedure §1013(c).

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **December 19, 2019**, at Laguna Beach, California.

_____
Kristin N. Arndt

SERVICE LIST

| | |
|---|---|
| Kate S. Lehrman, Esq. (SBN 123050)<br>**LEHRMAN LAW GROUP**<br>12121 Wilshire Blvd, Ste 1300, Los Angeles, CA 90025<br>Tel: (310) 917-4500 | Fax: (310) 917-5677<br>Email:  klehrman@lehrmanlawgroup.com | **Attorneys for Defendant(s): MERCEDES-BENZ USA, LLC** |

*Anderson, et. al., v. MBUSA*

PROOF OF SERVICE RE: PLAINTIFFS' MOTION FOR ATTORNEYS FEES

# EXHIBIT 12

Court of Appeal, Second Appellate District
Daniel P. Potter, Clerk
Electronically FILED on 6/18/2019 by L. Denyse Alexander, Deputy Clerk

Filed 6/18/19

## CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| MARY HANNA,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>    Defendant and<br>    Respondent. | B283776<br><br>(Los Angeles County<br>Super. Ct. No. BC552038) |

APPEAL from an order of the Superior Court for the County of Los Angeles, Barbara A. Meiers, Judge. Reversed and remanded with directions.

Rosner, Barry & Babbitt, Hallen D. Rosner and Arlyn L. Escalante for Plaintiff and Appellant.

Universal & Shannon, Jon D. Universal and James P. Mayo for Defendant and Respondent.

To settle Mary Hanna's lawsuit under the Song-Beverly Consumer Warranty Act (Civ. Code, § 1790 et seq.), Mercedes-Benz USA, LLC agreed on January 27, 2017 to pay Hanna $60,000 plus a sum equal to her costs and expenses in pursuing the action, "including attorney's fees based on actual time reasonably incurred . . . pursuant to Civil Code Section 1794(d), to be determined by court motion if the parties cannot agree." After failing to reach agreement with Mercedes-Benz, Hanna moved for an award of $259,068.75 in attorney fees using the lodestar method[1]—a $172,712.50 base amount with a 1.5 multiplier—and costs of $15,547.07.  The trial court awarded only $60,869 in fees, limiting Hanna's recovery for fees incurred after January 21, 2016 to $15,000 based on the court's interpretation of a percentage-based contingency fee provision in the retainer agreement between Hanna and her counsel.  The court awarded all costs sought by Hanna except for $2,137.86 paid to her initial expert.

On appeal Hanna contends the court abused its discretion in failing to apply the lodestar method to determine attorney fees for the period after January 21, 2016 and by disallowing the fee paid to her first expert as a recoverable cost.  We agree the court used, in part, an improper method to determine reasonable

---

[1]    Using the lodestar method to calculate attorney fees, "the trial court first determines a touchstone or lodestar figure based on a careful compilation of the time spent by, and the reasonable hourly compensation for each attorney, and the resulting dollar amount is then adjusted upward or downward by taking various relevant factors into account."  (*Chavez v. City of Los Angeles* (2010) 47 Cal.4th 970, 985; see *Serrano v. Priest* (1977) 20 Cal.3d 25, 48-49.)

attorney fees and remand for it to recalculate Hanna's fee award. We affirm the court's cost award.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Circumstances Leading to the Filing of Hanna's Complaint*

On August 12, 2007 Hanna purchased a new vehicle from Mercedes-Benz for $52,948.54, including sales tax, license fees and other charges.  The car immediately exhibited a problem with its rear seatbelt, which failed to retract, requiring Mercedes-Benz to install new seatbelt components. Additional concerns surfaced within the first 18 months, and during the next several years Mercedes-Benz made warranty repair attempts on at least 20 occasions for a variety of problems.

On May 9, 2014 Hanna requested Mercedes-Benz repurchase the vehicle.  Mercedes-Benz denied the request.  On July 17, 2014 Hanna sued Mercedes-Benz for violation of the refund-or-replace provisions of the Song-Beverly Act.[2]  Her complaint sought an award of actual damages, a civil penalty of two times actual damages[3] and attorney fees and costs.

---

[2]    The Song-Beverly Act requires a manufacturer that gives an express warranty on a new motor vehicle to service or repair that vehicle to conform to the warranty.  If the manufacturer is unable to do so after a reasonable number of attempts, the purchaser may seek replacement of the vehicle or restitution in an amount equal to the purchase price less an amount directly attributable to use by the purchaser prior to the discovery of the nonconformity.  (Civ. Code, § 1793.2, subd. (d); see *Gavaldon v. DaimlerChrysler Corp.* (2004) 32 Cal.4th 1246, 1250.)

[3]    The Song-Beverly Act authorizes a civil penalty of up to two times the amount of actual damages if the purchaser establishes

### 2. *Mercedes-Benz's Offers To Compromise*

After Hanna filed her lawsuit, Mercedes-Benz served a series of offers to compromise pursuant to Code of Civil Procedure section 998 (section 998). The first section 998 offer on October 8, 2014 provided for a judgment against Mercedes-Benz in the amount of $5,000, plus reasonably incurred attorney fees and costs to be determined by the court if the parties could not agree. Hanna did not accept the offer.

In May 2015 Hanna's vehicle was involved in an accident and deemed a total loss by her insurer. Hanna did not notify Mercedes-Benz that she no longer owned the car.

Mercedes-Benz's second section 998 offer to compromise, dated January 20, 2016,[4] required Hanna to surrender the vehicle and dismiss her action with prejudice; in return Mercedes-Benz would "make restitution pursuant to Civil Code section 1793.2(d)(2)(B) in an amount equal to the actual price paid for the vehicle, including any charges for the transportation and manufacturer-installed options, but excluding nonmanufacturer items installed by a dealer or the buyer, and including any collateral charges such as sales tax, license fees, and registration fees and other official fees, plus any incidental and consequential damages to which the buyer is entitled under Civil Code Sections 1794, including, but not limited to, reasonable repair, towing, and rental car costs actually incurred

---

the manufacturer's failure to comply with the Act's provisions was willful. (Civ. Code, § 1794, subd. (c).)

[4]     Although dated January 20, 2016, this offer was identified as the January 21, 2016 offer by the court, apparently because it was not served on—or, perhaps, not received by—Hanna's counsel until January 21, 2016.

4

by the buyer, less a reasonable mileage offset in accordance with Civil Code Section 1793.2(d)(2)(C), all to be determined by court motion if the parties cannot agree." The offer provided Mercedes-Benz would pay Hanna's reasonable attorney fees and costs and required her to execute a general release.

In February 2016 Hanna served written objections to the second offer, asserting it was vague, ambiguous and uncertain as to the damages or recovery being offered. She also objected to the requirement she return the vehicle on the ground of impossibility, explaining the car had been declared a total loss following an accident and was no longer in her possession. She further objected to the requirement she enter into a general release because the terms of the proposed release were not made known to her.

On January 17, 2017 Mercedes-Benz served its third section 998 offer to compromise, which it titled "Amended Offer to Compromise." This offer included similar language regarding restitution as the second offer, but omitted the requirement that Hanna return the vehicle. Instead, the offer permitted Mercedes-Benz to deduct from the sum to be paid to Hanna the amount she had received from her insurer when her car had been declared a total loss. This offer no longer required execution of a release.

On January 23, 2017 Mercedes-Benz served a fourth section 998 offer, titled "Second Amended Offer to Compromise," and on January 27, 2017 its fifth section 998 offer, titled "Third Amended Offer to Compromise." The January 23, 2017 offer deleted the language regarding restitution (including the reference to deductions for a reasonable mileage offset and amounts received from the May 2015 accident) and instead provided for payment of $55,000 to Hanna. The January 27, 2017

offer, otherwise identical to the January 23, 2017 offer, proposed a payment to Hanna of $60,000.

Paragraph 2 of the January 27, 2017 offer stated, "In connection with the above offer to compromise, [Mercedes-Benz] will pay [Hanna] a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time reasonably incurred in connection with the commencement and prosecution of this action pursuant to Civil Code Section 1794(d), to be determined by court motion if the parties cannot agree." Hanna accepted the January 27, 2017 offer the same day.

### 3. *Hanna's Motion for Attorney Fees and Costs*

On March 30, 2017 Hanna moved for attorney fees and costs pursuant to Civil Code section 1794, subdivision (d). Hanna's motion was supported by the declarations of the attorneys and paralegals who had worked on the matter and included invoices billed to Hanna among its exhibits.

Hanna sought a total of $274,615.82 in fees and costs, which included a request her lodestar attorney fees of $172,712.50 be multiplied by 1.5. She argued the multiplier was justified, in part, by the fact the law firm of O'Connor & Mikhov LLP had taken the matter on a contingent basis.

The fees and costs request included $2,137.86 for a vehicle inspection performed on February 12, 2015. Mark O'Connor, Hanna's lead counsel, attached to his March 30, 2017 declaration an O'Connor & Mikhov cost invoice that included an entry dated February 24, 2015 stating the vehicle inspection charge was per "Thomas Lepper's Invoice (11.5 hrs)." Hanna provided no explanation of Lepper's identity or role in the litigation or any other information to support the claimed cost.

6

### 4. *Mercedes-Benz's Opposition*

Mercedes-Benz filed its opposition to Hanna's attorney fee motion on April 12, 2017.  Mercedes-Benz contended the Song-Beverly Act, which provides for recovery of reasonably incurred attorney fees, did not mandate use of the lodestar method and argued the trial court had discretion to determine what constituted reasonably incurred fees, including no fee at all.  It argued the issue before the court was whether Hanna's attorney fees generated after its January 20, 2016 section 998 offer were reasonably incurred.  Mercedes-Benz asserted the January 2016 offer would have provided Hanna the relief to which she was entitled under the Song-Beverly Act and that Hanna had an implied duty to negotiate with Mercedes-Benz following the offer in a good faith effort to settle the case.  According to Mercedes-Benz, the trial court had discretion to deny fees after the January 2016 offer because of Hanna's failure to engage in good faith negotiations.

Mercedes-Benz also asserted Hanna had failed to meet her burden of establishing the reasonableness of the fees and costs requested because she had not submitted a copy of the retainer agreement with her counsel for the court's review.  Mercedes-Benz stated it understood the fee agreement was not on a contingency basis and specified lower hourly billing rates than reflected on the invoices sent to Hanna and used to calculate her lodestar figure.[5]  It urged the court to award fees, if at all, on the basis of the fee agreement's lower rates.

---

[5]     For example, although the motion and billing records reflected an hourly rate of $650 for partner Mark O'Conner, Mercedes-Benz told the court the fee agreement stated the hourly billing rate for all partners in the firm was $350.

In addition, Mercedes-Benz explained, although Hanna's fee agreement generally provided for payment of fees calculated on an hourly, not a percentage, basis (owed by "the manufacturer," not Hanna), it also required payment of additional attorney fees in the event Hanna's attorneys recovered a damage award exceeding her actual damages. Specifically, the fee agreement provided 40 percent of any amount recovered in excess of actual damages would be due from Hanna as additional attorney fees.

Mercedes-Benz contended Hanna's actual damages were $22,428.32: $52,590.54 (the price of the vehicle) less $14,998.02 (the amount Hanna had received from her insurer after the vehicle was declared a total loss) and $15,163.60 (the mileage offset). It asserted, therefore, that $37,571.68 of its $60,000 settlement payment was the excess amount subject to the 40 percent provision in the retainer agreement and that the $15,028.67 Hanna owed her attorneys (40 percent of $37,571.68) should be offset against the fees claimed by Hanna in her motion.

Finally, Mercedes-Benz argued Hanna was not entitled to a lodestar multiplier; a significant number of attorney billing entries were improperly in block billing format; the case was overstaffed; and certain categories of fees and costs were not reasonably incurred for a variety of reasons, including $2,137.86 in costs for Lepper's vehicle inspection. Mercedes-Benz explained Lepper was Hanna's "first expert" but had not "actually [been] used as an expert" in the case. He had subsequently been replaced by Darrell Blasjo, who was designated a retained expert by Hanna and deposed by Mercedes-Benz. At his deposition Blasjo testified Lepper had never shared his work product with Blasjo.

Mercedes-Benz supported its opposition with the declaration of its attorney Mark Julius, dated April 12, 2017. In a one-sentence statement Julius declared all of the factual representations in the opposition memorandum were true and accurate to the best of his knowledge.

5. *Hanna's Reply*

Hanna filed her reply on April 18, 2017. Among other arguments Hanna disputed Mercedes-Benz's assertion her attorneys had not taken her case on a contingency basis. She also filed objections to Julius's April 12, 2017 declaration, but did not object on the ground that any material in Mercedes-Benz's papers was protected from disclosure by Hanna's attorney-client privilege.

6. *The Hearing on Hanna's Fee Motion*

At the outset of the April 25, 2017 hearing on Hanna's motion for attorney fees and costs, the court stated its "very tentative" inclination was to cut short attorney fees after the January 2016 settlement efforts. It also stated it might substantially reduce the fees requested in other respects. The court asked Hanna's attorney to provide a copy of Hanna's fee agreement because "according to the defense argument, in your contract the attorney fee hourly rate was stated to be 300 and some-odd dollars per hour for your lead attorney, and in your paperwork you claimed that his rate is 600 and some-odd dollars per hour."

Turning to Mercedes-Benz, the court expressed concern that the company had failed to specify in its opposition papers which attorney billing entries reflected services it claimed were duplicative or otherwise objectionable and had failed to indicate

what Mercedes-Benz contended would constitute a reasonable fee.  The court ordered Mercedes-Benz to provide that information within 10 days.  It also ordered Hanna to provide her attorney fee agreement within the same time.

### 7. *Post-hearing Developments*

On April 28, 2017 Hanna filed a response to the court's order that she submit her fee agreement, arguing the agreement was protected by the attorney-client privilege.  Because she did not wish to waive the privilege, disobey the court or be held in contempt, she requested the court modify its April 25, 2017 order to allow her to submit a redacted copy of the fee agreement.  She also explained the agreement reflected the matter had been taken on a contingency basis and disclosed the hourly rates applicable to the case.

On May 2, 2017 the trial court issued a modified ruling withdrawing that portion of its April 25, 2017 order requiring Hanna to submit the retainer agreement.  Instead, the court ordered Mercedes-Benz to provide the documents on which it had relied to assert its understanding of the contents of Hanna's fee agreement.

Later that day Mercedes-Benz filed another Julius declaration, which attached a copy of a fee agreement, dated June 11, 2014, between Hanna and her husband Reda Hanna, on the one hand, and the O'Connor & Mikhov law firm, on the other hand, confirming the firm's representation of the Hannas "in connection with your lemon law/breach of warranty claim against Mercedes-Benz USA, LLC."  Julius explained the fee agreement had been voluntarily produced by Reda Hanna at his deposition on May 5, 2015.

The June 11, 2014 fee agreement stated, in part, "YOU NEVER PAY ATTORNEY FEES. THE ATTORNEYS' FEES ARE PAID BY THE MANUFACTURER. [¶] Attorney's fees are contingent upon an acceptable settlement being achieved or a successful verdict at trial. THIS MEANS THAT THERE ARE NO ATTORNEY FEES PAID IF THERE IS NO SETTLEMENT OR IF WE DO NOT WIN AT TRIAL. . . . [¶] . . . [¶] In the event that your case goes to trial and we prevail, Law Firm will file a motion with the Court for an award of attorney fees. Any attorneys' fees awarded will belong to Law Firm. IF NO FEES ARE AWARDED, YOU DO NOT HAVE TO PAY THE LAW FIRM ATTORNEY FEES."

The agreement provided for fees based on the time expended at $350 to $650 per hour for partners and $200 to $300 per hour for associates, and explained the "above contingent fee is not based on a percentage basis." According to the agreement, "[i]f a lawsuit is required, Attorney shall receive from Defendant(s), a fee of his actual time expended on the case calculated at his customary hourly rate (or other fee as may be agreed upon between Attorney and Defendant(s))."

The agreement also provided, "In some instances we are able to recover additional damages above and beyond Client's actual damages. In only those instances where we are able to recover additional damages, 40% of those additional damages shall be due the Law Firm as additional attorney's fees. Examples of additional damages include civil penalties, punitive damages, waiver of mileage/use offset, waiver of negative equity on a traded-in vehicle and include any instance where the firm is

able to obtain damages beyond Client's statutory lemon law/breach of warranty recovery."[6]

On May 5, 2017 Mercedes-Benz filed the declaration of its attorney Jon Universal.  Universal stated any attorney-client privilege protecting the Hanna fee agreement from disclosure had been waived.  According to Universal, the agreement had been voluntarily produced at Reda Hanna's deposition while Mr. Hanna was represented by O'Connor & Mikhov LLP. Universal also explained O'Connor & Mikhov LLP lodged no objection to production of the fee agreement by Mr. Hanna, never demanded the agreement be immediately returned and never filed a motion with the court or made any other effort to seek return of the agreement.

On May 15, 2017 Mercedes-Benz filed another Julius declaration describing its proposed adjustments to Hanna's requested fees and costs in compliance with the court's order at the April 25, 2017 hearing.  Among the reductions proposed was disallowing the cost of Lepper's vehicle inspection.  With respect to Hanna's attorney fees, Julius proposed cutting off fees as of January 20, 2016, the date of the prior section 998 offer.  Julius also proposed recalculating all services performed by associates at the lower hourly rate of $200 and all services performed by partners at the lower hourly rate of $350.  Of the $172,712.50 in

---

[6]     The agreement also provided, "In the unlikely event Client consents to a settlement, dismissal, or otherwise terminates the case (1) without a provision for actual Attorney's fees incurred or (2) without a provision that allows Law Firm to file a motion for the court to determine the amount of Attorney's fees, without Attorney's consent, Client shall be responsible for Attorney's fees and costs that have been billed in litigating your case (as detailed above) or $2,500.00, whichever is greater."

total attorney fees reflected in the invoices from O'Connor &
Mikhov LLP to Hanna, Mercedes-Benz contended only
$13,852.50 constituted reasonable fees.

### 8. *The Court's Ruling Awarding Fees and Costs*

On May 16, 2017 the trial court issued its ruling and order,
granting Hanna $60,869 in attorney fees and all costs as
requested except $2,137.86 for the payment to Lepper.  According
to the court, the sum awarded for fees included $45,869, the
amount "claimed as set forth in the plaintiff's moving papers" to
have been incurred by Hanna for the period through January 21,
2016, the "date by which plaintiffs had successfully negotiated for
a payment by the defendant of all sums generally to be
encompassed and provided in a successful 'lemon law' action."

The court explained, "Thereafter, plaintiff continued with
the action and in January 2017 obtained a settlement offer
considerably in excess of that which had been proffered in
January 2016"; "[h]owever, the settlement offer finally made
included amounts above and beyond that which is commonly
regarded as that which is statutorily required."  The court
interpreted Hanna's fee agreement as requiring "the additional
sums earned in the January 2016 through 2017 period" "to be
essentially 'split' between defense [*sic*] counsel and the client,
resulting in a payment due from the client to her attorney (and
per the contract not from the manufacturer) of approximately
$15,000 to compensate for the additional time spent (in lieu of
any hourly rate as the court reads the contract) in obtaining this
additional benefit for the client."

The court found "these fees for an above-and-beyond
settlement amount were a part of reasonably incurred attorney
fees, and as would be the case with any reasonably incurred fees,

whether they are calculated based upon hourly rates, contingency or some mixture thereof, such fees can be and should be assessed against the defendant where the plaintiff prevails . . . ."  Finding the additional $15,000 amount should be paid by Mercedes-Benz, rather than Hanna, the court added it to the $45,869 awarded for the period through January 21, 2016, for "a total of $60,869 to be paid by defendant as the reasonable attorney fee incurred in this action."[7]  The court explained it regarded "the additional sums earned post January 21, 2016 (to wit a portion of the additional settlement amount) as being additional reasonable attorney fees since it is viewing them as an amount designed to [ensure] that the defense [*sic*] counsel would be compensated for any additional time and effort in obtaining a better than usual result in lieu of using a straight hourly rate."

The court provided no explanation for its award of costs.

## DISCUSSION

1. *This Court Has Jurisdiction To Consider Hanna's
   Appeal of the Order Awarding Attorney Fees and Costs*

The section 998 offer accepted by Hanna provided, "This offer is made pursuant to *Goodstein v. Bank of San Pedro* (1994) 27 Cal.App.4th 899, 323 Cal.Rptr.2d 740, in that a judgment will not be entered.  Rather, the Complaint will be dismissed with prejudice."[8]  On January 30, 2017 Hanna filed a notice of the

---

[7]     The court cautioned, "However, defense [*sic*] counsel is ordered not to make any deduction from the plaintiff's recovery to doubly compensate itself for this $15,000 amount as 'additional fees' above and beyond the $60,869 now being ordered."

[8]     This court in *Goodstein v. Bank of San Pedro, supra,* 27 Cal.App.4th at page 906, held, although section 998, subdivision (b), states a qualifying settlement offer must "allow

parties' settlement on Judicial Council mandatory form CM-200, checking the box that indicated the settlement was conditional and stating, "The settlement agreement conditions dismissal of this matter on the satisfactory completion of specified terms that are not to be performed within 45 days of the date of the settlement. A request for dismissal will be filed no later than . . . June 15, 2017."

Although the notice of settlement did not request dismissal of the action (and, to the contrary, expressly stated a request for dismissal would be filed in the future), on January 30, 2017 the court ordered the entire action dismissed. Its minute order of that date states, "In response, to the parties settlement, pursuant to CCP 664.6 and CCP 998, the entire action . . . is order[ed] dismissed with the court retaining jurisdiction to enforce the settlement." The order of dismissal is recorded in the superior court's registry of actions, which states, "Dismissed/Disposed" in Department 12 at 10:00 a.m. on January 30, 2017.[9]

---

judgment to be taken," an offer that requires a voluntary dismissal with prejudice meets the requirements of that provision. "The word 'judgment' in Code of Civil Procedure section 998 indicates that the statute contemplates that an offer to compromise which is accepted will result in the final disposition of the underlying lawsuit; the statute does not indicate any intent to limit the terms of the compromise settlement or the type of final disposition."

[9]    Although the registry of action reflecting the order of dismissal and the notice of the parties' settlement is included in Hanna's Appendix, the January 30, 2017 minute order and notice of settlement are not. On our own motion, pursuant to California Rules of Court, rule 8.155(a)(1)(A), we augment the record to include the January 30, 2017 minute order and settlement notice.

Without acknowledging the January 30, 2017 order of dismissal, Mercedes-Benz contends the May 16, 2017 order awarding Hanna attorney fees and costs is not appealable and Hanna's appeal must be dismissed because it was not included in a judgment or made following entry of an order of dismissal. (See Code Civ. Proc., § 904.1, subd. (a)(1) [authorizing appeal from a final judgment] & (2) [authorizing appeal from an order made after a judgment made appealable by subdivision (a)(1)]; see generally *Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 21 ["a reviewing court lacks jurisdiction on direct appeal in the absence of an appealable order or judgment"].)

Although the order of dismissal as originally filed was not signed by the court (see Code Civ. Proc., § 581d ["[a]ll dismissals ordered by the court shall be in the form of a written order signed by the court"]), on April 24, 2019 the superior court reentered a signed version of its order, "nunc pro tunc to 1/30/17."[10] Accordingly, the court's May 16, 2017 order awarding Hanna attorney fees and costs is properly before us as an order made after an appealable order or judgment pursuant to Code of Civil Procedure section 904.1, subdivision (a)(2).

Moreover, even if the order awarding fees and costs were not appealable under Code of Civil Procedure section 904.1, subdivision (a)(2), it would be within our jurisdiction to review under the collateral order doctrine: "When a court renders an interlocutory order collateral to the main issue, dispositive of the rights of the parties in relation to the collateral matter, and directing payment of money or performance of an act, direct

---

[10]   We augment the record to include the signed version of the order of dismissal on our own motion.

16

appeal may be taken. [Citations.] This constitutes a necessary exception to the one final judgment rule. Such a determination is substantially the same as a final judgment in an independent proceeding." (*In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368; see *Sjoberg v. Hastorf* (1948) 33 Cal.2d 116, 119 [an otherwise interlocutory order is directly appealable "if the order is a final judgment against a party in a collateral proceeding growing out of the action"].)

"To qualify as appealable under the collateral order doctrine, the interlocutory order must (1) be a final determination (2) of a collateral matter (3) and direct the payment of money or performance of an act." (*Apex LLC v. Korusfood.com* (2013) 222 Cal.App.4th 1010, 1015-1016.) The order awarding Hanna legal fees and costs satisfies all three of these criteria and is appealable. (See *Rich v. City of Benicia* (1979) 98 Cal.App.3d 428, 432 [order awarding attorney fees after resolution of the merits of the suit by stipulation of the parties was appealable as a final determination on a collateral matter requiring payment of money].)

2. *Recovery of Attorney Fees Under the Song-Beverly Act*

A prevailing buyer in an action under the Song-Beverly Act "shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." (Civ. Code, § 1794, subd. (d); see *Warren v. Kia Motors America, Inc.* (2018) 30 Cal.App.5th 24, 35 ["[t]he 'plain wording' of section 1794, subdivision (d) requires the trial court to 'base' the prevailing buyer's attorney fee award

'upon actual time expended on the case, as long as such fees are reasonably incurred—both from the standpoint of time spent and the amount charged'"; italics omitted].)  As discussed, Hanna and Mercedes-Benz repeated this language and expressly incorporated section 1794, subdivision (d), into their settlement agreement.

"'The statute "requires the trial court to make an initial determination of the actual time expended; and then to ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable.  These circumstances may include, but are not limited to, factors such as the complexity of the case and procedural demands, the skill exhibited and the results achieved.  If the time expended or the monetary charge being made for the time expended are not reasonable under all the circumstances, then the court must take this into account and award attorney fees in a lesser amount.  A prevailing buyer has the burden of 'showing that the fees incurred were "allowable," were "reasonably necessary to the conduct of the litigation," and were "reasonable in amount."'"'"  (*Etcheson v. FCA US LLC* (2018) 30 Cal.App.5th 831, 840 (*Etcheson*); accord, *Goglin v. BMW of North America, LLC* (2016) 4 Cal.App.5th 462, 470 (*Goglin*).)

We review a trial court's order awarding attorney fees and costs under the Song-Beverly Act for abuse of discretion.  (*Etcheson, supra,* 30 Cal.App.5th at p. 840; *McKenzie v. Ford Motor Co.* (2015) 238 Cal.App.4th 695, 703.)  "'"We presume the trial court's attorney fees award is correct, and '[w]hen the trial court substantially reduces a fee or cost request, we infer the court has determined the request was inflated."'"  (*Etcheson,* at

18

p. 840.)  However, "when the record affirmatively shows the trial court's discretionary determination of fees pivoted on a factual finding entirely lacking in evidentiary support, the matter must be reversed with instructions to redetermine the award." (*Id.* at p. 841; see *569 East County Boulevard LLC v. Backcountry Against the Dump, Inc.* (2016) 6 Cal.App.5th 426, 435, fn. 10.)

"[W]here an issue of entitlement to attorney fees and costs depends on the interpretation of a statute, our review is de novo." (*Wohlgemuth v. Caterpillar Inc.* (2012) 207 Cal.App.4th 1252, 1258.)  Similarly, the interpretation of a written instrument, including an attorney retainer agreement, is reviewed de novo in the absence of any conflict in extrinsic evidence presented to clarify an ambiguity.  (*Powers v. Dickson, Carlson & Campillo* (1997) 54 Cal.App.4th 1102, 1111.)

> 3.  *Hanna Is Entitled To Recover Reasonable Attorney Fees for Legal Services Performed After the January 2016 Section 998 Offer To Compromise*

In the trial court Mercedes-Benz argued Hanna was not entitled to recover attorney fees for legal services provided after its January 2016 section 998 offer because she unreasonably refused to accept that offer and failed to engage in good faith negotiations after it was made.  Mercedes-Benz essentially repeats that argument on appeal to defend the trial court's ruling limiting Hanna's post-January 21, 2016 fees to $15,000.

Mercedes-Benz's argument ignores the unfavorable aspects of its January 2016 offer, which, among other terms, required Hanna to return an automobile she no longer possessed and to sign a general release with undisclosed terms.  Both of those provisions were removed from the January 2017 section 998 offer to compromise that was the basis for the parties' settlement.

Rejecting a settlement offer because of unfavorable terms is neither unreasonable nor a permissible ground for denying an award of attorney fees under the Song-Beverly Act. (*Etcheson, supra,* 30 Cal.App.5th at pp. 845-846 ["where a defendant's settlement offer contains unfavorable provisions or is otherwise invalid, as [defendant's] offers were here, it is not unreasonable for a plaintiff to reject that offer"]; *Goglin, supra,* 4 Cal.App.5th at p. 471 [not unreasonable to reject prelitigation settlement offer with a broad general release and a confidentiality provision]; *McKenzie v. Ford Motor Co., supra,* 238 Cal.App.4th at pp. 705-708 [same].)

Where a party continues to litigate after receiving a settlement offer, absent a finding that failure to resolve the case through negotiation was unreasonable or solely attributable to counsel's desire to generate more fees, additional fees incurred to establish liability or damages, including evidence of willfulness necessary to recover civil penalties, are properly included in an award of fees under Civil Code section 1794, subdivision (d). (See *Etcheson, supra,* 30 Cal.App.5th at pp. 846, 850; *Goglin, supra,* 4 Cal.App.5th at p. 472.) Here, the trial court expressly found that Hanna "in January 2017 obtained a settlement offer considerably in excess of that which had been offered in January 2016." Far from finding Hanna's attorneys continued to litigate simply to generate more fees, the court recognized the efforts of Hanna's counsel after January 2016 were responsible for a substantial increase in her recovery and thus "a part of reasonably incurred fees." The court's findings are supported by substantial evidence: Not only did Hanna's attorneys eliminate the requirements that she return the automobile and enter into a general release but also her counsel successfully negotiated for

20

the payment of a substantial sum in addition to Hanna's actual
damages, which had been the basis for Mercedes-Benz's
January 2016 offer.

4. *The Trial Court Erred by Failing To Use the Lodestar*
   *Method for the Award of Fees Incurred After the January*
   *2016 Section 998 Offer To Compromise*

   a. *The trial court misread Hanna's retainer agreement*

Finding that between January 21, 2016 and January 27,
2017 Hanna's counsel was able to increase Mercedes-Benz's
settlement offer to include payment of a sum in excess of her
actual damages, the trial court correctly concluded Hanna was
entitled under the parties' settlement agreement and Civil Code
section 1794, subdivision (d), to recover her reasonable attorney
fees incurred after January 21, 2016.  However, rather than use
the lodestar method to calculate post-January 21, 2016 fees, as it
had for its determination of reasonable fees up to that date, the
court looked to Hanna's retainer agreement and applied its
provision for Hanna's attorneys to receive 40 percent of any
recovery in excess of actual damages to cap additional fees at
$15,000 (rather than the requested additional base amount of
$126,843.50).[11]

The trial court was entitled to consider Hanna's retainer
agreement in awarding her fees.  (See *Glaviano v. Sacramento
City Unified School Dist.* (2018) 22 Cal.App.5th 744, 748, 757
["the attorney's fee agreement is relevant and may be considered"

---

[11]   The trial court apparently accepted Mercedes-Benz's
calculation that Hanna's actual damages were approximately
$22,500 and, therefore, that she had received approximately
$37,500 in additional damages from the $60,000 settlement
payment.  Forty percent of $37,500 is $15,000.

even though the statutory fees provision at issue in the case, which provided for payment of "reasonable attorney's fees incurred," "does not compel any particular award"].)[12] But the court fundamentally misinterpreted the agreement and then misapplied its own mistaken interpretation to the determination of the reasonable fees incurred by Hanna after January 21, 2016.

As discussed, the retainer agreement between Hanna and the O'Connor & Mikhov law firm expressly provided that "[a]ttorney's fees are based on the time expended" at a range of hourly rates specified for partners, associates and legal assistants. Although those fees are "contingent upon an acceptable settlement being achieved or a successful verdict at trial," the agreement explained, "[t]he above contingent fee is not based on a percentage basis." The time-expended basis for

---

[12]   Hanna has forfeited her argument that the retainer agreement is privileged and should not have been considered by the trial court. As discussed, although Hanna objected to the trial court's April 25, 2017 order requiring her to produce the fee agreement, the court withdrew that aspect of its order and instead required Mercedes-Benz to produce the documents on which it had relied to state its understanding of Hanna's fee arrangement with her attorneys. The record on appeal fails to show Hanna objected to the court's May 2, 2017 modified ruling or responded to Mercedes-Benz's contention any attorney-client privilege had been waived by her husband's production of a copy of the agreement, as set forth in Julius's May 2, 2017 declaration and Universal's May 5, 2017 declaration filed in response to the trial court's May 2, 2017 ruling. (See *Doers v. Golden Gate Bridge Etc. Dist.* (1979) 23 Cal.3d 180, 184, fn. 1 [an appellate court will generally not consider procedural defects or erroneous rulings where an objection could have been but was not made to the lower court].)

determining attorney fees was reiterated in the next sentence of the agreement, which stated, if a lawsuit is required, trial counsel would receive "a fee of his actual time expended on the case calculated at his customary hourly rate" or other fee as might be agreed upon by the client.  Following this description of the method for calculating attorney fees, the retainer agreement stated, if the law firm was able "to recover additional damages above and beyond Client's actual damages"—for example, civil penalties or waiver of a mileage/use offset—then "40% of those additional damages shall be due the Law Firm as additional attorney's fees."  Contrary to the trial court's reading, this language clearly specified that O'Connor & Mikhov would receive its hourly rate for all time expended on the litigation, whether directed to the recovery of actual or additional damages, but it would also be entitled to a bonus equal to 40 percent of all additional damages recovered.  By misreading this language as providing for a percentage recovery of additional damages "in lieu of an hourly rate" for those legal services, and then using its faulty interpretation of the retainer agreement as the sole basis for awarding only $15,000 of the fees incurred after January 21, 2016, the trial court committed plain error.

> b. *A fee award under the Song-Beverly Act may not be based on a percentage of the plaintiff's recovery*

Even if the trial court's interpretation of the retainer agreement were correct, however, it would still have been error to award fees for legal work performed by O'Connor & Mikhov after January 21, 2016 based entirely on the law firm's percentage share of civil penalties or other "excess" monetary recovery, rather than using the lodestar figure—time spent multiplied by reasonable hourly compensation for each attorney (see *Ketchum*

*v. Moses* (2001) 24 Cal.4th 1122, 1131-1132)—as specified in the parties' settlement agreement and mandated by Civil Code section 1794, subdivision (d), as the starting point for its analysis.

While the trial court has broad discretion to increase or reduce the proposed lodestar amount based on the various factors identified in case law, including the complexity of the case and the results achieved, the court's analysis must begin with the "actual time expended, determined by the court to have been reasonably incurred." (Civ. Code, § 1794, subd. (d).)  "[I]t is inappropriate and an abuse of a trial court's discretion to tie an attorney fee award to the amount of the prevailing buyer/plaintiff's damages or recovery in a Song-Beverly Act action." (*Warren v. Kia Motors America, Inc., supra*, 30 Cal.App.5th at p. 37; see *Nightingale v. Hyundai Motor America* (1994) 31 Cal.App.4th 99, 105, fn. 6 [in a case in which there is a contingency fee agreement, "for purposes of section 1794, subdivision (d), a prevailing buyer represented by counsel is entitled to an award of reasonable attorney fees for time reasonably expended by his or her attorney"]; see also *Robertson v. Fleetwood Travel Trailers of California, Inc.* (2006) 144 Cal.App.4th 785, 818 [even though the clients did not have a personal obligation to pay for legal services out of their own assets under the terms of a contingency fee agreement, attorney fee award under the Song-Beverly Act must be based on the lodestar adjustment method].)

Citing *Levy v. Toyota Motor Sales, U.S.A., Inc.* (1992) 4 Cal.App.4th 807, 815-816, Mercedes-Benz argues Hanna's claim for an award of attorney fees based on the lodestar method is "incongruous" with a contingency fee agreement.  Nothing in *Levy* supports that assertion.  Indeed, after discussing *Aetna Life &*

24

*Casualty Co. v. City of Los Angeles* (1985) 170 Cal.App.3d 865, which reversed a trial court's fee award because it had been based on a percentage of the plaintiffs' recovery, consistent with a contingent fee agreement, rather than consideration of the number of hours spent on the case and reasonable hourly compensation for the attorney, the *Levy* court expressly noted, "Our case did not involve a contingent fee arrangement." (*Levy*, at p. 815.)

### c. *Mercedes-Benz's speculative efforts to justify the trial court's decision are misplaced*

In an effort to justify the trial court's reduction of post-January 21, 2016 attorney fees from the $126,843.50 additional base amount requested to $15,000, Mercedes-Benz argues the court may have been influenced by what it characterizes as Hanna's misrepresentations about the nature of her retainer agreement with O'Connor & Mikhov, including with respect to the 40 percent bonus feature, suggesting the court may have found Hanna and her attorneys not to be credible and applied its skepticism about their honesty to the substance of the billing statements submitted with the fee motion. Mercedes-Benz also contends the court may have reduced Hanna's fee request because it found the total sought was unreasonable, her attorneys overly litigated the case, or they had submitted padded or duplicative bills.

It may be permissible for us to presume the trial court considered the relevant lodestar adjustment factors to reach its fee award when confronted with a silent record. (See, e.g., *Levy v. Toyota Motor Sales, U.S.A., Inc.*, *supra*, 4 Cal.App.4th at p. 816 ["Although the trial court found the items submitted in support of the fee claim were grossly exaggerated, there is nothing in the

record indicating how the court arrived at the amount of the award ultimately made.  In the circumstances, we must presume the court, using its sound discretion, found the sum awarded reasonably incurred and reasonable in amount"].)  However, where, as here, the court expressly states a legally erroneous ground for its ruling, we cannot infer its exercise of discretion rested on a wholly different basis.  (*Etcheson, supra,* 30 Cal.App.5th at pp. 845-846 [where court based its drastic reduction of plaintiffs' fee request on its view that continuing to litigate the case following a settlement offer was unnecessary, "we cannot indulge an inference that the trial court's order . . . was based on a legitimate lodestar assessment of the overall reasonableness of counsel's fees based on rates, duplication of effort, or complexity"]; *McKenzie v. Ford Motor Co., supra,* 238 Cal.App.4th at p. 705 ["[w]hen the court states its reasons explicitly [for reducing the fees requested], we cannot infer its exercise of discretion rested on a wholly different basis"].)

In sum, we reverse the trial court's attorney fee award and remand for redetermination, using the lodestar method, of the reasonable attorney fees incurred by Hanna in connection with the entire prosecution of her lawsuit.

### 5. *The Trial Court Did Not Abuse Its Discretion in Disallowing Costs for Hanna's First Expert*

The trial court disallowed as recoverable costs, without explanation, the $2,137 paid to Hanna's first expert, Thomas Lepper, to inspect Hanna's vehicle.  On appeal Mercedes-Benz defends that ruling, arguing that expense was unnecessarily incurred because Hanna replaced Lepper as her expert.  Noting that Mercedes-Benz provided no citation to the record showing Lepper had been withdrawn, Hanna contends, because Lepper

conducted the inspection in February 2015, shortly before the vehicle was declared a total loss, the cost for the inspection was reasonably and necessarily incurred.

Absent findings or any explanation from the trial court, we presume the court found the cost for Lepper to inspect Hanna's car was not reasonably incurred, as required by section 1794, subdivision (d), for the recovery of costs; and we review the record to determine whether that implied finding is supported by substantial evidence. (See *Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1322 [where abuse of discretion is the applicable standard of review, "'[t]he judgment of the trial court is presumed correct; all intendments and presumptions are indulged to support the judgment; conflicts in the declarations must be resolved in favor of the prevailing party, and the trial court's resolution of any factual disputes arising from the evidence is conclusive'"]; *Frei v. Davey* (2004) 124 Cal.App.4th 1506, 1512 [under abuse of discretion standard, "'[i]f the trial court has made no findings, the reviewing court will infer all findings necessary to support the judgment and then examine the record to see if the findings are based on substantial evidence'"].)

Substantial evidence supports the finding the cost for Lepper to inspect Hanna's vehicle was not reasonably incurred. As discussed, Julius's April 12, 2017 declaration, read in conjunction with Mercedes-Benz's opposition memorandum, established Lepper was replaced by Darrell Blasjo as Hanna's expert and Lepper's work product was not provided to Blasjo for his use. Although Lepper's pre-accident inspection may have been necessary if the vehicle's value before being declared a total loss was somehow relevant to Hanna's damage claim or was a factor in Mercedes-Benz's settlement offers, Hanna did not

attempt to justify the expense on that basis in the trial court. "'As a general rule, theories not raised in the trial court cannot be asserted for the first time on appeal; appealing parties must adhere to the theory (or theories) on which their cases were tried.'" (*Nellie Gail Ranch Owners Assn. v. McMullin* (2016) 4 Cal.App.5th 982, 997; accord, *In re Marriage of Nassimi* (2016) 3 Cal.App.5th 667, 695.)

## DISPOSITION

The May 16, 2017 order awarding fees and costs is reversed, and the matter remanded for a redetermination of attorney fees in a manner consistent with this opinion.  Hanna is to recover her costs on appeal.

PERLUSS, P. J.

We concur:

SEGAL, J.                    FEUER, J.

28

# EXHIBIT 13

1   O'CONNOR & MIKHOV LLP
2   Mark O'Connor (SBN 157680)
    Steve Mikhov (SBN 224676)
3   Christine J. Levin (SBN 192181)
    640 S. San Vicente Blvd., Suite 230
4   Los Angeles, CA  90048
    Telephone: (323) 936-2274
5   Fax: (323) 939-7973
6
    LAW OFFICES OF MICHAEL H. ROSENSTEIN
7   Michael H. Rosenstein (SBN 169091)
    433 N. Camden Drive, Suite 400
8   Beverly Hills, CA 90210
    Telephone: (310) 285-1595
9   Facsimile: (310) 285-0401
10

CONFORMED COPY
OF ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 24 2013

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
TRACY BARKLEY

11  Attorneys for Plaintiffs, STEVEN MEUCHEL and GAYLE MEUCHEL

12

13              SUPERIOR COURT OF CALIFORNIA

14          COUNTY OF LOS ANGELES-CENTRAL DISTRICT

15  STEVEN MEUCHEL and GAYLE        Case No.: BC481727
16  MEUCHEL,

17          Plaintiffs,            [PROPOSED] ORDER RE
                                   PLAINTIFF'S ATTORNEY'S FEES
18      vs.                        AND COSTS

19  FORD MOTOR COMPANY, a Delaware  *Assigned for All Purposes to the
20  corporation, and DOES 1 through 10, inclusive,  Honorable Michael L. Stern*

21          Defendants.           Hearing Date: 07/11/13
                                   Time:       8:30 AM
22                                 Dept.:      62
23

24      PLEASE TAKE NOTICE that on July 11, 2013, at 8:30 a.m., in Department 62 of the

25  above captioned court located at 111 N. Hill Street, Los Angeles, California the Court called the

26  matter on Plaintiff's Motion for Attorney's Fees and Costs. Plaintiffs, STEVEN MEUCHEL and

27

28

                                        1
                                  [PROPOSED]
                  ORDER RE PLAINTIFF'S MOTION FOR FEES AND COSTS

1 | GAYLE MEUCHEL, appeared by and through their attorney of record, Michael H. Rosenstein,

2 | Esq. Defendant FORD MOTOR COMPANY appeared by and through their counsel, Rachel T.

3 | Maida, Esq. of Gates, O'Doherty, Gotner & Guy, LLP.

4 | **THE COURT HEREBY ORDERS:**

5 | 

6 | Based upon the parties agreement that the Court determine attorney's fees upon noticed

7 | motion pursuant to California Civil Code §1794(d) and 15 U.S.C. § 2310(d), Plaintiff's noticed

8 | motion for attorney's fees and costs, Defendant's opposition thereto, and the parties oral

9 | argument;

10 |

11 | 1. Plaintiff's are awarded attorney's fees in the amount of $42,500.00;

12 | 2. Plaintiff's are awarded costs in the amount of $3,414.67;

13 | 3. Defendant to pay Plaintiff's the total sum of $45,914.67 as attorney's fees and costs.

14 |

15 |

16 | Dated: July 24, 2013

**MICHAEL L. STERN**
Honorable MICHAEL L. STERN,
Judge of the Superior Court

2

[PROPOSED]
ORDER RE PLAINTIFF'S MOTION FOR FEES AND COSTS

# EXHIBIT 14

*Superior Court of California*
*County of Los Angeles*

| | |
|---|---|
| Brian Snell, | Case No.:  BC 476133 |
| Plaintiff, | |
| vs. | Tentative Ruling |
| Ford Motor Co | |
| Defendant | |

Hearing Date: September 17, 2013
Department 54, Judge Ernest M. Hiroshige
Motion for Attorney Fees
<u>Moving Party</u>:  Plaintiff Brian Snell ("Plaintiff")
<u>Responding Party</u>:  Defendant Ford Motor Co. ("Defendant")

T/R:   THE MOTION IS GRANTED IN PART.  THE COURT AWARDS PLAINTIFF
       TOTAL ATTORNEY'S FEES OF $35,854.69 (WITH 1.25 MULTIPLIER ON
       $28,683.75 IN LODESTAR FEES) AND COSTS IN THE AMOUNT OF $3,133.58.

       PLAINTIFF TO NOTICE.

       The Court considers the moving papers, the opposition, and the reply

       In the motion, Plaintiff contends that the parties agreed in the settlement
agreement for this matter that Plaintiff would recover his reasonable attorney's fees
pursuant to the Song-Beverly Warranty Consumer Act.  Plaintiff contends that his
counsel has reasonably incurred $35,413.75 in lodestar fees and that a multiplier of 1.5
should increase that amount by $17,707.10.  Plaintiff contends he is entitled to $3,133.58
in costs, for a total fees and costs award of $56,254.43.

       "The verified time statements of the attorneys, as officers of the court, are entitled
to credence in the absence of a clear indication the records are erroneous." (*Horsford v.
Board Of Trustees Of California State University* (2005) 132 Cal.App.4th 359, 396.)  If the
motion is supported by evidence, the opposing party must respond with specific evidence
showing that the fees are unreasonable. (*Premier Med. Mgmt. Sys. v. California Ins*

1

*Guarantee Ass'n* (2008) 163 Cal.App.4th 550, 560-63.)   The Court has discretion to reduce fees that result from inefficient or duplicative use of time. (*Horsford* at 395.)

"The determination of what constitutes a reasonable fee generally 'begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate....'" "[T]he lodestar is the basic fee for comparable legal services in the community; it may be adjusted by the court based on factors including, as relevant herein, (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award...." (*Graciano v. Robinson Ford Sales, Inc.* (2006) 144 Cal.App.4th 140, 154.)

"If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." (Civ. Code § 1794(d).)

"The lodestar method is applicable to calculating attorney fees under section 1794, subdivision (d) ... because 'the lodestar adjustment method is the prevailing rule for calculation of statutory attorney fees unless the statute expressly indicates a contrary intent, and no such contrary intent is apparent.'" (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 997.)

Reasonable Hourly Rate

Plaintiff claims attorney fees based on an hourly rate of $350/hour for Mr. Mikhov, $325/hour for Mr. Rosenstein, $175/hour for Mr. Kirnos, $225/hour for Ms. Ungs, $300/hour for Ms. Levin and $400/hour for Mr. Romano. (Rosenstein Decl. ¶¶ 5, 6, Ex. A; Mikhov Decl. ¶¶ 37, 39, 42, Ex. G; Ungs Decl., ¶ 5). These rates are well within the range of fees charged by other attorneys who specialize in this area of law. (Rosenstein Decl. ¶ 5; Mikhov Decl. ¶ 42(a-g)). Defendant has not disputed the reasonableness of the hourly rates claimed by Plaintiff's attorneys.

Reasonable Hours Expended

Plaintiff contends that it has incurred $35,413.7 in attorney's fees, $19,557.50 by counsel OM Law and $15,856.25 by Law Offices of Michael Rosenstein. Rosenstein claims that his office spent 65.75 hours on this matter. Attorney Mikhov, of OM Law, attaches billing entries but does not indicate the total amount of time expended. (See Mikhov Decl. ¶ 43, Exh. H; Rosenstein Decl. ¶ 7.) Given that the declarations and billing entries appear facially reasonable, Plaintiff met his initial burden on this motion of showing the reasonableness of the amount of time expended. The Court also considers counsel's declaration evidence regarding the amount of work spent on discovery and trial preparation. (See Mikhov Decl. ¶¶ 11-30; Rosenstein Decl. ¶ 7, Exh. A.)

2

Defendant contends that Plaintiff improperly requests 20.2 hours for a discovery motion for which the Court awarded Plaintiff $2,460 in sanctions. The Court agrees with Defendant that Plaintiff cannot recover fees for a discovery motion for which he has been awarded sanctions, as that would amount to a duplicative award. In reply, Plaintiff has withdrawn the request for fees associated with this motion to compel in the amount of $6,730. This amount corresponds to the amount claimed in the billing entries. (Mikhov Decl. Exh. A.)

Defendant contends that Plaintiff unreasonably incurred 22.75 hours preparing this motion for attorney's fees. Given the detailed and helpful nature of the moving and reply papers, and the fact that a hearing may be required, this amount of hours and corresponding fees ($4,468.75) is reasonable.

Defendant contends that Plaintiff unreasonably incurred more than 20 hours in document review, including for documents that Plaintiff's counsel admits were produced by Defendant in prior matters. The evidence reflects that Defendant produced 4,600 pages of documents in this matter, and that the time Plaintiff spent reviewing those documents was reasonable. The Court would incorporate by this reference Plaintiff's reply brief in response to the billing entries that Defendant contends are unreasonable.

Multiplier

Defendant has cited no authorities to support its argument that a multiplier may not be applied to an award of attorney's fees under the Song-Beverly Warranty Consumer Act. As a multiplier is part of the lodestar calculation, which applies to requests for attorney's fees under the Act, this argument is unpersuasive.

Courts look to the following factors, among others, in determining whether a multiplier is appropriate: "(1) the novelty and difficulty of the questions involved, and the skill displayed in presenting them; (2) the extent to which the nature of the litigation precluded other employment by the attorneys; (3) the contingent nature of the fee award, both from the point of view of eventual victory on the merits and the point of view of establishing eligibility for an award; (4) the fact that an award against the state would ultimately fall upon the taxpayers; (5) the fact that the attorneys in question received public and charitable funding for the purpose of bringing law suits of the character here involved; (6) the fact that the monies awarded would inure not to the individual benefit of the attorneys involved but the organizations by which they are employed." (See *Serrano v. Priest* (1977) 20 Cal.3d 25, 48.)

The Court finds a that small upward multiplier is appropriate given that the matter was taken on a contingency and given the delay of payment of attorney's fees to Plaintiff's counsel (the action was filed December 30, 2011.) However, there is no showing from Plaintiff as to the novelty or difficulty of the questions involved or that the nature of the litigation precluded other employment by counsel. Accordingly, the Court awards a multiplier of 1.25 and thereby increases Plaintiff's lodestar fees of $28,683.75

3

($35,413.75 requested fees - $6,730 for motion to compel compliance) by $7,170.94. Therefore, the Court awards Plaintiff total attorney's fees of $35,854.69.

Costs

        Defendant does not challenge Plaintiff's request for costs in the amount of $3,133.58. Accordingly, the motion is granted as to the request for costs.

Date: September 17, 2013

Judge Ernest M. Hiroshige

4

# EXHIBIT 15

01/23/2015 FRI 16:07  FAX                                                                ☐001/003

FILED
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

JAN 20 2015

LORAYNE CLEEK, CLERK
BY

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF TULARE**

| | |
|---|---|
| JAMES VALENCIA,<br><br>            Plaintiffs,<br><br>   vs.<br><br>FORD MOTOR COMPANY, a Delaware<br>Corporation, and DOES 1 through 10,<br>inclusive,<br><br>            Defendant. | Case No: 252468<br><br>[PROPOSED] ORDER AFTER<br>HEARING ON PLAINTIFFS' MOTION<br>FOR ATTORNEY'S FEES AND COSTS<br><br>Date: January 6, 2015<br>Time: 8:30 a.m.<br>Dept. 1 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

The matter of Plaintiffs' Motion for Attorney's Fees and Costs came on regularly for hearing on January 5, 2015, at 8:30 a.m., in Department 1 of the Tulare County Superior Court, located at 221 South Mooney, Tulare, CA, the Honorable Melinda M. Reed, Judge Presiding.

Michael Rosenstein, Esq. appeared on behalf of Plaintiff, James Valencia, and Jonathan Shugart of The Erskine Law Group appeared on behalf of Defendant, Ford Motor Company. Having read the motion, the memorandum and the declarations filed by the parties, the Court makes the following orders:

**IT IS HEREBY ORDERED**

1. Plaintiffs' Motion for Attorney's Fees is GRANTED in the principal sum of $72,195.00, plus interest thereon at the legal rate of 10%;

-1-

**ORDER AFTER HEARING ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS**

DB
JAN 07 2015

1        2.  Plaintiff's Costs are granted in the principal amount of $5,963.44, plus interest

2        thereon at the legal rate of 10%.

3

4    Dated: _____

5                                         _____

6                               MELINDA M. REED
                           Judge Presiding

7

8    Prepared by:

9

10   **LAW OFFICES OF MICHAEL H. ROSENSTEIN**
    Michael H. Rosenstein (SBN 169091)

11   433 N. Camden Drive, Suite 400
    Beverly Hills, CA 90210

12   Telephone: (310)285-1595

13   Attorneys for Plaintiffs,
    JAMES VALENCIA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER AFTER HEARING ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES
AND COSTS**

# EXHIBIT 16

Copy BY FAX



SUPERIOR COURT
FILED
F⁻ - 3 2015
FILED
COLUSA COUNTY

## SUPERIOR COURT OF CALIFORNIA

### COUNTY OF COLUSA

| | |
|---|---|
| JIMMY THIESSEN AND<br>TIFFANY THIESSEN,<br><br>Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY, a Delaware<br>Corporation, and DOES 1 through 10,<br>inclusive,<br><br>Defendants. | Case No.: CV23968<br>Unlimited Jurisdiction<br><br>*Assigned for All Purposes to the Honorable<br>Jeffrey A. Thompson*<br>Department 1<br><br>[Proposed]<br>AMENDED ORDER AWARDING<br>ATTORNEYS' FEES AND COSTS<br><br>Action Filed:  May 7, 2013<br>Trial Date:  July 8, 2014 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

The matter of Plaintiffs' Motion for Attorney's Fees and Costs came on regularly for hearing on January 13, 2015, at 9:00 a.m., in Department 1 of the Colusa County Superior Court, located at 547 Market Street in Colusa, California, the Honorable Jeffrey A. Thompson, Judge Presiding.

Michael Rosenstein, Esq. appeared on behalf of the Plaintiffs, Jimmy Thiessen and Tiffany Thiessen, and no appearance on behalf of Defendant, Ford Motor Company. Having read the motion, the memorandum and the declarations filed by the parties, the Court makes the following orders:

IT IS HEREBY ORDERED

1. Plaintiffs' Motion for Attorney's Fees is GRANTED in the principal sum of $114,411.69 based upon $45,262.50 as fees for the O'Connor & Mikhov Firm and

-1-

ORDER AFTER HEARING ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES
AND COSTS

1    $69,149.19 for the Law Offices of Michael H. Rosenstein, plus interest thereon at the

2    legal rate of 10% from the date of service of the duly executed order; and

3    2.  Plaintiff's Costs are granted in the principal amount of $11,717.39, plus interest

4    thereon at the legal rate of 10% from the date of service of the duly executed order.

5    3.  The total amount ordered payable by the Defendant is $126,129.08

6

7    Dated: ___FEB - 3 2015___

8                                                    JEFFREY A. THOMPSON
                                                     _____
9                                                    *Jeffrey A. Thompson*
                                                     Judge Presiding
10

11   Prepared by:

12
     **LAW OFFICES OF MICHAEL H. ROSENSTEIN**
13   Michael H. Rosenstein (SBN 169091)
     433 N. Camden Drive, Suite 400
14   Beverly Hills, CA 90210
     Telephone: (310)285-1595
15

16   Attorneys for Plaintiffs,
     JIMMY THIESSEN AND
17   TIFFANY THIESSEN

18

19

20

21

22

23

24

25

26

27

28

-2-

**ORDER AFTER HEARING ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES
AND COSTS**

# EXHIBIT 17

**Superior Court of California**

**County of Los Angeles**

Department 36

HELM,

       Plaintiff(s),

  v.

CHRYSLER GROUP LLC,

       Defendant(s).

Case No.: BC519503

Hearing Date: 9/9/15

~~[TENTATIVE]~~ RULING RE:
PLAINTIFF'S MOTION FOR ATTORNEY'S
FEES AND COSTS AND EXPENSES.

The motion is granted in a reduced sum, not as prayed.

1. As to the issue of **prevailing party**, the court determines that the two settlement offers were rejected and involved too much uncertainty in terms, as explained in the reply, at pages 1 through 3 and 6 through 11.

2. The **multiplier** is not warranted, for the reasons set forth in the opposition, page 15.

3. The **hourly rates**, increasing with attorney experience, appear standard considering what has been charged in the local legal community.

4. The opposing log of items claimed **excessive times or sums**, is an overly broad, "shotgun" approach. Many of the tasks attacked as being excessive in time are just small fractions of an hour to do the job.

5. Defendant argues for more evidentiary detail from moving party, where the law does not require it.

Civil Code **Section 1794(d)** requires a court to base the attorneys' fee award on actual time expended on the case, and reasonably incurred, as to time spent, and amount, under all circumstances including complexity of the case, procedural demands, skill exhibited, and results achieved. McKenzie v. Ford Motor Co. (2015) 238 Cal. App. 4th 695, 703.

"The plain wording of the statute [Civ. C. §1794] requires the trial court to base the fee award upon actual time expended on the case, as long as such fees are reasonably incurred—both from the standpoint of time spent and the amount charged." Robertson v. Fleetwood Travel Trailers of California, Inc. (2006) 144 Cal.App.4th 785, 817.

As to Song–Beverly warranty claims, prevailing buyers have the burden to show that the fees incurred were reasonably necessary to the conduct of the litigation, and were reasonable amounts. Doppes v. Bentley Motors, Inc. (2009) 174 Cal.App.4th 967, 998.

The appellate court reviews awards of attorney fees under Civil Code section 1794, subdivision (d), for abuse of discretion. Doppes v. Bentley Motors, Inc. (2009) 174 Cal.App.4th 967, 998.

A court recently was reversed, after determining there was no **prevailing party**, denying fees incurred after an auto manufacturer's settlement offer, and denying duplicative fees, as shown by the following excerpt:

> The trial court's erroneous comparison of Ford's initial compromise offer with the offer McKenzie later accepted fatally undermines its conclusion that the entire amount of hours billed by McKenzie's counsel in the wake of that initial offer was unjustified. The court's additional finding, that McKenzie's two attorneys also engaged in instances of duplicative billing after Ford's initial offer, does not support a complete denial of fees for that period. Consequently, we remand the matter to the trial court with directions to reconsider the fee award.

McKenzie v. Ford Motor Co. (2015) 238 Cal. App. 4th 695, 698 (Cal. App. 4th Dist. 2015)

A cited opinion involved litigation only over a penalty, as to which the car buyer did not prevail, as shown by the following excerpt:

> Mercedes-Benz immediately admitted liability for failure to replace or repurchase the car and offered to do so, the amount [24] of restitution was not contested, and the entire trial concerned the civil penalty, MacQuiddy's main litigation objective was to obtain a civil penalty. The fight in this case was not about the repurchase of the car. (See Foothill Properties, supra, 46 Cal.App.4th at pp. 1555–1556; Epstein v. Frank (1981) 125 Cal.App.3d 111, 124 [177 Cal. Rptr. 831] ["It is not always the case however that the party in whose favor the final judgment is entered will be deemed to be the prevailing party. For example, the party who prevails on all of the issues which were actually litigated at the trial will be deemed the prevailing party even though the judgment may be entered in favor of the opposing party."].) The trial court did not abuse its discretion in determining MacQuiddy did not prevail under the Act and therefore was not entitled to attorney fees.

MacQuiddy v. Mercedes-Benz USA, LLC (2015) 233 Cal. App. 4th 1036, 1049.

An offer under Code of Civil Procedure **Section 998** may include nonmonetary terms and conditions, but must be sufficiently specific to enable meaningfully evaluating it and its worth, and a reasoned decision about accepting it.  MacQuiddy v. Mercedes-Benz USA, LLC (2015) 233 Cal. App. 4th 1036, 1050  ("Because of the undefined and subjective nature of the term that Mercedes-Benz would repurchase the 'undamaged' car, we conclude the section 998 offer was at least ambiguous, and was therefore not valid.").

Trial court's determinations of issues related to Section 998 are reviewed for abuse of discretion.  Clark v. Optical Coating Lab. (2008) 165 Cal.App.4th 150, 185; Santantonio v. Westinghouse Broad. Co. (1994) 25 Cal. App. 4th 102, 121.

1    "The award of a **multiplier** is in the end a discretionary matter largely left to the trial court."

2    Hogar v. Community Development Com'n of City of Escondido (2007) 157 Cal.App.4th 1358,

3    1371.

4    "[T]he trial court is not required to include a fee enhancement for exceptional skill, novelty of

5    the questions involved, or other factors. Rather, applying a multiplier is discretionary."   Rey v.

6    Madera Unif. Sch. Dist. (2012) 203 Cal.App.4th 1223, 1242.

7

8    As for **evidentiary burdens**, attorney billing records are not required, but there must be some

     evidence in support of fees. Martino v.  Denevi (1986) 182 Cal.App.3d 553, 558-559;  Weber v.

9    Langholz (1995) 39 Cal. App. 4th 1578, 1587.

10

11   "It is not necessary to provide detailed billing timesheets to support an award of attorney fees

12   under the lodestar method.... Declarations of counsel setting forth the reasonable hourly rate, the

     number of hours worked and the tasks performed are sufficient." Concepcion v. Amscan

13   Holdings, Inc. (2014) 223 Cal.App.4th 1309, 1324.

14

15   The requirement of substantial evidence is inapposite as to attorney fee awards.  Maughan v.

16   Google Technology, Inc. (2006) 143 Cal.App.4th 1242, 1249.  But see Yield Dynamics, Inc. v.

17   Tea Sys. Corp. (2007) 154 Cal.App.4th 547, 576 ("A request for an award of attorney fees is

     entrusted to the trial court's discretion and will not be overturned in the absence of a manifest

18   abuse of discretion, a prejudicial error of law, or necessary findings not supported by substantial

19   evidence.").

20

21   " 'Although a fee request ordinarily should be documented in great detail, it cannot be said ...

     that the absence of time records and billing statements deprive[s] [a] trial court of substantial

22   evidence to support an award....' "  City of Colton v. Singletary (2012) 206 Cal.App.4th 751,

23   784-85.

24

25   "[V]erified time statements of the attorneys, as officers of the court, are entitled to credence in

     the absence of a clear indication the records are erroneous." Horsford v. Board Of Trustees Of

                                                                                                    4

California State Etc. (2005) 132 Cal.App.4th 359, 396 (deciding it was an abuse of discretion to completely disregard counsel's time records based upon finding numerous instances of overlapping work).

Parties opposing motions for attorneys' fees fail to show any abuse of discretion where they merely contend that amounts of attorneys' fees are excessive, without providing a specific analysis or factual support. Mallard v. Progressive Choice Ins. Co. (2010) 188 Cal.App.4th 531, 545; Raining Data Corp. v. Barrenechea (2009) 175 Cal.App.4th 1363, 1376 (an "'assertion [that] is unaccompanied by any citation to the record or any explanation of which fees were unreasonable or duplicative' is insufficient to disturb the trial court's discretionary award of attorney fees."); Maughan v. Google Technology, Inc. (2006) 143 Cal. App. 4th 1242, 1250; Avikian v. Wtc Fin. Corp. (2002) 98 Cal. App. 4th 1108, 1119; Premier Medical Management Systems, Inc. v. California Insurance Guarantee Association (2008) 163 Cal.App.4th 550, 560 (emphasizing that opposing parties "submitted no evidence that the hours claimed by counsel were excessive," and declining to "declare as a matter of law that the hours were unreasonable"); Villanueva v. City of Colton (2008) 160 Cal.App.4th 1188, 1204 (opposing party "offered no evidence of any kind which might have warranted a reduced fee award.").

The determination of **reasonable amount** of attorney fees is within the sound discretion of trial courts. PLCM Group v. Drexler (2000) 22 Cal.4th 1084, 1095; Akins v. Enterprise Rent-A-Car Co. (2000) 79 Cal. App. 4th 1127, 1134.

"'"[P]adding' in the form of inefficient or duplicative efforts is not subject to compensation.'" Premier Medical Management Systems, Inc. v. California Insurance Guarantee Association (2008) 163 Cal.App.4th 550, 556.

In setting the **hourly rate** for an attorney fees award, courts are entitled to consider the rate of "'fees customarily charged by that attorney and others in the community for similar work.'" Bihun v. AT&T Information Systems, Inc. (1993) 13 Cal. App. 4th 976, 997 (affirming rate of $450 per hour), *overruled on other grounds by* Lakin v. Watkins Associated Indus. (1993) 6 Cal. 4th 644, 664.

5

In determining a reasonable attorney's fee award, judges have <u>discretion</u> to disallow attorney fees incurred after a **reasonable settlement offer**, where the ultimate recovery was no better, even where Code of Civil Procedure Section 998 is inapplicable. <u>Meister v. Regents of Univ. of Cal</u>. (1998) 67 Cal. App. 4th 437, 452.

Regarding **costs**, a party who does not prevail under Civil Code Section 1794(d), could still be a prevailing party for purposes of Code of Civil Procedure Section 1032. <u>MacQuiddy v. Mercedes-Benz USA, LLC</u> (2015) 233 Cal. App. 4th 1036, 1051.

The Court awards to Plaintiff attorneys' fees, in the sum of $66,172.80, and costs and expenses, in the total amount of $3,322.33, payable forthwith by Defendant

Dated: 9/9/15

Gregory W. Alarcon

Gregory Alarcon

Superior Court Judge

I certify that this is a true and correct copy of the original_____ Ruling
on file in this office consisting of 2 pages.
SHERRI R. CARTER, Executive Officer / Clerk of the
Superior Court of California, County of Los Angeles.
Date SEP 5 2015 By:_____, Deputy

D. WADE

# EXHIBIT 18





**FILED**

NOV 12 2015

JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: T. Fraguero, Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MARIN



| | |
|---|---|
| STEVEN WIESSLER, | Case No.: CIV1303232 |
| | Unlimited Jurisdiction |
| Plaintiff, | |
| | [PROPOSED] ORDER AFTER |
| vs. | HEARING ON PLAINTIFF'S |
| | MOTION FOR ATTORNEY'S FEES |
| FORD MOTOR COMPANY, a Delaware | AND COSTS AND EXPENSES |
| Corporation, and DOES 1 through 10, | |
| inclusive, | Date: October 27, 2015 |
| | Time: 9:00 a.m. |
| | Dept: A |
| Defendants. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

The matter of Plaintiff's Motion for Attorney's Fees and Costs and Expenses, came on

regularly for hearing on October 27, 2015, 9:00 a.m., in Department A, of the above-entitled court

located at 3501 Civic Center Drive, San Rafael, CA, the Honorable Geoffrey M. Howard, Judge

Presiding.

///

///

ORDER

1    Roger Kimos of O'Connor & Mikhov LLP appeared on behalf of Plaintiff, STEVEN

2    WIESSLER, and Jonathan M. Shugart of The Erskine Law Group appeared on behalf of

3    Defendant, FORD MOTOR COMPANY. Having read the motion, the memorandum and the

4    declarations filed by the parties, and having entertained oral argument of counsel, the Court

5    adopted its tentative ruling in part, as follows:

6

7    1.  Plaintiff's Motion for Attorney's Fees and Costs and Expenses is GRANTED;

8    2.  The Court reduces the O'Connor & Mikhov fees by $4,655.00 for the billing of contract

9        attorneys;

10   3.  The Court reduces the Wirtz Law Office fees by 6.1 hours;

11   4.  The court finds it appropriate to reduce Plaintiff's attorney's hourly rates by 15% to be

12       commensurate with the prevailing local rate for similar work;

13   5.  Plaintiff is awarded attorney's fees in the amount of $85,760.75;

14   6.  The Court finds it appropriate to apply a lodestar multiplier of 1.50 to reflect the risk

15       undertaken by Plaintiff's counsel in litigating this matter in the amount of $42,880.37;

16   7.  Plaintiff is awarded his unopposed request for costs and expenses incurred in this action

17       in the amount of $15,496.65; and

18   8.  Plaintiff is awarded a total amount of attorneys' fees and costs and expenses in the amount

19       of $144,137.77.

20

21   IT IS HEREBY ORDERED.

22

23

24                                    IT IS SO ORDERED

25

26   Dated:  11-12-15                              GEOFFREY M. HOWARD

27   _____        Judge of the Superior Court

28

-1-

ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Prepared by:

**O'CONNOR & MIKHOV, LLP**

Mark O'Connor (SBN 157680)
Steve Mikhov, Esq. (SBN 224676)
Lauren Ungs (SBN 273374)
1801 Century Park East, Ste. 2300
Los Angeles, CA   90067
Telephone: (310) 552-2250
Fax: (310) 552-7973

Attorneys for Plaintiff,
STEVEN WIESSLER

-2-

ORDER

# EXHIBIT 19

*A*

FILED

DEC 03 2015

JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: T. Fraguero, Deputy

1

2

3

4

5

6

7

8                    **SUPERIOR COURT OF CALIFORNIA**

9                    **COUNTY OF MARIN**

10                                                          BY FAX

11   **NEIL KRAN and MERYL SCHNEIDER,**          Case No.: CIV1302144
                                                 Unlimited Jurisdiction
12                 Plaintiffs,

13          vs.                                  **AMENDED [PROPOSED] ORDER
                                                 AFTER HEARING ON PLAINTIFFS'**
14                                               **MOTION FOR ATTORNEY'S FEES
                                                 AND COSTS AND EXPENSES**
15   **FORD MOTOR COMPANY, a Delaware
     Corporation, and DOES 1 through 10,**       Date: November 10, 2015
16   **inclusive,**                              Time: 9:00 a.m.
                                                 Dept: A
17

18                 Defendants.

19

20

21   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

22          The matter of Plaintiffs' Motion for Attorney's Fees and Costs and Expenses, came on

23   regularly for hearing on November 10, 2015, 9:00 a.m., in Department A, of the above-entitled

24   court located at 3501 Civic Center Drive, San Rafael, CA, the Honorable Geoffrey M. Howard,

25   Judge Presiding.

26   ///

27   ///

28

                              AMENDED [PROPOSED] ORDER

1    Roger Kirnos specially appeared on behalf of O'Connor & Mikhov, LLP for Plaintiffs,

2  NEIL KRAN and MERYL SCHNEIDER, and Jonathan M. Shugart of The Erskine Law Group

3  appeared on behalf of Defendant, FORD MOTOR COMPANY. Having read the motion, the

4  memorandum and the declarations filed by the parties, and having heard oral argument of

5  counsel, the Court rules as follows:

6

7     1.  Plaintiffs' Motion for Attorney's Fees and Costs and Expenses is GRANTED;

8     2.  The Court reduces the O'Connor & Mikhov, LLP billing by 25.6 hours for the billing of

9        contract attorneys, Mr. Gottlieb, Mr. Ricucci and Mr. Engebretson;

10    3.  The Court reduces the O'Connor & Mikhov, LLP fees by 3.1 hours in connection with

11       work on Defendant's motion to compel and a partial reduction for Mr. Mikhov's review

12       of motions *in limine*;

13    4.  The Court reduces the Wirtz Law fees by 2.3 hours for duplicative review of the case file;

14    5.  The Court reduces the hourly rate of paralegal Ryan Ward from the Wirtz Law office to

15       $150.00;

16    6.  The Court finds it appropriate to reduce Plaintiffs' attorneys' hourly rates by 15% to be

17       commensurate with the prevailing local rate for similar work;

18    7.  Plaintiffs are awarded lodestar attorney's fees in the amount of $73,918.63;

19    8.  The Court finds it appropriate to award a lodestar multiplier of 1.50 to reflect the risk

20       undertaken by Plaintiffs' counsel in litigating this matter in the amount of $36,959.31;

21    9.  Plaintiffs are awarded their unopposed request for costs and expenses incurred in this

22       action in the amount of $12,069.40; and

23    10. Plaintiffs are awarded a total amount of attorneys' fees and costs and expenses in the

24       amount of $122,947.34.

25

26                   IT IS SO ORDERED

27

28  Dated: 12/3/15

                                      Judge of the Superior Cour

-1-

AMENDED [PROPOSED] ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Prepared by:
**O'CONNOR & MIKHOV, LLP**
Mark O'Connor (SBN 157680)
Steve Mikhov, Esq. (SBN 224676)
Lauren Ungs (SBN 273374)
1801 Century Park East, Ste. 2300
Los Angeles, CA   90067
Telephone: (310) 552-2250
Fax: (310) 552-7973

Attorneys for Plaintiffs,
NEIL KRAN and
MERYL SCHNEIDER

-2-

AMENDED [PROPOSED] ORDER

# EXHIBIT 20

15

**O'CONNOR & MIKHOV LLP**
Mark O'Connor (SBN 157680)
Steve B. Mikhov (SBN 224676)
Lauren A. Ungs (SBN 273374)
1801 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 552-2250
Fax: (310) 552-7973

**LAW OFFICES OF MICHAEL H. ROSENSTEIN**
Michael H. Rosenstein (SBN 169091)
Roger Kirnos (SBN 283163)
1801 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 286-0275
Fax: (310) 286-0274

F I L E D
Superior Court of California
County of San Francisco

DEC 0 1 2015

CLERK OF THE COURT
BY: _____
Deputy Clerk

Attorneys for Plaintiff,
DONALD YERBIC

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| DONALD YERBIC,<br><br>Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY, a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: CGC-13-533092<br>Unlimited Jurisdiction<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS AND EXPENSES**<br><br>Hearing Date:   December 1, 2015<br>Time:              9:30 a.m.<br>Dept.:             302 |

i

1  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that on December 1, 2015 at 9:30 a.m. in Department 302 of

3  the San Francisco County Superior Court located at 400 McAllister Street in San Francisco,

4  California, Plaintiff Donald Yerbic moved the court for an award of attorney's fees and costs and

5  expenses pursuant to Civil Code § 1794(d) of the Song Beverly Consumer Warranty Act (CIV.

6  Code 1790 et. seq).

7      Plaintiff requested $70,020.00 in attorney's fees plus a lodestar enhancement of 1.5 in the

8  amount of $35,010.00.  Plaintiff also requested $3,995.20 in costs.

9      Having read the motion, the memorandum and declarations filed by the parties, the court

10  makes the following ruling:

11      Plaintiff's Motion for Attorney's Fees and Costs and Expenses is GRANTED. Plaintiff is

12  awarded $70,000.00 in attorney's fees. Plaintiff is also awarded $3,995.00 for cost and expenses.

13

14      IT IS HEREBY ORDERED.

15

16                                             IT IS SO ORDERED

17

18

19

20  Dated:  DEC 0 1 2015                    _Ernst H. Goldsmith_

21                                        Judge of the Superior Court

22                                        **ERNEST H. GOLDSMITH**

23

24

25

26

27

28

                                        ii

# EXHIBIT 21

ORIGINAL

1  Scott M. Erskine (SBN 257466)
   serskine@erskinelawgroup.com
2  Jonathan M. Shugart (SBN 278221)
   jshugart@erskinelawgroup.com
3  ERSKINE LAW GROUP
   342 South Main Street
4  Rochester, MI 48307
   Telephone:   (248)601-4499
5  Facsimile:   (248)601-4997

6  Attorney for Defendant
   FORD MOTOR COMPANY

7

8                THE STATE OF CALIFORNIA

9       SUPERIOR COURT FOR THE COUNTY OF TULARE

10

11 MICHAEL WING AND VICKY WING       Case No. VCU253635

12        Plaintiffs,                [PROPOSED] ORDER GRANTING
                                     PLAINTIFFS' MOTION FOR
13     v.                            ATTORNEY'S FEES AND COSTS

14 FORD MOTOR COMPANY, a Delaware    Date: December 21, 2015
   Corporation, and DOES 1 through 20,   Time: 8:30 A.M.
15 inclusive,                        Dept: 1

16        Defendants.

17

18

19      Pursuant to agreement of the parties prior to oral hearing in this matter, the court orders

20 that Plaintiff's Motion for Attorney's Fees and Costs is GRANTED.  Plaintiffs shall be awarded

21 $102,381.75 in fees and $13,023.85 in costs for a total of $115,405.60.

22

23 Dated: 1 2 29 15

24                                   _____
                                     JUDGE OF THE SUPERIOR COURT
25

26

27

28

ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS

FILED
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

DEC 29 2015

LARAYNE CLEEK, CLERK
BY: _____

BY FAX

# EXHIBIT 22

COPY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 28 2016

Sherri R. Carter, Executive Officer/Clerk

By Paul Solis, Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

CRUZ PEREZ and MARIA VALDEZ,

Plaintiffs,

vs.

CHRYSLER GROUP LLC., a Delaware Limited Liability Company, and DOES 1 through 10, inclusive

Defendants.

Case No. BC528217
Unlimited Jurisdiction

[PROPOSED] ORDER ON PLAINTIFFS' ATTORNEY'S FEES AND COSTS AND EXPENSES

Date: June 6, 2016
Time: 8:30 a.m.
Dept: 56

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiffs' Motion for Attorney's Fees and Costs and Expenses, and Defendant's Motion to Strike Costs, or, in the alternative, to Tax Costs, came on regularly for hearing on June 6, 2016, 8:30 a.m., in Department 56, of the above-entitled court located at 111 North Hill Street, Los Angeles, California 90012, the Honorable Michael Johnson, presiding.

///

///

[PROPOSED] ORDER

Roger Kirnos of the Law Offices of Michael H. Rosenstein appeared on behalf of Plaintiffs, Cruz Perez and Maria Valdez, and Scott S. Shepardson of Nixon Peabody LLP appeared on behalf of Defendant, Chrysler Group LLC. Having read the motions, the memorandums and the declarations filed by the parties, and having entertained oral argument of counsel, the Court adopted its tentative ruling, as follows:

1. Plaintiffs' Motion for Attorney's Fees and Costs and Expenses is GRANTED in part. Plaintiffs are awarded attorney's fees in the amount of $50,441.00;

2. The Court finds that under the facts presented in this case, Defendant's initial settlement offer and subsequent CCP § 998 offer were not complete and definitive;

3. The Court finds that the following hourly rates requested by counsel are reasonable:
   - Steve Mikhov $500.00/hr
   - Lauren Ungs $350.00/hr
   - Daisy Ortiz $225.00/hr
   - Kirk Donnelly $375.00/hr
   - Kristina Stephenson-Cheang $350.00/hr
   - Kevin Van Hout $300.00/hr
   - Michael Rosenstein $450.00/hr
   - Roger Kirnos $300.00/hr

4. The Court finds that a 10% reduction for the lodestar fees is warranted for duplicative work and/or inefficiencies in billing;

5. The Court finds that a lodestar multiplier is not warranted;

6. Defendant's Motion to Strike, or, in the alternative Tax Costs is DENIED. Plaintiffs are awarded their full costs in the amount of $2,634.80, as all costs are permissible under Code of Civil Procedure §1033.5;

7. Plaintiffs are awarded a total amount of attorneys' fees and costs and expenses in the amount of $53,075.80.

-1-

[PROPOSED] ORDER

1

IT IS HEREBY ORDERED.

2

3                                              IT IS SO ORDERED

4

5   Dated: _____ JUN 2 8 2016            MICHAEL JOHNSON

6                                          Judge of the Superior Court

7

8   Prepared by:

9   **O'CONNOR & MIKHOV, LLP**
    Mark O'Connor (SBN 157680)

10  Steve Mikhov, Esq. (SBN 224676)
    1801 Century Park East, Ste. 2300

11  Los Angeles, CA  90067
    Telephone: (310) 552-2250

12  Fax: (310) 552-7973

13  Attorneys for Plaintiffs,

14  CRUZ PEREZ and MARIA VALDEZ

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

[PROPOSED] ORDER

# EXHIBIT 23

COPY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 1 2 2016

Sherri R. ~~~~~, executive Office/Clerk
By: ~~~~~~~~~~~~, Deputy
Ishayla Chambers

1  O'CONNOR & MIKHOV LLP
   Mark O'Connor (SBN 157680)
2  Steve B. Mikhov (SBN 224676)
   Christopher Swanson (SBN 278413)
3  1801 Century Park East, Suite 2300
   Los Angeles, CA 90067
4  Telephone: (310) 552-2250
   Fax: (310) 552-7973
5

6  Attorneys for Plaintiffs,
   JASMINE LEPE and
7  CLANCEY MCLAUGHLIN

8

9                  SUPERIOR COURT OF CALIFORNIA

10                    COUNTY OF LOS ANGELES

11

12  JASMINE LEPE and CLANCEY          Case No.: BC556273
    MCLAUGHLIN,                       Unlimited Jurisdiction
13
                                      NOTICE OF RULING REGARDING
14          Plaintiffs,               PLAINTIFFS' MOTION FOR
                                      ATTORNEY'S FEES AND COSTS AND
15     vs.                            EXPENSES AND DEFENDANT'S
                                      MOTION TO STRIKE COSTS OR TAX
16                                    COSTS AND ORDER TO SHOW CAUSE
    CHRYSLER GROUP LLC, a Delaware
17  Limited Liability Company, VALENCIA
    DODGE, INC., a California Corporation,   Date: August 2, 2016
18  dba CA SUPERSTORES VALENCIA CJD,    Time: 8:30 a.m.
    and DOES 1 through 10, inclusive and DOES   Dept: 50
19  1 through 10, inclusive,
20
21          Defendants.
22
23
24  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:
25       Plaintiffs' Motion for Attorney's Fees and Costs and Expenses, Defendant's Motion to
26  Strike Costs, or, in the alternative, to Tax Costs, and Order to Show Cause regarding Dismissal
27  came on regularly for hearing on August 2, 2016, 8:30 a.m., in Department 50, of the above-
28  entitled court located at 111 North Hill Street, Los Angeles, California 90012, the Honorable

NOTICE OF RULING REGARDING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS AND
EXPENSES AND DEFENDANT'S MOTION TO STRIKE OR TAX COSTS AND ORDER TO SHOW CAUSE

1  Teresa Beaudet, presiding.

2      Christopher Swanson of O'Connor and Mikhov, LLP., appeared on behalf of Plaintiffs,

3  Jasmine Lepe and Clancey McLaughlin, and Lisa Tudzin of Nixon Peabody LLP appeared on

4  behalf of Defendant, Chrysler Group LLC. Having read the motions, the memorandums and the

5  declarations filed by the parties, and having entertained oral argument of counsel, the Court

6  adopted its tentative ruling, as follows:

7

8     1.  Plaintiffs' Motion for Attorney's Fees and Costs and Expenses is GRANTED. Plaintiffs

9        are awarded attorney's fees in the amount of $69,728.75;

10     2.  Defendant's Motion to Strike, or, in the alternative Tax Costs is DENIED. Plaintiffs are

11        awarded their full costs in the amount of $4,983.35;

12     3.  Plaintiffs are awarded a total amount of attorneys' fees and costs and expenses in the

13        amount of $74,712.10;

14     4.  The Court continued the Order to Show regarding Dismissal after Settlement to August

15        23, 2016, at 8:30 a.m., in Department 50 of the Los Angeles Superior Court, located

16        111 North Hill Street, Los Angeles, California 90012.

17

18      Attached hereto as Exhibit 1, please find a true and correct copy of the Court's Minutes

19  Order entered on August 2, 2016.

20

21

22  Dated: August 11, 2016            **O'CONNOR & MIKHOV LLP**

23

24                          Mark O'Connor, Esq. (SBN 157680)

25                          Steve Mikhov, Esq. (SBN 224676)

                          Christopher Swanson (SBN 278413)

26                          Attorneys for Plaintiffs,

27                          JASMINE LEPE and CLANCEY MCLAUGHLIN

28

-1-

NOTICE OF RULING REGARDING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS AND EXPENSES
AND DEFENDANT'S MOTION TO STRIKE COSTS OR TAX COSTS AND ORDER TO SHOW CAUSE

# EXHIBIT 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 08/02/16

DEPT. 50

HONORABLE TERESA A. BEAUDET     JUDGE

A. HE                          DEPUTY CLERK
G. VELASQUEZ, C.A.

HONORABLE
#2                              JUDGE PRO TEM

ELECTRONIC RECORDING MONITOR

NONE                            Deputy Sheriff

KEVIN A. ROLDAN
CSR#13463                       Reporter

8:30 am | BC556273

JASMINE LEPE ET AL
VS
CHRYSLER GROUP LLC ET AL

Plaintiff        CHRISTOPHER SWANSON (X)
Counsel

Defendant        LISA TUDZIN (X)
Counsel

**NATURE OF PROCEEDINGS:**

PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS
AND EXPENSES;

DEFENDANT'S MOTION TO STRIKE COSTS OR TO TAX COSTS;

OSC RE DISMISSAL AFTER SETTLEMENT

The case is called.

The Court's tentative ruling is published to the
parties via posting on the Court's website.

The Stipulation and Order to Use Certified Shorthand
Reporter appointing official Court reporter pro
tempore in the current proceedings is signed and
filed this date.

Oral arguments are heard and the Court adopts its
tentative ruling as its final order, filed this
date and incorporated herein by reference.

Plaintiffs Jasmine Lepe and Clancey McLaughlin's
motion for attorneys' fees is GRANTED. Defendant's
motion to strike or tax costs is DENIED. Plaintiffs
are entitled to recover $69,728.75 in attorneys'
fees and $4,983.35 in costs from Defendant.

Plaintiffs to give notice.

Page    1 of    3    DEPT. 50

MINUTES ENTERED
08/02/16
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 08/02/16

DEPT. 50

HONORABLE TERESA A. BEAUDET       JUDGE

HONORABLE #2

NONE

JUDGE PRO TEM

Deputy Sheriff

A. HE       DEPUTY CLERK

G. VELASQUEZ, C.A.       ELECTRONIC RECORDING MONITOR

KEVIN A. ROLDAN
CSR#13463       Reporter

8:30 am   BC556273

JASMINE LEPE ET AL
VS
CHRYSLER GROUP LLC ET AL

Plaintiff Counsel   CHRISTOPHER SWANSON (X)

Defendant Counsel   LISA TUDZIN (X)

NATURE OF PROCEEDINGS:

LATER, OUTSIDE THE PRESENCE OF COUNSEL AND THE
COURT REPORTER:

The Court continues the Order to Show Cause
Re Dismissal After Settlement to August 23, 2016,
at 8:30 a.m., in Department 50 for dismissal of the
Doe Defendants. Counsel for Plaintiffs shall prepare
a proposed judgment for the award of attorney's
fees and costs.

Plaintiffs to give notice.

CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the Minute Order dated 8/2/2016
upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.

Dated: 8/2/2016

Sherri R. Carter, Executive Officer/Clerk

Page   2 of   3   DEPT. 50

MINUTES ENTERED
08/02/16
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 08/02/16 | | **DEPT.** 50 |
| HONORABLE TERESA A. BEAUDET        JUDGE | A. HE | DEPUTY CLERK |
| HONORABLE | G. VELASQUEZ, C.A. | |
| #2                          JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE                   Deputy Sheriff | KEVIN A. ROLDAN CSR#13463 | Reporter |

| | | |
|---|---|---|
| 8:30 am | BC556273 | Plaintiff Counsel  CHRISTOPHER SWANSON (X) |
| | JASMINE LEPE ET AL VS CHRYSLER GROUP LLC ET AL | Defendant Counsel  LISA TUDZIN (X) |

**NATURE OF PROCEEDINGS:**

By: _____
          A. He, Deputy Clerk

O'CONNOR & MIKHOV LLP
Lauren A. Ungs
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

Page   3 of   3   DEPT. 50

MINUTES ENTERED
08/02/16
COUNTY CLERK

# EXHIBIT 24

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 08/22/16

**DEPT.** 58

HONORABLE JOHN P. DOYLE          JUDGE

I. FLORES          DEPUTY CLERK

HONORABLE          JUDGE PRO TEM
#6

ELECTRONIC RECORDING MONITOR

Vienna Nguyen, CSR #13137

R.E. LEE, CA          Deputy Sheriff

Pro Tempore          Reporter

8:30 am  BC566511

FRANK J BACA ET AL
VS
CHRYSLER GROUP LLC ET AL

Plaintiff          ROGER KIRNOS  (X)
Counsel

Defendant          LISA TUDZIN  (X)
Counsel

**NATURE OF PROCEEDINGS:**

ORDER TO SHOW CAUSE HEARING REGARDING DISMISSAL IN
LIGHT OF SETTLEMENT PURSUANT TO CCP 664.6;

MOTION BY PLAINTIFFS (FRANK J. BACA AND FRANCES A.
BACA), FOR ATTORNEY'S FEES AND COSTS AND EXPENSES;

Motion as captioned above, is called for hearing and
held.

The Order Appointing Court Approved Reporter as
Official Reporter Pro Tempore is signed and filed
this date.

The court issues a written tentative in this matter.

The court hears from counsel.  After hearing from
counsel, the Court rules as follows:

Motion is GRANTED in part as modified.

Following a hearing, the Court departed from
its written tentative ruling on plaintiffs' Motion
for Attorney Fees and Costs only to the following
extent:  Attorney Fees are awarded in the lodestar
amount of $66,381, rather than in the reduced
amount set forth in the written tentative,
$49,785.75.

In all other respects, the Court adopted its

Page   1 of   3   DEPT. 58

MINUTES ENTERED
08/22/16
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 08/22/16

DEPT. 58

HONORABLE JOHN P. DOYLE     JUDGE     I. FLORES     DEPUTY CLERK

HONORABLE                    JUDGE PRO TEM     ELECTRONIC RECORDING MONITOR
#6                                              Vienna Nguyen, CSR #13137
        R.E. LEE, CA        Deputy Sheriff         Pro Tempore     Reporter

8:30 am | BC566511

FRANK J BACA ET AL
VS
CHRYSLER GROUP LLC ET AL

Plaintiff     ROGER KIRNOS  (X)
Counsel

Defendant     LISA TUDZIN  (X)
Counsel

**NATURE OF PROCEEDINGS:**

tentative ruling as the order of the court on the
motion.  The written tentative ruling is filed
concurrently herewith, under separate cover.

Today's Order to Show Cause as captioned above, is
continued to SEPTEMBER 28, 2016 at 8:30 a.m. in this
department.

The clerk gives notice.

        CLERK'S CERTIFICATE OF MAILING
I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the minute order dated: 8/22/16,
upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in Los Angeles, California, one
copy of the original filed/entered herein in a
separate sealed envelope to each address as shown
below with the postage thereon fully prepaid,
in accordance with standard court practices.

Dated: 8/23/16
Sherri R. Carter, Executive Officer/Clerk

By: _____
        I. Flores, Deputy Clerk

                Page   2 of   3   DEPT. 58

MINUTES ENTERED
08/22/16
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 08/22/16 | **DEPT.** 58 |
| HONORABLE JOHN P. DOYLE                    JUDGE | I. FLORES                    DEPUTY CLERK |
| HONORABLE #6                    JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| R.E. LEE, CA                    Deputy Sheriff | Vienna Nguyen, CSR #13137 Pro Tempore                    Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | BC566511 | Plaintiff Counsel | ROGER KIRNOS (X) |
| | FRANK J BACA ET AL VS CHRYSLER GROUP LLC ET AL | Defendant Counsel | LISA TUDZIN (X) |

**NATURE OF PROCEEDINGS:**

ROGER KIRNOS
Law Offices of Michael H. Rosenstein, LC
1801 Century Park East, Suite 2300
Los Angeles, CA   90067

MARK O'CONNOR
O'Connor & Mikhov, LLP
1801 Century Park East, Suite 2300
Los Angeles, CA   90067

LISA TUDZIN
Nixon Peabody LLP
300 South Grand Avenue, Suite 4100
Los Angeles, CA   90071

AARON M. BRIAN
Nixon Peabody LLP
555 West Fifth Street, 46th Floor
Los Angeles, CA   90013

Page   3 of   3   DEPT. 58

| |
|---|
| MINUTES ENTERED 08/22/16 COUNTY CLERK |

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

CENTRAL DISTRICT-STANLEY MOSK COURTHOUSE
CIVIL APPEALS UNIT
111 NORTH HILL STREET, ROOM 111-A
LOS ANGELES, CALIFORNIA 90012    DEPT. 58



U.S. POSTAGE ❯❯ PITNEY BOWES

ZIP 90012    $ 000.46⁵
02. 1W
0001403157 AUG. 23 2016



RECEIVED
AUG 25 2016

9006782325 C037

# EXHIBIT 25

Pursuant to CRC 2.259(e)(1) this document has been electronically filed by the Superior Court of California, County of Santa Barbara, on 1/9/2017

SEPEHR DAGHIGHIAN, State Bar No. 239349
**LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.**
433 North Camden Drive, Fourth Floor
Beverly Hills, California 90210
Telephone:   (310) 887-1333
Facsimile:   (310) 887-1334
E-mail:   sepehr@daghighian.com

Attorneys for Plaintiff,
DANIELLE M. HOLZER

**F I L E D**
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA
**01/19/2017**
Darrel E. Parker, Executive Officer
BY  Chavez, Terri
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA BARBRA

**DANIELLE M. HOLZER,**

Plaintiff,

vs.

**FORD MOTOR COMPANY, a Delaware Corporation, and DOES 1 through 10, inclusive,**

Defendants.

CASE NO. 15CV02771

*Assigned for all purposes to Department SB5, Hon. Coleen K. Sterne, Presiding*

~~[PROPOSED]~~ **ORDER AND JUDGMENT GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES**

Complaint Filed:   August 31, 2015
Hearing Date:   December 5, 2016

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

On December 5, 2016 at 9:30 a.m. this matter came on for hearing on Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses and for a Case Management Conference.  Sepehr Daghighian appeared in person on behalf of Plaintiff.  Gates, O'Doherty, Gonter & Guy, LLP appeared telephonically on behalf of Defendant.  On the Plaintiff's Attorney's Fees Motion, having reviewed the papers and heard the arguments of counsel, the Court adopted its tentative ruling awarding Plaintiffs attorneys' fees in the amount of $137,193.75 and expenses in the amount of $6,107.94, as follows:

///

///

BACKGROUND:

This is a "lemon law" case. On July 28, 2013, plaintiff Danielle M. Holzer purchased a new Ford F-350 truck from defendant Ford Motor Company for a total price of $81,292.25, inclusive of fees, taxes, and finance charges. Within the applicable warranty period, the vehicle began to develop serious engine and transmission problems that caused the vehicle to unexpectedly stall. Plaintiff brought the vehicle to a Ford-authorized repair facility on at least five occasions, but Ford was unable to correct the problems. When plaintiff asked Ford to repurchase or replace the vehicle, Ford refused to acknowledge any defect. On August 31, 2015, plaintiff filed suit against Ford for (1) violation of the California Song-Beverly Consumer Warranty Act (*Civ. Code* §1790 et seq.) and (2) violation of the Federal Magnuson-Moss Warranty Act (15 U.S.C. §2301, subd. (3), et seq.). On October 19, 2015, Ford answered the complaint with a general denial that included twenty affirmative defenses.

On July 29, 2016, just two weeks before the August 15, 2016 trial date, Ford made a statutory 998 offer to plaintiff in the amount of $150,000.00 that included a buy-back of her vehicle and civil penalties. The 998 offer also provided that plaintiff was entitled to seek reasonable attorneys' fees and costs. Plaintiff accepted the offer and now moves for an award of attorneys' fees and costs. Ford opposes the motion on the grounds that the amount of fees and costs sought is excessive.

ANALYSIS:

The prevailing buyer in an action under the Song-Beverly Consumer Warranty Act is entitled to reasonable attorney's fees and costs. *Civil Code* Section 1794, subdivision (d), provides:

"If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action."

The trial court has broad discretion to determine the amount of reasonable attorney's fees to award to a prevailing party in an action. *PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095. In most cases, the fees are determined using the "lodestar" method of calculation, which involves multiplying the number of hours worked by a reasonable hourly rate. *Ibid*. "California courts have consistently held that the computation of time spent on a case and the reasonable value of that time is fundamental to a determination of an appropriate attorneys' fee award. [Citation.] The reasonable hourly rate is that prevailing in the community for similar work." *Ibid*. Once the lodestar figure is determined, the court has discretion to increase or reduce the amount by applying a positive or negative "multiplier" based on a variety of factors, including the nature of the litigation, the difficulty of the issues involved, the attorney's skill as reflected in the quality of work and the result obtained, and the contingent nature of the fee award. *Ibid*. As stated in *PLCM*:

> "The experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong – meaning that [the trial court] abused its discretion."

*Ibid*.

There is no dispute that plaintiff was the prevailing party and is entitled to reasonable attorneys' fees pursuant to *Civil Code* Section 1794, subdivision (d), and the express terms of Ford's 998 offer. (Mikhov Decl., ¶12, Ex. E, Offer to Compromise, ¶2.) As set forth in the moving papers, in August 2015, plaintiff hired O'Connor & Mikhov, LLP ("OM Law") to represent her in the litigation. (Mikhov Decl., ¶7.) The legal services performed by OM Law included reviewing the vehicle's repair history, discussions with plaintiff, drafting and filing the complaint, responding to extensive written discovery propounded by Ford, serving written discovery on Ford, including form interrogatories, 104 special interrogatories, 116 requests for production, and 100 requests for admission, and meeting and conferring with Ford's counsel multiple times to discuss Ford's objections and discovery responses, which plaintiff's attorneys considered to be incomplete and evasive. (Mikhov Decl., ¶¶ 8, 9, 10.) The time keepers at OM

1   Law who worked on the file were founding partner Steve Mikhov, associates Lauren Ungs,

2   Russell Higgins, Kristina Stephenson-Cheang, Amy Morse, Alistair Hamblin, and Michael

3   Ouziel, and contract attorney Constance Morrison. (Mikhov Decl., ¶¶ 16-24.) The billing rate for

4   the attorneys ranged from $250 to $500 per hour. (Mikhov Decl., ¶¶ 17-24.) The total fees

5   incurred by OM Law were $34,325.00. (Mikhov Decl., ¶2, Ex. A, Billing Statement, p. 10.)

6           On March 24, 2016, the Law Office of Sepehr Daghighian, P.C. ("SD Law") was

7   associated into the case to serve as lead trial counsel and prepare the matter for trial. (Daghighian

8   Decl., ¶8.) Mr. Daghighian's billing rate is $400 per hour and he worked a total of 141.25 hours

9   on the file. (Daghighian Decl., ¶¶ 3, 4.) Mr. Daghighian's paralegal, Kevin Yaghoubzadeh,

10  worked a total of 8.5 hours on the matter at $75 per hour. The work performed by SD Law

11  included a detailed review of the relevant pleadings and repair orders, phone interviews with

12  plaintiff, a review of plaintiff's and Ford's discovery responses, and investigating the technical

13  side of plaintiff's claim by comparing plaintiff's complaints to Ford's internal records.

14  (Daghighian Decl., ¶¶ 8, 9.) Mr. Daghighian also took the deposition of Ford's expert, Eric Kalis,

15  and the depositions of the technicians at the Ford dealership who worked on plaintiff's vehicle.

16  (Daghighian Decl., ¶10.) He also attended the mandatory settlement conference on July 8, 2016.

17  (Daghighian Decl., ¶12.) As the trial date approached, Mr. Daghighian began detailed discussions

18  with plaintiff's expert, Darrell Blasjo, regarding plaintiff's claims. (Daghighian Decl., ¶11.) He

19  also drafted all necessary trial documents, including witness lists, jury instructions, exhibits,

20  motions in limine (13), and witness questions. He also worked on plaintiff's opening statement

21  and graphics presentation. (Daghighian Decl., ¶¶ 13-16.) The total fees incurred by SD Law were

22  $57,137.50. (Daghighian Decl., ¶6, Ex. A, Billing Statement, p. 7.)

23          Under the lodestar method of calculation, the total fees incurred by OM Law and SD Law

24  were $91,462.50. In addition to these fees, plaintiff requests a lodestar multiplier of 1.5

25  ($45,731.25) for a total fee award of $137,193.75. Ford objects to the amount of the fee request

26  on the grounds that this was "a simple lemon law case" and plaintiff's counsels' hourly rates are

27  excessive. (Opp., p. 4:23-24.) Ford also argues that a fee multiplier is not warranted under the

28  facts in the case. (Opp., p. 5:12-22.) The court disagrees. First, the nature and complexity of the

- 4 -

litigation support the attorneys' fees requested. Pursuing a "lemon law" action is not as simple as Ford suggests as it requires specialized knowledge and experience in consumer protection and warranty law involving motor vehicles. (Mikhov Decl., ¶¶ 14, 15.) In addition, plaintiff's counsel must be experienced and knowledgeable regarding the intricacies of automobile technology as well as the protocols followed by automobile manufacturers and dealers when repairing vehicles. (Mikhov Decl., ¶48.) Also, because defendants in consumer protection cases are typically represented by sophisticated national law firms, consumer attorneys must be proficient and diligent litigators. (*Ibid.*)

      Second, the court finds that the hourly rates charged by plaintiff's attorneys are reasonable. The cases are clear that, absent circumstances that would render a fee award unjust, an attorney's regular hourly rate is entitled to a presumption of reasonableness. *See, Serrano v. Unruh* (1982) 32 Cal.3d 621, 639; *Mandel v. Lackner* (1979) 92 Cal.App.3d 747, 761. Ford argues that charging $500 per hour (Mr. Mikhov's rate) is "exorbitant and outrageous" (Opp., p. 4:23-25), but Mr. Mikhov only worked 21 hours on the file. Most of the work performed by OM Law was done by associates at the rate of $250-$350 per hour. (Mikhov Decl., ¶2, Ex. A, Billing Statement, p. 10.) Further, Mr. Mikhov is a seasoned litigator who has specialized in consumer law for more than thirteen years. (Mikhov Decl., ¶14.) He is also the managing partner of his firm. (Mikhov Decl., ¶17.) Mr. Mikhov's hourly rate is consistent with other attorneys who litigate consumer warranty and fraud cases and who have a comparable level of experience. (Mikhov Decl., ¶26.) The associates at OM Law who worked on the file, Ms. Ungs, Mr. Higgins, Ms. Stephenson-Cheang, Ms. Morse, Mr. Hamblin, and Mr. Ouziel, also have significant experience in consumer law, lemon law, and contract law. (Mikhov Decl., ¶¶ 18-23.) Mr. Daghighian's is a sole practitioner and the owner of SD Law. (Daghighian Decl., ¶1.) His billing rate is $400 per hour. Since being admitted to the California bar in 2005, Mr. Daghighian has litigated hundreds of cases, including several dozen lemon law cases. (Daghighian Decl., ¶3.) Although Ford points to the fact that its attorneys are only paid $175-$200 per hour (Proudfoot Decl., ¶13), Ford's attorneys' rates are undoubtedly calculated based upon the their location, experience and the nature of their client relationship(s); which do not necessarily track those of

ORDER GRANTING PLAINTIFF'S ATTORNEY'S FEES, COSTS, AND EXPENSES

1   plaintiff counsel point for point.

2       Along with its opposition, Ford filed a document entitled Objections to Specific Charges

3   that includes multiple objections to various billing entries of OM Law and SD Law. The

4   objections will be overruled. A verified fee bill is prima facie evidence that the services and

5   expenses listed were reasonably and necessarily incurred. *Hadley v. Krepel* (1985) 167

6   Cal.App.3d 677, 682; *see also, Horsford v. Board of Trustees of California State University*

7   (2005) 132 Cal.App.4th 359, 396 ("[V]erified time statements of the attorneys, as officers of the

8   court, are entitled to credence in the absence of a clear indication the records are erroneous.").

9   Here, plaintiff has submitted itemized fee bills and declarations attesting to their accuracy.

10  (Mikhov Decl., ¶¶ 1, 27, Ex. A, Billing Statement; Daghighian Decl., ¶6, Ex. A, Billing

11  Statement.) Ford complains that plaintiff's attorneys billed their time in increments of 15 minutes

12  (0.25) rather than in increments of 6 minutes (0.10) in order to inflate their bills, but the court

13  finds nothing unreasonable about the billing methodology. Ford also objects to plaintiff's

14  counsels' use of forms for pleadings, discovery, and motions. However, forms can be helpful as

15  they reduce the need for legal research. Plaintiff's counsel spent just 5.5 hours drafting 104

16  special interrogatories, 116 requests for production of documents, and 100 requests for admission

17  to Ford. (Mikhov Decl., ¶9, Ex. A, Billing Statement, p. 1.) Ford also complains that some of the

18  entries appear to be duplicative while others reflect purely secretarial tasks. However, the fact that

19  a document production was reviewed by different attorneys does not mean that they reviewed the

20  materials for the same reason. Also, reviewing deadlines for a motion to compel and reviewing

21  court deadlines for various pleadings are functions commonly performed by attorneys, not just

22  secretaries.

23      Ford next argues that the $150,000.00 settlement does not justify a fee award of

24  $137,193.75. (Opp., p. 5:23-26.) The case authority, however, does not support Ford's argument

25  as an award of attorney's fees is not limited by the damages recovered. In *Vo v. Virgenes*

26  *Municipal Water District* (2000) 79 Cal.App.4th 440, 448, the court affirmed a $470,000.00 fee

27  award after a judgment of $37,500.00 because the defendant had been extremely litigious. In

28  *Harmon v. City and County of San Francisco* (2007) 158 Cal.App.4th 407, 421, the court upheld

- 6 -

a $1.1 million fee award in a civil rights suit although the damages recovered were only $30,300.00. In *Goglin v. BMW of North America, LLC* (2016) 4 Cal.App.5th 462, 474, the court affirmed a fee award of $180,262.50 in a lemon law case notwithstanding that the plaintiff's recovery was only $75,000.00. As the court explained in *Graciano v. Robinson Ford Sales, Inc.* (2006) 144 Cal.App.4th 140, 164, a rule that limited fee awards to a proportion of the damages recovered would effectively eviscerate the purpose behind fee-shifting statutes (like the Song-Beverly Act), which is to ensure that consumers can legally pursue their rights even if the amount in controversy is relatively small.

Ford also opposes the lodestar "multiplier" of 1.5 requested by plaintiff. As discussed above, a lodestar multiplier is meant to increase or decrease the fee award based on factors not already taken into account by the court when setting the reasonable hourly rate, such as the difficulty of the litigation, the quality of the work performed, and the result obtained. *PLCM Group, Inc. v. Drexler, supra,* 22 Cal.4th 1084, 1095. Fee multipliers ranging from 1.5 to 2.5, or even higher, are commonly approved in contingency cases because of the risk involved in taking a case on a contingency basis and the delay in receiving payment. *See, Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1132; *Horsford v. Board of Trustees of California State University, supra,* 132 Cal.App.4th 359, 394-395. In this case, plaintiff's attorneys agreed to represent plaintiff on a contingency basis and to bear the risk of never being paid for hundreds of hours of work. (Mikhov Decl., ¶7.) Indeed, plaintiff's attorneys have not been paid any compensation since the case was filed more than a year ago, while at the same time they have advanced thousands of dollars of costs. (Mikhov Decl., ¶ 49.) Given the risk and delay in payment associated with the case, as well as the positive result achieved by way of the settlement, the court will approve plaintiff's 1.5 lodestar modifier, for a total fee award of $137,193.75.

Lastly, plaintiff seeks an award of costs and expenses in the case. Under Song-Beverly, if the buyer prevails in an action against the manufacturer, he or she is entitled to recover, in addition to attorney's fees, "the aggregate amount of costs and expenses . . . reasonably incurred . . . in connection with the commencement and prosecution of such action." Civ. Code §1794, subd. (d). The verified memorandum of costs filed by plaintiff as part of her motion reflects that

1   she incurred costs and expenses in the amount of $6,792.93. (Mikhov Decl., ¶2, Ex. B,

2   Memorandum of Costs, p. 1.) Items listed on a verified cost bill are prima facie evidence the

3   costs, expenses, and services listed were reasonably and necessarily incurred. *Hadley v. Krepel*

4   (1985) 167 Cal.App.3d 677, 682. Ford objects to item 11 on plaintiff's cost bill in the amount of

5   $265.72 for "[m]odels, blowups, and photocopies of exhibits" and item 13 ("Other") in the

6   amount of $684.99 on the grounds that the models, blowups, and exhibits were never used and

7   there is no explanation in the cost bill as to what the "Other" costs entail.

8          The court will overrule Ford's objection to the charges for models, blowups, and exhibits.

9   The word "expenses" in *Civil Code* Section 1794, subdivision (d), was intended by the legislature

10  to be construed broadly to cover all out-of-pocket costs incurred by the prevailing buyer in

11  connection with the action, regardless of whether the matter was actually tried. See generally,

12  *Jensen v. BMW of North American, Inc.* (1995) 35 Cal.App.4th 112, 137-138 (expert witness fees

13  recoverable). Clearly, the expenses for models, blowups, and exhibits were incurred by plaintiff

14  in pursuing the case. However, the court will sustain Ford's objection to item 13 on the cost bill

15  in the amount of $684.99 as plaintiff has provided no explanation for the expense on the

16  memorandum of costs worksheet. (Mikhov Decl., ¶2, Ex. B, Memorandum of Costs).

17  Accordingly, plaintiff is awarded costs and expenses in the amount of $6,107.94 only.

18         In conclusion, Plaintiff's Motion for Attorney's Fees, Costs, and Expenses is GRANTED

19  and JUDGMENT IS HEREBY ENTERED AS FOLLOWS: Plaintiff is awarded attorneys' fees in

20  the amount of $137,193.75 and expenses in the amount of $6,107.94.

21         IT IS SO ORDERED.   **01/19/2017**                     Signed: 1/19/2017 03:30 PM

22

23                                              _____

24                                              Honorable Judge Colleen Sterne
                                                Santa Barbara Superior Court Judge
25

26

27

28

- 8 -

1

2

**[PROOF OF SERVICE]**
[CCP, 1013a (3) CRE Rule 2006]

3

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 433 North Camden Drive, Fourth Floor, Beverly Hills, CA 90210.

4

5

     On January 9, 2017, I served the foregoing document described as:

6

**PROPOSED ORDER AND JUDGMENT GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES**

7

8

That document was served on parties herein in this proceeding by placing true copies of the original in enclosed, sealed envelope(s) addressed as follows:

9

**SEE ATTACHED SERVICE LIST**

10

11

**[X](BY MAIL)** I am "readily familiar" with the practices of the LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C., in collecting and processing correspondence and documents for mailing. Under that practice, documents for mailing would be deposited with the US Postal Service on that same day this affidavit is signed with postage fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date is more than 1-day after the day of deposit for mailing the affidavit.  [CCP § 1013]

12

13

14

15

16

**[] (BY OVERNIGHT MAIL)** I am "readily familiar" with the practices of the LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C., for collection and processing of documents for mailing via overnight delivery. I caused such document(s) to be placed in a sealed envelope designated by the overnight service carrier, addressed to the person(s) on whom it is to be served pursuant to the attached service list, and deposited said envelope in a box or other facility regularly maintained by the overnight service carrier with delivery fees paid or provided for. [CCP § 1013(c)]

17

18

19

**[] (BY ELECTRONIC MAIL)** I caused the document(s) to be transmitted by electronic mail to the e-mail addresses for each party indicated on the attached service list.

20

21

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

22

23

Executed on January 9, 2017.

24

                    /s/Kevin Yaghoubzadeh
                    Kevin Yaghoubzadeh

25

26

27

28

1

## SERVICE LIST

2

**O'CONNOR& MIKHOV LLP**                    *Counsel for Plaintiff*
Mark O'Connor (SBN 157680)
3   Steve Mikhov (SBN 224676)
1801 Century Park East, Suite 2300
4   Los Angeles, CA 90067
Fax: (310) 552-7973
5

6

7                                                   *Counsel For Defendant: Ford Motor*
                                                    *Company*
Matt Proudfoot, Esq.
8   **GATES, O'DOHERTY, GONTER & GUY, LLP**
38 Discovery, Ste. 200
9   Irvine, CA 92618

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING PLAINTIFF'S ATTORNEY'S FEES, COSTS, AND EXPENSES

# EXHIBIT 26

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 03/06/17 | | DEPT. 54 |
| HONORABLE Ernest Hiroshige JUDGE | S. TEMBLADOR | DEPUTY CLERK |
| | S. ALEXANDER, CRT. AST. | |
| HONORABLE JUDGE PRO TEM 11 | | ELECTRONIC RECORDING MONITOR |
| Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 3:00 pm | BC538183 | Plaintiff Counsel | |
| | GREG DORFMAN | | NO APPEARANCES |
| | VS | Defendant Counsel | |
| | BMW OF NORHT AMERICA LLC | | |

NATURE OF PROCEEDINGS:

RULING ON SUBMITTED MATTER/NOTICE OF ENTRY OF ORDER;

The Court having taken the matter under submission on
January 24, 2017 hereby rules pursuant to the Court's
written ruling which is signed and filed as of
February 28, 2017.

Clerk to notice via email.

CERTIFICATE OF SERVICE BY E-MAIL

I Sherri R. Carter, Executive Officer/Clerk of the
Superior Court of California, County of Los Angeles,
and not a party to the within action, hereby certify
that on 03-06-17, I served the above minutes and copy
of the Court's written ruling on counsel listed
below by E-mail transmittal and the transmission
was reported complete and without error.

Dated: March 6, 2017

Sherri R. Carter, Executive Officer/Clerk

By: _____
      S. Temblador, Deputy

Roger Kirnos
RKIRNOS@ROSE-LAWOFFICE.COM

Robert A. Philipson

Page   1 of   2   DEPT. 54

MINUTES ENTERED
03/06/17
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 03/06/17 | DEPT. 54 |
| HONORABLE Ernest Hiroshige    JUDGE | S. TEMBLADOR    DEPUTY CLERK |
| | S. ALEXANDER, CRT. AST. |
| HONORABLE    JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| 11 | |
| Deputy Sheriff | NONE    Reporter |

| | | |
|---|---|---|
| 3:00 pm | BC538183 | Plaintiff Counsel |
| | | NO APPEARANCES |
| | GREG DORFMAN | Defendant Counsel |
| | VS | |
| | BMW OF NORHT AMERICA LLC | |

NATURE OF PROCEEDINGS:

rphilipson@lehrmanlawgroup.com

Page    2 of    2    DEPT. 54

MINUTES ENTERED
03/06/17
COUNTY CLERK

Minute Order
Judge Ernest M. Hiroshige
Dept. 54
February 28, 2017


Greg Dorfman v BMW of North America, LCC, BC538183
**Ruling on Submitted Matters**
**Date of Hearing: January 24, 2017**
**Plaintiff's Motion for attorney fees and costs and expenses**

Based on the oral arguments presented at the hearing the Court took the matter under further consideration and submission.

After giving the matter further consideration, the Court rules as follows:

**Ruling:  The Tentative Ruling granting $ 47,732.50 in attorney fees to Plaintiff's Counsel and the reasoning of the Tentative ruling stands without modification.**
The Clerk to email Notice of this Ruling to Counsel of Record.

The Defense argument that their discovery of a fee agreement in another case some four years prior to this proceeding means that the same fee agreement is in effect in this case.  There is no evidence that that same agreement is in effect in this case, therefore the Court finds that agreement not relevant to this Court's assessment of this motion.


February 28, 2017                    Ernest M. Hiroshige
                                     _____
                                     Judge Ernest M. Hiroshige

# EXHIBIT 27

# SUPERIOR COURT OF CALIFORNIA,

COUNTY OF SAN DIEGO

HALL OF JUSTICE

TENTATIVE RULINGS - March 14, 2017

EVENT DATE: 03/17/2017        EVENT TIME: 09:00:00 AM        DEPT.: C-67

JUDICIAL OFFICER:Eddie C Sturgeon

CASE NO.:     37-2014-00023991-CU-BC-CTL

CASE TITLE: PAGE VS KIA MOTORS AMERICA INC [IMAGED]

CASE CATEGORY: Civil - Unlimited        CASE TYPE: Breach of Contract/Warranty

EVENT TYPE: Motion Hearing (Civil)
CAUSAL DOCUMENT/DATE FILED: Motion for Attorney Fees, 01/13/2017

## TENTATIVE RULING

Plaintiffs Michelle L. Page and Evan R. Page's motion for attorney's fees is granted, in part. Plaintiffs requested attorney's fees under the "lodestar" method in the amount of $277,778.00, plus a multiplier of 1.5. The court grants plaintiffs their attorney's fees in the amount of $236,111.30. The court finds the hourly rates for the attorneys are reasonable.

The exhibits show that O'Connor & Mikhov sought $120,580 based upon 345.9 hours ranging from $250-500 per hour. (Decl. of Mikhov.) Plaintiffs also sought fees for the Altman Law Group for the trial work [237.25 hours], and $14,585 by Rosner for post-verdict work. Plaintiffs request a I.5 enhancement ($138,889) due to the delay in payment and the contingency risk, which was increased by the section 998 offer.

Defendant Kia Motors America, Inc. asserted that senior trial attorneys performed task that could have been delegated. A review of Rosner's billings shows that someone who billed at the rate of $235 reviewed the file, drafted the initial memo for a new trial, and made phone calls. A review of the other billing attachments submitted by plaintiffs also show a delegation of duties in most instances.

However, the court reduces the overall fees requested by 15 percent. There were numerous attorneys working on this case, nine alone from O'Connor's firm. Thus, implicit with this arrangement is a duplication of reviewing the underlying facts and law. There were numerous meetings between counsel. There were other billings where the court exercised its discretion to reduce the amount requested. For example, Mr. Rosner charged for travel and attendance at the new trial hearing (3.2 hours). Travel time was routinely billed to attend trial by the trial attorneys. The Altman Group is located in Los Angeles. Defendants should not be required to be penalized for out of county counsel. Even though plaintiff's attorneys are experts in this area, the initial drafting of the motion for attorney's fees and costs took 17 hours. (Mikhov decl., Ex. A.)

Though the court seeks to compensate plaintiffs' attorneys for taking these consumer cases, the court must make a determination whether all of the fees are reasonable. (*Goglin v. BMW of North America, LLC* (2016) 4 Cal.App.5th 462, 464.) The court finds under the facts and declarations presented, as well as the success of the case, and the intricacies of the case law, an award of $236,111.30 is reasonable.

Defendant's motion to tax plaintiffs' costs is granted, in part. The court exercises its discretion and taxes

CASE TITLE: PAGE  VS  KIA  MOTORS  AMERICA CASE NUMBER:  37-2014-00023991-CU-BC-CTL
INC [IMAGED]

Item 13 $9,263.74.  No further reduction is required, leaving allowable costs of $34,965.86.

Kia seeks to tax $4,459.22 of the total $5,970.54 in deposition costs. The court declines to tax these costs even though transcripts were not ordered for all of the depositions.

Kia seeks to tax all of the expert fees (item 8) of Darrell Blajo in the amount of $11,055.41, because he was not required to do a vehicle inspection or need to test the vehicle.  However, he attended his deposition and the trial, and the automobile was sold according to Kia.  Notwithstanding Kia's contention as to the vagueness of the entries for July 12-14th, the court notes this was the time of trial and presumes the fees were for trial preparation. The request is denied.

Defendant requests the court to tax $591.95 of plaintiff's claim of $626.95 for service of process (item 5). Though the witnesses were not called to trial, the court cannot second guess whether they would have been required to testify.  The request is denied.

Item 13 is taxed a total of $9,263.74, leaving allowable expenses of $9,923.10. The court taxes the travel expenses for travel and meal expenses for trial in the amount of $6,622.20. The court declines to tax the messenger services for e-filings and rush fees and the Ronsin Litigation Services. The court taxes the trial transcripts of $2,133.38, the overnight expense of $275.91, postage of $32.25,  and $200.00 for copies.

# EXHIBIT 28

1

2

3

4

5

6

7

**FILED**

4/13/2017

CLERK OF THE SUPERIOR COURT

L. Cummings DEPUTY

Cummings, Lorielle

8                    **SUPERIOR COURT OF CALIFORNIA**

9                          **COUNTY OF MONTEREY**

10

11   **ALDRIN HERRERA,**                    Case No.: M126216
                                            Unlimited Jurisdiction
12            Plaintiff,

13        vs.                               X[PROPOSED] ORDER ON PLAINTIFF'S
                                            ATTORNEY'S FEES AND COSTS AND
14                                          EXPENSES

15   **CHRYSLER GROUP LLC, a Delaware**     Hearing Date:   March 24, 2017
     **Limited Liability Company, and DOES 1**   Time:          9:00 a.m.
16   **through 10, inclusive,**             Dept.:          24

17

18            Defendants.

19

20

21   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

22        Plaintiff's Motion for Attorney's Fees and Costs and Expenses, came on regularly for

23   hearing on March 24, 2017, at 9:00 a.m., in Department 14, of the above-entitled court located

24   at located at 1200 Aguajito Road, Monterey, CA 93940, the Honorable Thomas W. Wills,

25   presiding. Roger Kirnos from the Law Office of Michael Rosenstein appeared on behalf of

26   Plaintiff, Aldrin Herrera, and Barry Schirm of Hawkins Parnell Thackston & Young LLP

27   appeared on behalf of Defendant, Chrysler Group LLC.

28

                              [PROPOSED] ORDER

Having read the motion, the memorandums and the declarations filed by the parties, and having entertained oral argument of counsel, the Court made the following ruling:

1. Plaintiff's Motion for Attorney's Fees and Costs and Expenses is GRANTED in part;

2. The Court finds that Defendant Chrysler Group, LLC's Offer in Compromise pursuant to Code of Civil Procedure section 998 was ambiguous as to the amount being offered and declines to reduce Plaintiff's attorney fees, costs and expenses on the basis of that offer;

3. The Court reduces the hourly rates for Plaintiff's attorneys charging $500/hour down to $450/hour. The Court finds the hourly rates for the remaining attorneys are reasonable and makes no further reductions;

4. The Court does not reduce any time incurred by Plaintiff's attorneys in litigating this action;

5. Plaintiff is awarded lodestar attorney's fees in the amount of $39,090.00;

6. The court finds it appropriate to apply a lodestar multiplier of 1.5;

7. Plaintiff is thus awarded a total of $58,535.00 in attorney fees;

8. Plaintiff is awarded his requested costs and expenses incurred in this action in the amount of $5,503.04;

9. The total award to Plaintiff for attorney's fees, costs and expenses is $64,138.04.


IT IS HEREBY ORDERED.


IT IS SO ORDERED

Dated: _____4/13/17_____

Judge of the Superior Court
THOMAS W. WILLS

Prepared by:
**LAW OFFICE OF MICHAEL H. ROSENSTEIN**
Michael Rosenstein (SBN 169091)
Roger Kirnos (SBN 283163)
1801 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 286-0275
Fax: (310) 286-0276
Attorneys for Plaintiff,
Aldrin Herrera

-1-
[PROPOSED] ORDER

**EXHIBIT 29**



# Superior Court of California
## County of Kern
**Bakersfield Department 4**

**Date:**   05/19/2017

**S1500CV283504**

COFIELD VS KIA MOTORS AMERICA, INC.

### *Courtroom Staff*

| | | | |
|---|---|---|---|
| **Honorable:** | Sidney P. Chapin | **Clerk:** | Betsy Cardona |
| **Court reporter:** | None | **Bailiff:** | None |
| **Interpreter:** | | **Language of:** | |

**PARTIES:**

| | |
|---|---|
| COURT OF APPEAL, Non-Party, not present | |
| DAVID RUBEN, Defendant, not present | DAVID RUBEN, Attorney, not present |
| JACKIE COFIELD, Plaintiff, not present | STEVE MIKHOV, Attorney, not present |
| JERRY COFIELD, Plaintiff, not present | STEVE MIKHOV, Attorney, not present |
| KIA MOTORS AMERICA, INC., Defendant, not present | JAMIE WEBB, Attorney, not present |

**NATURE OF PROCEEDINGS: RULING ON MOTION FOR ATTORNEY'S FEES; FILED BY PLAINTIFFS; HERETOFORE SUBMITTED ON 03/08/2017**

THE ABOVE ENTITLED CAUSE CAME ON REGULARLY ON THIS DATE AND TIME WITH PARTIES AND/OR COUNSEL APPEARING AS REFLECTED ABOVE.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THE COURT MAKES THE FOLLOWING FINDINGS AND ORDERS:

PLAINTIFF'S MOTION FOR ATTORNEY FEES IS GRANTED-IN-PART AND DENIED-IN-PART.

PLAINTIFF SHALL RECOVER ATTORNEY FEES IN THE AMOUNT OF $296,055.00.  THIS IS A MODIFIED LODESTAR AMOUNT ONLY.   NO ENHANCEMENT/MULTIPLIER IS AWARDED AS FEE RATES COVER THE QUALITY OF REPRESENTATION REQUIRED IN THIS TYPE OF CASE, AND THE DEGREE OF RISK INHERENT IN LITIGATION FOR THIS PARTICULAR CASE.

THE COURT FINDS THE FEE RATES TO BE REASONABLE.

THE COURT HAS TAXED FROM PLAINTIFF'S CLAIMED LODESTAR THE FOLLOWING FEES:

ATTY SWANSON:  $1446.25 FOR 4.45 HOURS, 11/2/15, AT $325.00/ HOUR.  DUPLICATIVE AND CONCEDED.

ATTY COHEN:  $2137.50 FOR 4.75 HOURS, AT $450.00/HOUR.  DUPLICATIVE AND CONCEDED.

MINUTE ORDER
Page 1 of 3

ATTY ROSENSTEIN: $45,250 FOR 90.5 HOURS AT $500.00/HOUR.  WHILE THERE WAS SOME CONCEDED "NO CHARGE" FOR DUPLICATIVE PREPARATION TIME INCURRED BY ATTY ROSENSTEIN AND ATTY ALTMAN,, THE COURT HAS TAXED THE "ATTEND TRIAL" TIME AND RELATED "TRAVEL" TIME OF ATTY ROSENSTEIN..  ATTY ALTMAN HAD BEEN ASSOCIATED AS LEAD TRIAL COUNSEL.  WHEN A CONFLICT DEVELOPED WITH HIS CALENDAR, HE WAS REPLACED WITH ATTY ROSENSTEIN.  THEN ATTY ALTMAN BECAME AVAILABLE AGAIN, AND PLAINTIFF CHOSE TO AGAIN PROCEED WITH ATTY ALTMAN, BACKED-UP BY ATTY ROSENSTEIN.  ATTY KIRNOS IS THE SECOND CHAIR TO ANY LEAD TRIAL COUNSEL THROUGHOUT.  THIS COURT DOES NOT CONSIDER RESULTING DUAL LEAD TRIAL COUNSEL TO BE A REASONABLE COST INCURRED TO BE IMPOSED ON DEFENDANT.

FOR PURPOSES OF THIS RULING, ALL PARTIES' OBJECTIONS ARE SUSTAINED.

COPY OF MINUTE ORDER MAILED TO ALL PARTIES AS STATED ON THE ATTACHED CERTIFICATE OF MAILING.

| MINUTE ORDER FINALIZED BY: | BETSY CARDONA | ON: | MAY 19, 2017 |

MINUTE ORDER
Page 2 of 3

COFIELD VS KIA MOTORS AMERICA, INC.

S1500CV283504

COFIELD VS KIA MOTORS AMERICA, INC.
S1500CV283504

## CERTIFICATE OF MAILING

The undersigned, of said Kern County, certify:  That I am a Deputy Clerk of the Superior Court of the State of California, in and for the County of Kern, that I am a citizen of the United States, over 18 years of age, I reside in or am employed in the County of Kern, and not a party to the within action, that I served the ***Minute Order dated  May 19, 2017*** attached hereto on all interested parties and any respective counsel of record in the within action by depositing true copies thereof, enclosed in a sealed envelope(s) with postage fully prepaid and placed for collection and mailing on this date, following standard Court practices, in the United States mail at  BAKERSFIELD California addressed as indicated on the attached mailing list.

Date of Mailing:      May 19, 2017

Place of Mailing:      BAKERSFIELD, CA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                                                  **Terry McNally**
                                                  CLERK OF THE SUPERIOR COURT
Date:  May 19, 2017

                        By:      _____
                                 Betsy Cardona, Deputy Clerk


## MAILING LIST

STEVE B MIKHOV
MICHAEL H ROSENSTEIN
OCONNOR & MIKHOV LLP
1801 CENTURY PARK E #2300
LOS ANGELES, CA  90067

BRYAN C ALTMAN
ALTMAN LAW GROUP
6300 WILSHIRE BLVD #980
LOS ANGELES, CA  90048

DAVID N RUBEN
JAMIE L WEBB
RUBAN & SJOLANDER LLP
20750 VENTURA BLVD STE 101
WOODLAND HILLS CA  91564-6255

Certificate of Mailing

Page 3 of 3

# EXHIBIT 30

FILED
Superior Court of California
County of Los Angeles

MAY 2 5 2017

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
K. Mason

53

*BC574493*

1  OMAR GOMEZ, ET AL. V. KIA MOTORS AMERICA, INC., BC574493; MAY 22, 2017

2  **ORDER RE:**

3  Plaintiffs OMAR GOMEZ's and DIANA GOMEZ'S Motion for Attorney's Fees and Costs and

4  Expenses

5     Plaintiffs OMAR GOMEZ's and DIANA GOMEZ's Motion for Attorney's Fees and
   Costs and Expenses is **GRANTED**, to the extent that attorney's fees of $168,000 are awarded.

6  Plaintiffs' request for a multiplier is **DENIED**. Plaintiffs' requests for costs and expenses has
   already been addressed, via the Court's ruling on Defendant KIA MOTORS AMERICA, INC.'s

7  Motion to Tax Costs heard on March 23, 2017.

8

9  **BACKGROUND**

10    Plaintiffs Omar Gomez and Diana Gomez ("Plaintiffs") filed this action on March 9,

11  2015 against Defendant Kia Motors America, Inc. ("Defendant"). The Complaint asserts one

12  cause of action for violation of the Song-Beverly Consumer Warranty Act ("Song-Beverly"). On

13  November 29, 2016, the judgment on jury verdict was filed. On January 18, 2017, Plaintiffs filed

14  their "Notice of Entry of Judgment."

15    Plaintiffs now move this court, per Civil Code § 1794(d), for an award of attorney's fees

16  in the amount of $204,795, plus a Lodestar multiplier of 1.5 in the amount of $102,397.

17

18  **DISCUSSION**

19    A. Request for Judicial Notice

20    At the outset, Defendant's Request for Judicial Notice is denied in its entirety.

21    Civil Code § 1794(d) provides:

22    "If the buyer prevails in an action under this section, the buyer shall be allowed by the

23    court to recover as part of the judgment a sum equal to the aggregate amount of costs and

24    expenses, including attorney's fees based on actual time expensed, determined by the

25    court to have been reasonably incurred by the buyer in connection with the

26    commencement and prosecution of such action."

27

28

1

1

2    Here, it is undisputed that Plaintiffs are the prevailing party and are entitled to an award

3    of attorneys' fees and costs pursuant to Civil Code § 1794(d). The only dispute relates to the

4    appropriate amount of recovery.

5    "[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' *i.e.,* the

6    number of hours reasonably expended multiplied by the reasonable hourly rate...The reasonable

7    hourly rate is that prevailing in the community for similar work. The lodestar figure may then be

8    adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair

9    market value for the legal services provided." (PCLM Grp. v. Drexler (2000) 22 Cal.4th 1084,

10    1095 (internal citations omitted); see Robertson v. Fleetwood Travel Trailers of California, Inc.

11    (2006) 144 Cal.App.4th 785, 818 (applying the lodestar method to determine attorneys' fees in

12    Song-Beverly action).)

13

14

15

16    B.   Counsels' Hourly Rate

17    Here, Plaintiffs request an applicable hourly billing rate ranging from $650.00/hour

18    (attorney Bryan Altman ["Altman"]) down to $225.00/hour (attorney Daisy Ortiz) for ten

19    attorneys who worked on this case. In support of these rates, Plaintiffs submit attorney

20    declarations from Steve Mikhov ("Mikhov") and Altman, who attest to their own rates and

21    experience, as well as the rates and experience of other attorneys in their respective law firms.

22

23    1.   The Altman Law Group

24    The Altman Law Group ("ALG") requests fees in the amount of $105,412.50; although

25    no itemization was furnished, it appears, from the invoice attached as Exhibit "A" to Altman's

26    declaration, that the fees were generated as follows:

27

28

| Timekeeper | Hourly Rate | Number of Hours | Total |
|---|---|---|---|
| Bryan Altman | $650.00 | 123.75 | $80,437.50 |
| Joel Elkins | $450.00 | 34.5 | $15,525.00 |
| Jordan Cohen | $300.00 | 31.5 | $9,450.00 |
| Total | | | $105,412.50 |

The Court notes that this case did not present particularly complex or unique issues. It is a kind of case where both plaintiff's and defense counsel have tried numerous times. They all involve essentially the same legal issues.

Having reviewed the evidence on the record, presided over the trial, and based on the Court's own experience and knowledge, in the area of reviewing hourly rates for the kind of work involved, the Court finds that requested hourly rate of $650.00 not reasonable. However, following arguments the parties made at the hearing, the Court believes that the hourly rate for Altman should be set at $550.00. While Mr. Altman is a highly skilled trial lawyer and achieved the maximum possible for his client, the Court finds $550 to be the reasonable hourly rate applicable to this area of trial practice. That Mr. Altman was the trial lawyer is reflected in the higher hourly rate assigned. The Court further reduces the hourly rate of Joel Elkins to $375.00. The hourly rate of Jordan Cohen is unchanged. The fees generated by ALG are thus as follows:

| Timekeeper | Hourly Rate | Number of Hours | Total |
|---|---|---|---|
| Bryan Altman | $550.00 | 123.75 | $68,062.50 |
| Joel Elkins | $375.00 | 34.5 | $12,937.50 |
| Jordan Cohen | $300.00 | 31.5 | $9,450.00 |
| Total | | | $90,450.00 |

3

2.  O'Connor & Mikhov, LLP

O'Connor & Mikhov, LLP ("OM") requests fees in the amount of $99,382.50. At the outset, the Court notes that the Billing Rate Summary ("Summary") attached as Exhibit "A" to Mikhov's declaration, which purports to show an itemization of how this $99,382.50 was generated, appears inaccurate.  For instance, OM seeks fees totaling $4,150.00 for 16.9 hours of time billed by attorney Amy Morse ("Morse") at an hourly rate of $250.00; $250.00 multiplied by 16.9 actually equals $4,225.00.  Likewise, Daisy Ortiz ("Ortiz") billed 2.5 hours at an hourly rate of $225.00; only $540.00 was charged rather than $562.50. No errors are noted with respect to attorneys Kristina Stephenson-Cheang ("Stephenson-Cheang") and Lauren Ungs ("Ungs"). The amounts itemized for attorneys Russell Higgins ("Higgins"), Roger Kirnos ("Kirnos") and Mikhov (*i.e.,* $37,520.00, $42,862.50 and $9,900.00, respectively) are all inaccurate and should be $43,800.00, $46,987.50 and $12,300.00, respectively, for the number of hours and hourly rates listed. The effect of this is that OM should have requested $112,285.00. The following calculation is provided:

| Timekeeper | Hourly Rate | Number of Hours | Total |
|---|---|---|---|
| Amy Morse | $250.00 | 16.9 | $4,225.00 |
| Daisy Ortiz | $225.00 | 2.5 | $562.50 |
| Kristina Stephenson-Cheang | $350.00 | 10.9 | $3,815.00 |
| Lauren Ungs | $350.00 | 1.7 | $595.00 |
| Russell Higgins | $400.00 | 109.5 | $43,800.00 |
| Roger Kirnos | $375.00 | 125.3 | $46,987.50 |
| Steve Mikhov | $500.00 | 24.6 | $12,300.00 |
| Total | | | $112,285.00 |

4

Again, following arguments the parties made at the hearing, the Court believes that the hourly rates for Morse, Ortiz, Stephenson-Cheang, Ungs, and Mikhov should remain unchanged. The hourly rate for Kirnos, however, should be increased to $475.00. Mr. Kirnos participated in many of the legal arguments. The Court reduces the hourly rate of Higgins to $250.00 because from the Court's observations, his role appeared to be primarily to operate the Elmo and other technical equipment which a trained technician or paralegal can do.  Charging an hourly rate of $400 for Mr. Higgins would not be reasonable. The following calculation is provided:

| Timekeeper | Hourly Rate | Number of Hours | Total |
|---|---|---|---|
| Amy Morse | $250.00 | 16.9 | $4,225.00 |
| Daisy Ortiz | $225.00 | 2.5 | $562.50 |
| Kristina Stephenson-Cheang | $350.00 | 10.9 | $3,815.00 |
| Lauren Ungs | $350.00 | 1.7 | $595.00 |
| Russell Higgins | $250.00 | 109.5 | $27,375.00 |
| Roger Kirnos | $475.00 | 125.3 | $59,517.50 |
| Steve Mikhov | $500.00 | 24.6 | $12,300.00 |
| Total | | | $108,390.00 |

Again, the alteration of hourly rates reduces the amount of fees charged by ALG from $99,382.50 to $90,450.00. The Court adjusts the amount of fees charged by OM from $112,285.00 to $108,390.00.

C.  Reasonableness of the Requested Fees

"[T]he court's discretion in awarding attorney fees is…to be exercised so as to fully compensate counsel for the prevailing party for services reasonably provided to his or her client." (Horsford v. Bd. of Trustees of California State Univ. (2005) 132 Cal.App.4th 359, 395.)

5

The trial court may reduce the award where the fee request appears unreasonably inflated, such as where the attorneys' efforts are unorganized or duplicative. (Serrano v. Unruh (1982) 32 Cal. 3d 621, 635, fn. 21.) "[T]he verified time statements of the attorneys, as officers of the court, are entitled to credence in the absence of a clear indication the records are erroneous." (Horsford, supra, 132 Cal.App.4th at 396.)

Here, Plaintiffs' counsel Mikhov and Altman have attached billing statements to their respective declarations, which reflect that a total of 484.4 hours *(i.e.,* 291.4 hours by OM and 193.5 hours by ALG) was billed by *ten* attorneys during the pendency of this action.

Based upon all of the pleadings filed in this matter, and after duly considering the totality of the facts and circumstances in connection with this issue, and after duly considering all relevant factors, including the claimed time spent, the claimed hourly rate, and the complexity of the work performed, based on the Court's own professional experience over 35 plus years of private practice in evaluating the reasonableness of billable time for given legal tasks, this Court finds that the *total* amount of reasonable attorney's fees to be awarded is $87,000 for OM and $81,000 for ALG for a total of $168,000.

A total of $168,000 in attorney fees to achieve a total award of approximately $110,000.00 is within the realm of reasonableness. Due to the nature of this case, there was no reason to have three counsel at counsel table for Plaintiff throughout the trial. It was not reasonable to have 10 timekeepers preparing the case for trial. Whenever a new lawyer has to do work on the file, there is a certain amount of redundant review time which the Court finds to be not reasonable. The amount being sought by Plaintiff's counsel for his client is excessive and not reasonable.

At the hearing, counsel for Plaintiff referenced other courts in this courthouse and others which have approved higher hourly rates. While the information is interesting, it is not binding on this Court.

6

D. <u>Award of Costs</u>

Although Plaintiffs request an award of fees and expenses, this has already been addressed in the Court's March 23, 2017 ruling on Defendant's Motion to Tax Costs.

E. <u>Lodestar Multiplier</u>

"Under <u>Serrano III</u>, the lodestar is the basic fee for comparable legal services in the community; it may be adjusted by the court based on factors including, as relevant here, (1) the novelty and difficult of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award. (<u>Serrano</u>[ v. Priest (1977)] 20 Cal. 3d [25,] at p. 49.) The purpose of such adjustment is to fix a fee at the fair market value for the particular action. In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services. The '"experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong."' (Ibid.)" (<u>Ketchum v. Moses</u> (2001) 24 Cal.4th 1122, 1131-1132.)

Plaintiffs have not articulated any basis warranting the imposition of a multiplier under these circumstances.

Based on the foregoing, Plaintiff's motion is granted, to the extent that Plaintiff is entitled to cover attorneys' fees from Defendant in the amount of $168,000.

Plaintiff is ordered to provide notice of this ruling.

DATED:  May 24, 2017

_____
Howard L. Halm
Judge of the Superior Court

7

# EXHIBIT 31

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 06/19/17 | **DEPT.** 51 |
| HONORABLE MICHAEL J. RAPHAEL            JUDGE | R. DUARTE            DEPUTY CLERK |
| HONORABLE #8            JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| A. ALBA,    CA    Deputy Sheriff | KEVIN ROLDAN CSR#13463    Reporter |

| | | | |
|---|---|---|---|
| 9:00 am | BC597233 | Plaintiff Counsel | MOSES LEBOVITS   (X) |
| | TARISA BELLAMY VS MERCEDES BENZ USA LLC | Defendant Counsel | ASHLEY OAKS   (X) |

**NATURE OF PROCEEDINGS:**

MOTION OF PLAINTIFF FOR ATTORNEY'S FEES;

The Order Appointing Court Approved Reporter as Official Reporter Pro Tempore is signed and filed this date.

The matter is called for hearing.

The Court, having heard oral argument, takes the matter under submission.

All parties take notice that in the above cited matter, heretofore submitted on 06/19/17, the Court has issued its Ruling Re: Motion for Attorneys' Fees, signed and filed this date, and incorporated herein by reference to the case file.

The motion is GRANTED as modified: plaintiff is awarded $116,872.50 as her reasonable attorneys' fees, as more fully reflected in the ruling signed and filed this date.

Clerk to give notice to plaintiff, plaintiff is ordered to give notice to all parties.

            CLERK'S CERTIFICATE OF MAILING
I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am

            Page   1 of   3   DEPT. 51

MINUTES ENTERED
06/19/17
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/19/17

**DEPT.** 51

HONORABLE MICHAEL J. RAPHAEL    JUDGE

R. DUARTE    DEPUTY CLERK

HONORABLE #8

JUDGE PRO TEM

ELECTRONIC RECORDING MONITOR

A. ALBA,   CA    Deputy Sheriff

KEVIN ROLDAN CSR#13463    Reporter

9:00 am BC597233

TARISA BELLAMY
VS
MERCEDES BENZ USA LLC

Plaintiff Counsel   MOSES LEBOVITS   (X)

Defendant Counsel   ASHLEY OAKS   (X)

**NATURE OF PROCEEDINGS:**

not a party to the cause herein, and that on this
date I served the Ruling Re: Motion for Attorneys'
Fees and the above entitled minute order
upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.
Dated: June 19, 2017

Sherri R. Carter, Executive Officer/Clerk


By: _____
        R. Duarte
        R. Duarte



Knight Law Group, LLP
1801 Century Park East, #2300
Los Angeles, CA  90067


Page   2 of 3   DEPT. 51

MINUTES ENTERED
06/19/17
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 06/19/17 | **DEPT.** 51 |
| HONORABLE MICHAEL J. RAPHAEL      JUDGE | R. DUARTE      DEPUTY CLERK |
| HONORABLE #8 | ELECTRONIC RECORDING MONITOR |
| A. ALBA,      CA      Deputy Sheriff | KEVIN ROLDAN CSR#13463      Reporter |

| | | | |
|---|---|---|---|
| 9:00 am | BC597233 | Plaintiff Counsel | MOSES LEBOVITS      (X) |
| | TARISA BELLAMY VS MERCEDES BENZ USA LLC | Defendant Counsel | ASHLEY OAKS      (X) |

**NATURE OF PROCEEDINGS:**

Daniels Fine Israel et al. LLP
1801 Century Park East, 9th FL
Los Angeles, CA  90067


Lehrman Law Group
12121 Wilshire Boulevard, #1300
Los Angeles, CA  90025


Page   3 of  3   DEPT. 51

MINUTES ENTERED
06/19/17
COUNTY CLERK

Superior Court of California

County of Los Angeles

Department 51

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 1 9 2017

Sherri R. Carter, Executive Officer/Clerk
By: Richard Duarte, Deputy

| | |
|---|---|
| TARISA BELLAMY, | Case No.:  BC597233 |
| Plaintiff, | Hearing Date:  6/19/17 |
| v. | Trial Date:  Post-Trial |
| MERCEDES-BENZ USA, LLC, et al., | **RULING RE:** |
| Defendants. | Motion for Attorneys' Fees |

Background

This is a "lemon law" action.   On March 21, 2017, the Court entered a judgment in plaintiff's favor, following a jury verdict determining that defendant was liable for a civil penalty of two times damages.   On May 22, 2017, the Court granted in part and denied in part defendant's motion to tax costs.   On June 7, 2017, the Court denied plaintiff's post-judgment motion for prejudgment interest, an issue that the Court had already deciding in issuing the judgment.

On May 19, 2017, plaintiff filed this opposed motion for attorneys' fees.   The Court considered the moving, supplemental, opposition, and reply papers, and rules as follows.

Plaintiff's counsel should have tabbed the exhibits appended to the supplemental declaration. CRC, rule 3.1110(f).

Standard

The party claiming attorneys' fees must establish entitlement to such fees and the reasonableness of the fees claimed.   Civic Western Corporation v. Zila Industries, Inc. (1977) 66 Cal.App.3d 1, 16.   "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties[.]"   CCP § 1021.

"It is well established that the determination of what constitutes reasonable attorney fees is committed to the discretion of the trial court, whose decision cannot be reversed in the absence of an abuse of discretion."   Melnyk v. Robledo (1976) 64 Cal.App.3d 618, 623.   In exercising its discretion, the court should consider a number of factors, including the nature of the litigation, its difficulty, the amount involved, the skill required in handling the matter, the attention given, the success or failure, and the resulting judgment.   Ibid.

In determining the proper amount of fees to award, courts use the lodestar method.   The lodestar figure is calculated by multiplying the total number of reasonable hours expended by the reasonable hourly rate.   "Fundamental to its determination … [is] a careful compilation of the time spent and reasonable hourly compensation of each attorney … in the presentation of the case."   Serrano v. Priest (1977) 20 Cal.3d 25, 48 (Serrano III).   A reasonable hourly rate must

reflect the skill and experience of the attorney.   Id. at 49.   "*Prevailing parties* are compensated for hours reasonably spent on fee-related issues.   A fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award or deny one altogether."   Serrano v. Unruh (1982) 32 Cal.3d 621, 635 (Serrano IV); see also Weber v. Langholz (1995) 39 Cal.App.4th 1578, 1587 ("The trial court could make its own evaluation of the reasonable worth of the work done in light of the nature of the case, and of the credibility of counsel's declaration unsubstantiated by time records and billing statements.")

Reasonable attorney fees should be based on an objective standard of reasonableness, i.e., the market value of services rendered, not on some notion of cost incurred.   PLCM Group, Inc. v. Drexler (2000) 22 Cal.4th 1084, 1090.   The value of legal services performed in a case is a matter in which the trial court has its own expertise.   Id. at 1096.   The trial court may make its own determination of the value of the services contrary to, or without the necessity for, expert testimony.   Ibid.   The trial court makes its determination after consideration of a number of factors, including the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case.   Ibid.

Plaintiff is Entitled to Recover Her Reasonable Attorneys' Fees

There is no dispute that plaintiff is entitled to recover her reasonable attorneys' fees.   Plaintiff prevailed on her claims under the Song-Beverly Consumer Warranty Act, which provides for attorneys' fees "based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action."   Civ. Code § 1794(d).

The Claimed Hourly Rates are Reasonable

There are two separate declarations in support of fees.   In the Mikhov declaration, plaintiff's counsel claims hourly rates ranging from $250 to $500.   Mikhov Decl. ¶ 2, Exh. A, Time Sheet, p. 14.   Plaintiff's counsel's declaration provides sufficient support for these rates.   Plaintiff's counsel specializes in consumer warranty law and its more seasoned attorneys (who claim the higher rates) have extensive experience in this practice area.   Mikhov Decl. ¶¶ 25-37.   Additionally, plaintiff's counsel vigorously pursued this litigation, especially in overcoming defendant's unmeritorious discovery objections.   Further, this lawsuit was reduced to the issue of whether defendant willfully refused to replace or repurchase plaintiff's vehicle once defendant learned that the vehicle was irreparably defective.   This inquiry required proving defendant's state of mind, no easy task.   Although the principal amount involved was arguably relatively low, plaintiff's counsel achieved the best possible result in the sense that the jury awarded the maximum civil penalty.   Therefore, accounting for the relevant factors stated above, the Court finds that plaintiff's counsel's claimed hourly rates are reasonable.

In the Lebovits declaration, trial counsel (whom the Court observed in trial) claims hourly rates of $750 for the senior trial counsel and $350 for the junior counsel.   The Court will reduce those rates to $600 and $250.   In the abstract, senior counsel's experience arguably could support the high rate of $750, but in this particular lemon law action, that rate is too high, despite counsel's skill in trial litigation.   A $600 rate still is quite a high rate in Los Angeles, and the Court would not award even that if the lead counsel's work were broader than his use as a trial specialist, as well as for the reasons discussed in the previous paragraph.   The rate also accounts for the contingent risks.   The junior trial counsel is a 2014 law school graduate and a $250 rate is

reasonable for this litigation, much like the $250 rate for the 2013 law school graduate in discussed in the Mikhov declaration.

### Reasonableness of Number of Hours – Mikhov Declaration

In the Mikhov declaration, plaintiff's counsel claims 181.2 hours' attorney work.  Mikhov Decl. ¶ 2, Exh. A, Time Sheet, p. 14.  This number excludes "secretarial support staff time."  Mikhov Decl. ¶ 40.  By way of a supplemental memorandum, counsel claims additional time spent on the motion to tax costs.  (Defendant does not object to the supplemental memorandum, and it had sufficient time to do so, as plaintiff served it personal and via e-mail on May 22, 2017, over two weeks before defendant filed its opposition).  Plaintiff deducted $1,950 for discovery sanctions defendant paid.  MOT 15:6.  Plaintiff withdraws the 14 hours spent on her unsuccessful prejudgment interest motion, which the Court would have deducted because that motion was brought as to a matter already decided.  REPLY 7:12-16, 10:28.

In opposition, defendant argues that plaintiff's time is inflated because of overstaffing and, relatedly, that some of the tasks could have been delegated to support staff at a lower hourly rate.  Defendant, however, identifies no specific instances, although plaintiff had included a detailed time sheet as an exhibit to her moving papers; the Court would consider any such specific instance (or category of instances) but cannot discern on its review what instances defendant is referring to.  To succeed in proving that the matter was overstaffed, defendant should have instances of "[undue] time telephoning, conferencing, and e-mailing each other" or "task padding, over-conferencing, attorney stacking (multiple attendance by attorneys at the same court functions), and excessive research."  Donahue v. Donahue (2010) 182 Cal.App.4th 259, 272 (internal quotations and citations omitted).  In a parenthetical citation, Donahue stated that these facts "support[ed] the trial court's conclusion the matter was overstaffed."  Ibid. (internal quotations and citation omitted).  Therefore, defendant's argument based solely on the fact that plaintiff claims time for 10 attorneys is insufficiently supported.  There might be some instance where the number of attorneys is sufficient to show an unreasonable number of hours expended, but here, as plaintiff argues in reply, about 10 hours or less is attributed five of the attorneys and for discrete tasks, supporting an inference that their time was not spent on "churning the file."

Defendant provides no support for its contention that counsel should have delegated tasks to paralegals or other support staff.  Defendant cited no authority stating that such delegation is required.  Defendant identified no specific time sheet entries that it might have contended were unreasonable retained by the attorneys.  Defendant mentioned, for example, drafting a witness list, but it certainly is not unreasonable for the attorney to draft a trial witness list, especially because it is an attorney, not a paralegal, who would conduct the trial, and because it is the attorney who must ultimately select the witnesses to be called.

The Court nevertheless has an independent duty to determine a party's reasonable fees, even apart from the opposing party's arguments, and finds that some of counsel's claimed time was unreasonable.

As mentioned above, plaintiff deducted $1,950 for sanctions already paid.

Also as mentioned above, plaintiff appropriately withdrew time for the prejudgment interest motion, 14 hours at $325, which equals $4,550.

Because five items of plaintiff's costs memorandum were plainly improper, a one-half deduction from the time spent drafting the costs memorandum and opposition to the motion to tax costs,

and related tasks is appropriate.   These entries are .9 hours at $500, or $450, and 11.6 hours at $325, or $3,770.   Swanson Decl. ¶ 7, Exh. B, Time Sheet, pp. 13-14.   Accordingly, a deduction is calculated as follows: $500 x .45 = $225; $325 x 5.8 = $1,885.   The total deduction for this item is therefore $2,110.

Additionally, as the Court found on the motion to tax costs, plaintiff's expert witness designation and related tasks were unreasonable.   The Court has identified a number of entries associated with such tasks.   The Court finds the following deductions sufficiently account for the unreasonable time spent on expert tasks: .2 hours at $500, .7 hours at $250, .1 hours at $350, .2 hours at $400, and 2.3 hours at $450 for a total of $1,425.   Swanson Decl. ¶ 7, Exh. B, Time Sheet, pp. 10-12.

In the Mikov declaration, plaintiff's claimed fees ultimately total $69,197.50.   Swanson Decl. ¶ 7, Exh. B, Time Sheet.   Subtracting the appropriate deductions, plaintiff is entitled to reasonable fees totaling $59,162.50.

Reasonableness of Number of Hours – Lebovits Declaration

In the Lebovits declaration, plaintiff's counsel claims 66.9 hours of work by the senior trial lawyer and 72 by the junior lawyer.   This is not an unreasonable number of total hours for the trial lawyers in a jury trial, even where the jury trial was completed in two days, and where there were some post-trial work these lawyers handled.   In general, the bills do not reflect excessive work for trial counsel's case preparation.   The bills also reflect 2.2 hours of "no charge" pre-trial work (see page two) and 3.2 hours of "no charge" post-trial work (see page four).

Once again, defendant in opposition does not point to specific items that are unreasonable.   On the Court's independent review, it concludes that none of the pre-trial and trial hours claimed are unreasonable.   Due to the somewhat extended proceedings here in obtaining actual judgment, which were in part extended due to plaintiffs' counsel, the Court will reduce the award by the .3 hours expended by senior counsel on March 23, 2017 for reviewing the objection to the judgment, the 1.0 hours on March 23, 2017 by junior counsel for drafting that objection.

Thus, on the Lebovits declaration, the Court awards 66.6 hours at a $600 rate, or $39,960, and 71 hours at a $250 rate, or $17,750, for a total of $57,710.

The total between the Mikov ($59,162.50) and Lebovits ($57,710) declarations is $116,872.50

No Lodestar Multiplier is Warranted

Plaintiff seeks a 1.25 lodestar multiplier on the sole basis that counsel represented her on contingency.

Relevant factors to determine whether an enhancement is appropriate include (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award.   Ketchum v. Moses (2001) 24 Cal.4th 1122, 1132.

Based on the record, including plaintiff's memorandum of points and authorities, no multiplier is warranted.   The contingent risks, preclusion of other work, skill, and difficulty counsel assert are absorbed by counsel's hourly rates.   See Robertson v. Fleetwood Travel Trailers of California, Inc. (2006) 144 Cal.App.4th 785, 822.   This conclusion is further supported by plaintiff's argument that her counsel's base hourly rates are justified by the representation's

contingent nature.   MOT 12:15-10.   Thus, plaintiff had accounted for the representation's
contingent risk in her counsel's hourly rates.   Also accounting for the risk by applying a lodestar
multiplier would constitute impermissible double recovery.   Additionally, plaintiff's
unmeritorious motion for prejudgment interest, an issue on which the Court had already ruled,
and plaintiff's noticing unnecessary technician depositions at least in part contributed to the
delay plaintiff's counsel now claims.   Plaintiff does not identify any particular case or cases that
her counsel had to decline because of taking on this case.

Therefore, plaintiff has not met her burden of justifying a lodestar multiplier, and no multiplier is
applied.

Conclusion

The motion is GRANTED as modified: plaintiff is awarded $116,872.50 as her reasonable
attorneys' fees.   Plaintiff to give notice.

Dated:  6/19/17

_____
Michael J. Raphael
Judge of the Superior Court

# EXHIBIT 32

1   **KNIGHT LAW GROUP, LLP**
    Steve B. Mikhov (SBN 224676)
2   1801 Century Park East, Suite 2300
    Los Angeles, CA 90067
3   Telephone: (310) 552-2250
    Fax: (310) 552-7973
4
    **LAW OFFICE OF MICHAEL H. ROSENSTEIN**
5   Michael Rosenstein (SBN 169091)
    1801 Century Park East, Suite 2300
6   Los Angeles, CA 90067
    Telephone: (310) 552-2250
7   Fax: (310) 552-7973

8
    Attorneys for Plaintiff,
9   JOHN ASPINALL

F I L E D
Clerk of the Superior Court

SEP 08 2017

By: P. ASHWORTH, Deputy

10

11              **SUPERIOR COURT OF CALIFORNIA**

12                  **COUNTY OF SAN DIEGO**

13   JOHN ASPINALL,                    Case No.: 37-2015-00002577-CU-BC-CTL
                                       Unlimited Jurisdiction
14
                                       **[PROPOSED] ORDER GRANTING**
15              Plaintiff,             **PLAINTIFF'S MOTION FOR**
                                       **ATTORNEY'S FEES AND COSTS AND**
16        vs.                          **EXPENSES  AND MOTION FOR**
                                       **PREJUDGMENT INTEREST**
17   KIA MOTORS AMERICA, INC., a
18   California Corporation, and DOES 1
     through 10, inclusive,            **Hearing Date:**   September 8, 2017
19                                     **Time:**           9:00 a.m.
                                       **Dept.:**          67
20              Defendants.

21

22

23

24

25

26

27

28

                                        i
     [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS AND
                   EXPENSES AND MOTION FOR PREJUDGMENT INTEREST

1   TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2       PLEASE TAKE NOTICE that on September 8, 2017 at 9:00 a.m. in Department C67 of

3   this Court located at 330 West Broadway, San Diego, California 92101, Plaintiff JOHN

4   ASPINALL moved the court for an award of attorney's fees and costs and expenses pursuant to

5   Civil Code § 1794(d) of the Song Beverly Consumer Warranty Act (CIV. Code 1790 *et. seg*).

6       Having read the motion, the memorandums and the declarations filed by the parties, and

7   having entertained oral argument of counsel, the Court made the following ruling:

8   1. Plaintiff's Motion for Attorney's Fees and Costs and Expenses is GRANTED, in part;

9   2. The Court finds the hourly rates of Plaintiff's attorneys are reasonable;

10  3. The Court finds in it reasonable to reduce Plaintiff's attorney's fees by _20_ %;

11  4. Plaintiffs are awarded $ _226,845.00_ in attorney's fees;

12  5. Plaintiffs are awarded $ _46,021.71_ for cost and expenses;

13  6. The Court declines to award a lodestar multiplier;

14  7. The total award to Plaintiff for attorney's fees, costs and expenses is $ _272,866.71_

15  8. Said amounts are to be paid to Plaintiff's counsel's offices in Los Angeles no later than

16      30 days from this order.

17

18      IT IS HEREBY ORDERED.

19

20                          IT IS SO ORDERED

21

22

23                          _Eddie C. Sturgeon_

24  Dated: _08 SEP 2017_            Eddie C. Sturgeon

25                          Judge of the Superior Court

26

27

28

ii

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS AND EXPENSES

**Superior Court of California**
**County of San Diego**
COUNTY COURTHOUSE
220 WEST BROADWAY
PO BOX 120128
SAN DIEGO CA 92112-0128

RETURN
SERVICE
REQUESTED



Hasler
09/11/2017
US POSTAGE $0C

2
011

KNIGHT LAW GROUP, LLP
Steve B. Mikhov
1801 Century Park East, Suite 2300
Los Angeles, Ca 90067

SEP 1   2017
BY:

HBADSAB  90067

**EXHIBIT 33**

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN DIEGO**
**CENTRAL**

**MINUTE ORDER**

DATE: 09/15/2017                TIME: 10:30:00 AM        DEPT:  C-74

JUDICIAL OFFICER PRESIDING: Kevin A. Enright
CLERK:  Robin Smith
REPORTER/ERM: Suzanne Tate, CSR #8120
BAILIFF/COURT ATTENDANT:  Katie Barr, CSO

CASE NO: **37-2015-00019958-CU-BC-CTL**  CASE INIT.DATE: 06/15/2015
CASE TITLE: **Julie Harris vs. Hyundai Motor America [IMAGED]**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Breach of Contract/Warranty

**EVENT TYPE**: Motion Hearing (Civil)

**APPEARANCES**

Hallen D Rosner, counsel, present for Plaintiff(s).
Brian Takahashi, counsel, present for Defendant(s).

The Court hears oral argument and confirms the tentative ruling as follows:

Plaintiff Julie Harris's motion for attorney fees is granted in part and denied in part.

A prevailing buyer in an action under the Song–Beverly Act shall be allowed to recover attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of the action. (Civ. Code, § 1794, subd. (d).) Attorney fees under section 1794(d) are appropriately determined by the "lodestar" method, which requires the trial court to determine a lodestar based on the actual time spent at a reasonable hourly rate, which may then be adjusted by a positive or negative multiplier based on various factors including: the novelty and difficulty of the questions involved and the skill displayed in presenting them; the extent to which the nature of the litigation precluded other employment by the attorneys; the contingent nature of the fee award, based on the uncertainty of prevailing on the merits and of establishing eligibility for the award; the results achieved; and duplicative or excessive attorney work. (*Robertson v. Fleetwood Travel Trailers of California, Inc.* (2006) 144 Cal. App. 4th 785, 819-821; *Graciano v. Robinson Ford Sales, Inc.* (2006) 144 Cal. App. 4th 140, 161; *Goglin v. BMW of N. Am., LLC* (2016) 4 Cal.App.5th 462, 470.)

Defendant Hyundai Motor America does not dispute that plaintiff is entitled to attorney fees but instead argues that the fees requested are unreasonable. The court finds that the rates charged by plaintiff's attorneys are reasonable based on their skill and experience and the results achieved. The court therefore finds that the lodestar is $234,409.50, which is based on the rates charged and the hours reported. However, the skill of plaintiff's attorneys and their extensive experience in cases under the Song–Beverly Act makes it unreasonable to employ 14 attorneys from 3 different law firms. The court finds that this matter was overstaffed, which resulted in duplicative efforts by attorneys. Additionally,

DATE: 09/15/2017                              MINUTE ORDER                              Page 1
DEPT:  C-74                                                                      Calendar No.

CASE TITLE: Julie Harris vs. Hyundai Motor America        CASE NO: **37-2015-00019958-CU-BC-CTL**
[IMAGED]

excessive time was reported for analysis and drafting of pleadings based on the attorneys' experience with this area of the law and their use of pleading templates. The court therefore finds that it is necessary to reduce the lodestar by a negative multiplier of 0.15 to reflect an amount of fees that would have been reasonably incurred, even when considering the contingent nature of the fee award. Accordingly, the court awards fees in the amount of $199,248.08.

**IT IS SO ORDERED.**

_X A. Enright_
_____
Judge Kevin A. Enright

# EXHIBIT 34

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

**Superior Court of California**

**County of Los Angeles**

**Department 78**

SEP 20 2017

Sherri R. Carter, Executive Officer/Clerk

By Armando Garcia, Deputy

ANITA LONGIN;

     Plaintiff,

     vs.

FORD MOTOR COMPANY;

     Defendant.

Case No.:    BC 564186

Hearing Date:    September 20, 2017

[~~TENTATIVE~~] **RULING RE:**

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES.**

Plaintiff Anita Longin's Motion for Attorneys' Fees is GRANTED in the total amount of
$227,228, plus costs and expenses totaling $31,712.55.

### FACTUAL BACKGROUND

This is a Lemon Law case. Plaintiff Anita Longin ("Longin") alleges in her First Amended
Complaint ("FAC") as follows.  On March 30, 2010, she purchased a new 2010 Ford Escape (the
"Escape") with express warranties. (FAC ¶ 7.) The Escape was delivered with serious defects in
the steering and transmission, and when Longin delivered the Escape to a Ford repair facility,
Ford Motor Company ("Ford") denied warranty coverage, was unable to conform the vehicle to
warranty, and failed to replace the vehicle. (*Id.* ¶¶ 14–19.)

The FAC alleges that Longin is entitled to civil penalties under the Song-Beverly Act and treble
damages under section 3345. (FAC ¶ 26.) The FAC also alleges that Longin was a senior citizen
within the meaning of Civil Code section 1761 subdivision (f) at the time the action was filed.
(FAC ¶ 1.)

### PROCEDURAL HISTORY

Longin filed her Complaint on November 18, 2014, alleging two causes of action:

1. SONG-BEVERLY ACT
2. MAGNUSON-MOSS ACT

Ford filed its Answer on December 18, 2014. Trial was originally set for May 15, 2016, but on
May 10, 2016, the trial was continued until May 31, 2016.

On May 27, 2016, the court granted Longin's ex parte application, and trial was continued until
July 19, 2016. On June 30, 2016, trial was continued until August 16, 2016 because of Longin's
health. On August 3, 2016, trial was continued until November 1, 2016.

1

On October 24, 2016, this court granted Longin's motion for leave to file her FAC and continued the trial until November 14, 2016.

Longin filed her FAC on October 24, 2016, alleging two causes of action:

1. SONG-BEVERLY ACT

2. MAGNUSON-MOSS ACT

On November 10, 2016, this court continued the trial again based on counsel's unavailability for trial until January 24, 2017 pursuant to a stipulation by the parties.

Trial began on March 13, 2017. On March 17, 2017, the jury found in favor of Longin, finding total damages of $18,256.95 and a total civil penalty of $36,500. The court entered judgment in favor of Longin in the total amount of $54,756.95 on April 19, 2017.

Longin filed her Motion for Attorney Fees on June 16, 2017. Ford filed its Opposition on September 7, 2017. Longin filed her Reply on September 13, 2017.

## DISCUSSION

### I.   OBJECTIONS

Longin's Objections – Luebke's Declaration

- Objection No. 1 is OVERRULED
- Objection No. 2 is OVERRULED
- Objection No. 3 is OVERRULED

Longin's Objections – Proudfoot Declaration

- Objections Nos. 1-8 and 10 -12 are SUSTAINED.  Argument of counsel is more properly in the Opposition memorandum.

- Objection No. 9 is OVERRULED as to the last sentence, and otherwise SUSTAINED.

### II.   MOTION FOR ATTORNEYS' FEES

Attorneys' fees are allowed as costs when authorized by contract, statute, or law. (Code Civ. Proc., § 1033.5, subd. (a)(10)(B).)

#### A. ENTITLEMENT TO ATTORNEYS' FEES

"If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses,

including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." (Civ. Code, § 1794, subd. (d).)

Here, it is undisputed that as the prevailing party in a Song-Beverly Act case, plaintiff is entitled to attorneys' fees.

## B. REASONABLENESS OF ATTORNEYS' FEES

As the party seeking attorneys' fees, Longin bears the burden in demonstrating that the amount of feess she seeks is reasonable. (See *Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1320.) To meet this burden, Longin may be required "to produce records sufficient to 'provide a proper basis for determining how much time was spent....'" (*Lunada Biomedical v. Nunez* (2014) 230 Cal.App.4th 459, 486 [quoting *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131–1132].) Longin's "'evidence should allow the court to consider whether the case was overstaffed, how much time the attorneys spent on particular claims, and whether the hours were reasonably expended.'" (*Id.* at pp. 486–487.)

Courts have also held that "the verified time statements of the attorneys, as officers of the court, are entitled to credence in the absence of a clear indication the records are erroneous." (*Horsford v. Board Of Trustees Of California State University* (2005) 132 Cal.App.4th 359, 396.) The court in *Horsford* held that "Gordon, for example, stated in his verified declaration that his listing of hours 'included only the hours that I believe were reasonably necessary to achieve our clients' goals.' Instead of a presumption of credibility, the trial court often assumed the opposite." (*Ibid.*)

Here, Longin submits two declaration in support of her motion for attorneys' fees, one from each of the two law firms working on this case.

Steve Mikhov ("Mikhov") began working with Longin at the outset of litigation in November 2014. (Mikhov Decl. ¶ 8.) Mikhov states that he has been admitted to the California Bar since 2003, and currently bills at $500 per hour. (*Id.* ¶ 20.) Mikhov seeks a total amount of fees of $68,465, which are supported by time records recorded in increments of .1 hours. (*Id.* ¶¶ 2, 35, Ex. A.)

Mikhov sets forth the following work that was performed by himself and his associates and other partners. Mikhov first reviewed Longin's repair history before agreeing to represent her on a contingency basis. (Mikhov Decl. ¶ 8.) In January of 2015, Ford served extensive discovery requests on Longin, which Mikhov and his associates answered in February 2015. (*Id.* ¶ 9.) On April 6, 2015, Longin was deposed. (*Ibid.*) Longin then propounded written discovery on Ford in June 2015, and after Ford responded with "incomplete and evasive responses," the parties met and conferred regarding additional responses in September 2015 and through March and April of 2016. (*Id.* ¶¶ 10, 11.)

Mikhov states that because it appeared that this case was going to trial due to the "aggressive litigation" of the case and "the lack of any meaningful settlement offer," Mikhov associated with the Law Offices of Sephr Daghighian, P.C. ("LOSD") on February 16, 2016. (Mikhov Decl. ¶ 12.)

3

Mikhov's declaration also includes a list of all twelve other attorneys who worked on this action within his firm. (Mikhov Decl. ¶¶ 21–32.) These attorneys' billing rates range from $250 per hour to $400 per hour. Mikhov sets forth the billing rates for seven other lemon-law attorneys, who bill at between $395 and $595 per hour, with experience ranging from 22 to 34 years of experiences. (*Id.* ¶ 34.) Mikhov also describes and attaches 32 trial court orders granting substantial attorneys' fees at similar rates in lemon law cases, some of which also granted a multiplier. (*Id.* ¶¶ 36–67.)

Sephr Daghighian ("Daghighian") states that after agreeing to associate in this case because it appeared to be headed to trial, he began his work by reviewing the case file with an eye towards trial. (Daghighian Decl. ¶ 12.) Daghighian also deposed Ford employees and the dealership in this matter. (*Id.* ¶ 14.) Daghighian then worked with Longin's expert regarding Ford's Technical Service Bulletins and Special Service Messages relating to Longin's vehicle. (*Id.* ¶ 15.) Daghighian began preparing for trial "in earnest" in May 2016. (*Id.* ¶ 16.) Daghighian also deposed Ford's expert on May 5, 2016. (*Id.* ¶ 17.)

Daghighian filed thirteen motions in limine relating to trial on May 12, 2016, and filed oppositions to Ford's MILs. (Daghighian Decl. ¶¶ 18, 19.) Daghighian also notes that Ford served its first 998 offer on May 20, 2016 for $15,000. (*Id.* ¶ 24.) Ford's second 998 offer was on March 13, 2017, for a total of $18,000. (*Id.* ¶ 26.)

Daghighian states he spent 347.75 hours on this case at $400 per hour, not including time spent on this motion for attorneys' fees. (Daghighian Decl. ¶¶ 3–5.) His paralegal, Yaghoubzadeh, spent 12.25 hours at $75 per hour, and his associate, Larry Castruita, spent 61.25 hours at $300 per hour. (*Id.* ¶¶ 6, 7.) The total amount of attorneys' fees sought by Daghighian is $162,763. (*Id.* ¶ 8.)

## A. HOURLY RATES

As the court held in *569 East County Boulevard LLC v. Backcountry Against the Dump, Inc.* (2016) 6 Cal.App.5th 426:

> The courts repeatedly have stated that the trial court is in the best position to value the services rendered by the attorneys in his or her courtroom [Citation], and this includes the determination of the hourly rate that will be used in the lodestar calculus. [Citations.] In making its calculation, the court may rely on its own knowledge and familiarity with the legal market, as well as the experience, skill, and reputation of the attorney requesting fees [Citation], the difficulty or complexity of the litigation to which that skill was [Citations], and affidavits from other attorneys regarding prevailing fees in the community and rate determinations in other cases.

(*Id.* at pp. 436-437.)

In the context of attorneys' fees in Song-Beverly Act cases, courts have held:

> At the outset, it is important to note that we are not concerned in this case with a customary statutory or contractual provision which merely provides for "reasonable

4

attorney fees." The statute we are dealing with takes a somewhat different approach. It requires the trial court to make an initial determination of the actual time expended; and then to ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable. These circumstances may include, but are not limited to, factors such as the complexity of the case and procedural demands, the skill exhibited and the results achieved. If the time expended or the monetary charge being made for the time expended are not reasonable under all the circumstances, then the court must take this into account and award attorney fees in a lesser amount. A prevailing buyer has the burden of "showing that the fees incurred were 'allowable,' were 'reasonably necessary to the conduct of the litigation,' and were 'reasonable in amount.' " [Citation.]

The plain language of the statute allows only for the recovery of attorney fees which have been "reasonably incurred by the buyer." "The word 'incurred' when used in connection with bills or expenses, means to become liable for, ... to have liability thrust upon one by act or operation of law." [Citation.] Here, the buyer admittedly was being billed for and was liable for attorney fees only at the hourly rate of $120 per hour. Thus, for the 630.4 hours of actual time expended by her attorney, Nightingale was only obligated for fees in the amount of $75,648.4. She was billed for these fees, and paid $64,563.47 in attorney fees and costs. Therefore, in the instant case, the portion of the award of attorney fees resulting from higher hourly rates than the buyer was obligated to pay was not incurred within the meaning of the statute and may not be recovered.

(*Nightingale v. Hyundai Motor America* ("*Nightingale*") (1994) 31 Cal.App.4th 99, 104–105.)

Ford argues that because Longin has not provided a declaration stating that she agreed to pay the hourly rates charged by her attorneys, she cannot recover those rates and this court should deny this motion in its entirety. (Opposition at p. 7.) However, the right to recover attorneys' fees is well established, and the fact that Longin's attorneys represented her on a contingency basis does not mean the attorneys waived their right to collect attorneys' fees, nor were they required to provide the court with the retainer agreement. This issue before the court is only whether the rates charges are "reasonable."

Ford then argues that no fees should be allowed by Daghighian because the association of Daghighian with Mikhov was required to be consented to in writing by Longin, and no such signed consent form was produced. (Opposition at pp. 7–8.)

However, Ford cites to no cases where a plaintiff's own attorneys must produce a signed consent form to an association in seeking attorneys' fees. Simply put, whatever rights Longin has with respect to the California Rules of Professional Conduct regarding association of outside counsel, those rights are held by Longin, and may not be asserted by Ford in opposing a motion for attorneys' fees.

Ford argues generally that it is unreasonable to hire a second law firm in a simple lemon law action, and that the total amount of attorneys' staffing this case is unreasonable. (Opposition at pp. 8–9.) However, Ford has failed to articulate why such a case should not have been staffed in this manner. Longin's attorneys state that because the case was being aggressively litigated by Ford and appeared to be going to trial, Daghighian was associated in to prepare the case for trial. The court finds that hiring separate trial counsel is not unusual, especially in a lemon law action, which actions infrequently go to trial.

Ford is correct in arguing that this court retains discretion in granting or reducing the requested amount of attorneys' fees. As to the amount of fees, Ford argues only that the requested fees are too high, and that contingent attorneys may only bill at the same rates as non-contingent attorneys. (Opposition at pp. 10–13.)

The court disagrees. Ford cites to *Ketchum v. Moses* ("*Ketchum*") (2001) 24 Cal.4th 1122, 1132. (Opposition at p. 10.) It is true that the court in that case approved of a method of calculating fees that began "with a lodestar figure based on the reasonable hours spent, multiplied by the hourly prevailing rate for private attorneys in the community conducting *noncontingent* litigation of the same type." (*Ketchum, supra*, 24 Cal.4th at p. 1133.)

However, the court in *Ketchum* held that:

> The economic rationale for fee enhancement in contingency cases has been explained as follows: "A contingent fee must be higher than a fee for the same legal services paid as they are performed. The contingent fee compensates the lawyer not only for the legal services he renders but for the loan of those services. The implicit interest rate on such a loan is higher because the risk of default (the loss of the case, which cancels the debt of the client to the lawyer) is much higher than that of conventional loans." [Citation.] "A lawyer who both bears the risk of not being paid and provides legal services is not receiving the fair market value of his work if he is paid only for the second of these functions. If he is paid no more, competent counsel will be reluctant to accept fee award cases."

(*Ketchum, supra*, 24 Cal.4th at pp. 1132–1133.)

Therefore, *Ketchum* does not stand for the proposition that all attorneys taking cases on contingency are limited in their hourly rates to those billed by their defense counterparts. Indeed, the economic rationale for fee enhancement generally set forth in *Ketchum* run counter to Ford's argument. The court will address below whether a fee enhancement in the form of a multiplier is reasonable under these circumstances. The court also notes that in *Nightingale*, the plaintiff was not represented on a contingent basis, but rather, agreed to an hourly fee. Having done so, the court simply stated that she could not recover attorneys' fees in excess of that agreed-to hourly rate because no such fees were "incurred."

Ford introduces no evidence to show that the rates set forth by Longin's attorneys are unreasonable. Ford sets forth only that its attorney, Matthew Proudfoot, bills at $175 to $200 per

hour. (Proudfoot Decl. ¶ 15.) The court finds this fact irrelevant to whether the hourly rates of attorneys working on a contingency basis are reasonable.

The court has reviewed the hourly rates billed by Longin's attorneys, as well as the attorneys' level of experience, and finds that the rates charged by Longin's attorneys are reasonable.

## B. INDIVIDUAL ENTRIES

The court notes that Ford does not cite to any specific unreasonable entries in its Opposition, but rather points to a detailed list of costs it claims are unreasonable as set forth in Exhibit A attached to the Luebke declaration.

In her Reply, Longin objects to this documents are an attempt to impermissible file an oversized brief without prior court approval. (Reply at pp. 3–4.) The court has overruled the objection to this exhibit, but agrees generally that Ford's failure to address the reasonableness of the hours billed in the opposition while relying instead on a 13-page single space exhibit is improper. However, in an effort to evaluate the reasonableness of the specific hourly entries, the court has generally considered the "summary of objectionable specific charges" attached as Exhibit A.

Ford sets forth seven categories of charges it claims are unreasonable. The court will consider them in turn.

### 1. Category 1: Block Billing (Knight Law Group)

"Trial courts retain discretion to penalize block billing when the practice prevents them from discerning which tasks are compensable and which are not." (*Heritage Pacific Financial, LLC v. Monroy* (2013) 215 Cal.App.4th 972, 1010.)

Here, the court has reviewed all of the entries Ford claims are "block billed" because they include multiple tasks within the same entry. The court finds that none of these tasks are improperly block billed such that the court cannot tell which tasks are compensable and which are not. Some of the tasks are in amounts as low as .3 hours. Additionally, all of the tasks are described in detail, even if included in a single entry. For example, on April 6, 2015, the task of 4.5 hours is described as "prepare for and attend Plaintiff's deposition." The court can easily determine that both "preparing for" and "attending" plaintiff's deposition are compensable.

Some of the longer entries are also easily identifiable as compensable tasks. For example, the 13 hours billed on March 10, 2017 is for "prepar[ing] for and attend[ing] trial; meeting with Darrell Bladjo." Time spent in preparing for and attending trial is obviously compensable, and meetings with expert Bladjo are also compensable. The court finds that these entries are reasonable.

### 2. Category 2: Interoffice Conferences (Knight Law Group)

Ford argues that these entries are unreasonable because the number and length of the conferences were dictated by plaintiff's staffing strategy and not necessity, specifically, plaintiff's decision to staff numerous associate attorneys who needed to get up to speed with this case.

As an initial matter, the court notes that the largest entry of 8.5 hours is for reviewing and revising the special verdict form and preparing exam outlines. These tasks, although they involved a "conference" among attorneys, are reasonable and compensable.

The remainder of the objected-to conferences total 10.6 hours between January 5, 2015, and March 22, 2017. The court finds that although this case was staffed with an unusually high amount of attorneys, 10.6 hours for the attorneys to confer over the course of more than two years is not unreasonable.

The court will not reduce the lodestar amount by any of the interoffice conferences.

### 3. Category 3: Clerical and Secretarial Tasks (Knight Law Group)

Ford argues that these tasks are "secretarial" work that were improperly billed by attorneys billing $250 per hour rather than paralegals at a lower rate.

The court finds that the tasks described in this section are reasonable. The tasks involved drafting subpoenas and summarizing deposition transcripts, as well as preparing Longin's document productions. While some of these tasks could be performed by a skilled paralegal, drafting documents is typically a task for associate attorneys, specifically, the attorneys' billing at only $250 per hour. In addition, the time allocated to each task is in most instances .2 hours.

The court will not reduce the lodestar amount by any of the allegedly "clerical" tasks listed by Ford.

### 4. Category 4: Block Billing (Daghighian)

The court has reviewed Ford's listed entries it claims are block billed. No entry is longer than 6.75 hours. The longer entries are clearly compensable. For example, the 6.75 hours were spent attending the MSC, reviewing Ford's mediation brief, meeting with Longin and her representative, and drafting a report regarding the MSC for co-counsel. These tasks are compensable and the court finds that the amount of time spent on these tasks are reasonable.

The court will not reduce the lodestar amount by any of the claimed "block-billed" entries.

### 5. Category 5: Duplicative, Excessive, or Unreasonable Time (Daghighian)

Ford argues that it is "unreasonable" for Daghighian to bill 1.5 hours for packing and unpacking a trial briefcase on March 9, 2017, and then unpacking the trial briefcase and preparing a summary of proceedings for 1.25 hours on March 19, 2017. While it is likely that packing and unpacking the briefcase likely included organizing of materials for trial, because this is not specified, the court finds that some reduction in time is appropriate. The court reduces the number of hours for these two tasks by 1 hour.

Ford also argues that this is a "cut and paste" motion for attorneys, fees, and therefore the 9.5 hours spent drafting the motion and 2 hours spent drafting the declaration in support thereof are unreasonable. However, Ford fails to present admissible evidence that the memorandum is

identical to prior motions for attorneys' fees.  Indeed, Longin's briefs specifically address this case and, as to the Reply, Ford's arguments.

The court finds that 11.5 hours to draft the 15-page motion and supporting documents is a reasonable number of hours for the preparation of a motion for attorneys' fees.

The court therefore reduces the number of hours in this category by one hour.

### 6. Category 6: Clerical and Secretarial Tasks (Daghighian)

The court has reviewed the listed entries and finds that many of the tasks described are properly performed by an attorney. For example, although on March 7, 2016, Daghighian spent 3.75 hours, in part, printing and saving documents from co-counsel, he also prepared a case file, reviewed the pleadings and discovery, and organized the document production.  However, tasks like scheduling a court reporter, making copies, and filing and serving documents are tasks more properly performed by a secretary or paralegal.  The court therefore reduces the hours performed in these tasks by 5 hours.

### 7. Interoffice Conferences (Daghighian)

The court has reviewed these entries and finds that although they are significantly larger than the claimed interoffice conferences relating only to Knight Law, the conferences center around the trial. Also, many of the claimed entries involve communications with opposing counsel, which are clearly appropriately billed. Additionally, some of the billed time is appropriately with a paralegal regarding tasks to be performed, and the time spent is typically minimal, for example, 15 minutes.  The court finds that conferences between co-counsel and with paralegals before and during trial are generally reasonable and compensable.  However, some of the time was necessitated only by the fact that there were multiple counsel working on the case, and the court finds that in total this category of time should be reduced by 4 hours.

### C. MULTIPLIER

"A trial court has discretion to adjust the lodestar amount to take account of unique circumstances in the case. [Citation.] Some factors the court may consider in adjusting the lodestar include: '(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award. [Citation.] 'The purpose of such adjustment is to fix a fee at the fair market value for the particular action. In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services.' [Citation.]." (*Amaral v. Cintas Corp. No. 2* (2008) 163 Cal.App.4th 1157, 1216.)

The courts repeatedly have stated that the trial court is in the best position to value the services rendered by the attorneys in his or her courtroom [Citation], and this includes the determination of the hourly rate that will be used in the lodestar calculus. [Citations.] In making its calculation, the court may rely on its own

9

> knowledge and familiarity with the legal market, as well as the experience, skill, and reputation of the attorney requesting fees [Citation], the difficulty or complexity of the litigation to which that skill was [Citations], and affidavits from other attorneys regarding prevailing fees in the community and rate determinations in other cases.

(*569 East County Boulevard LLC v. Backcountry Against the Dump, Inc.* (2016) 6 Cal.App.5th 426.)

Here, the court agrees with Ford that a multiplier is not appropriate under these circumstances. As an initial matter, the court notes that only Mikhov sets forth a rationale for a multiplier in his declaration. (Mikhov Decl. ¶¶ 68–71.) However, Mikhov did not take on the bulk of the trial litigation in this case, but instead associated with Daghighian. Daghighian sets forth no basis for the multiplier in his declaration.

The court notes that while Longin's attorneys achieved a favorable result in this case, there was no unusual or novel questions or work performed. Plaintiff's attorneys simply reviewed her file, filed a complaint, engaged in reasonable discovery and investigation, and then took the case to a short trial. None of these tasks are so unusual as to justify a multiplier.

Additionally, the court notes that the economic rationale for allowing contingency attorneys to bill at a higher rate is to compensate them for the risk they take over non-contingent defense work, and the delay in receiving payment of their attorneys' fees. As discussed in *Ketchum*, one way to provide for this additional risk is to calculate a lodestar based on the hours reasonably incurred at the prevailing *non-contingent* rates, and then add a multiplier. Alternatively, the court can simply award attorneys' fees at higher hourly rates. However, by asking for a multiplier on a lodestar calculated with arguably higher rates charged by contingency fee lawyers, Longin is essentially asking this court to double-count the risk in taking on contingent cases. Because this court is granting attorneys' fees at the rates set forth in the declarations, it finds an additional multiplier to be unnecessary. Also, the court has reviewed the amount of work necessary to litigate this case to trial and, while the court finds the award of $227,228 to be reasonable, the court has made minimal reductions to the number of hours claimed by Longin's attorneys, and finds that the total amount of the award even absent a multiplier will provide reasonable compensation to Longin's attorneys.

Accordingly, the court GRANTS attorneys' fees totaling $227,228, representing the total lodestar amount claimed by Longin of $231,228, less the ten hour reduction at $400 per hour, without any multiplier.

## III.   MOTION FOR COSTS

Allowable costs "shall be reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation." (Code Civ. Proc., § 1033.5, subd. (c)(2).) Any items not specifically mentioned by statute "may be allowed or denied in the court's discretion." (*Id.*, subd. (c)(4).)

10

"'If the items appear to be proper charges the verified memorandum is prima facie evidence that the costs, expenses and services therein listed were necessarily incurred by the defendant [citations], and the burden of showing that an item is not properly chargeable or is unreasonable is upon the [objecting party].' [Citation.]" (*Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 131.) The court therefore first determines if the statute expressly allows for the item, and whether it appears proper on its face. If so, "the burden is on the objecting party to show them to be unnecessary or unreasonable." (*Ibid.*)

However, other courts have held that: "On the other hand, if the items are properly objected to, they are put in issue and the burden of proof is on the party claiming them as costs." (*Ladas v. California State Auto. Assn.* (1993) 19 Cal.App.4th 761, 774.)

Longin has submitted a verified Memorandum of Costs setting forth $31,712.55 in costs.

Ford argues that the $368.06 for travel expenses are excessive and not supported by documents. (Opposition at p. 17.) The court finds that Longin has met her burden to claim a total of $368.06 for travel expenses during the over two years of litigation in this action. The Memorandum of Costs is verified, and these expenses are not facially unreasonable.

Ford argues that the overnight delivery, postage, business record, and copying charges are not compensable under section 1033.5.

However, Longin correctly points out that the Beverly-Song act allows a successful plaintiff to recover both "costs" and "expenses." (See Civ. Code, § 1794, subd. (d).) Courts have held that "it is clear the Legislature intended the word 'expenses' to cover items not included in the detailed statutory definition of 'costs.'" (*Jensen v. BMW of North America, Inc.* ("*Jensen*") (1995) 35 Cal.App.4th 112, 137.) The court in *Jensen* held that "[t]he legislative history indicates the Legislature exercised its power to permit the recovery of expert witness fees by prevailing buyers under the Act . . . ," noting that the legislature included "expenses" in the lemon law act because "'[t]he addition of awards of "costs and expenses" by the court to the consumer to cover such out-of-pocket expenses as filing fees, expert witness fees, marshall's fees, etc., should open the litigation process to everyone.' [Citation.]"

The court agrees that because section 1794 provides for the recovery of "expenses," a term that is broader than statutory "costs," overnight delivery, postage, business record, and copying charges are allowable. Ford fails to address this point in its Opposition.

Ford also argues that court reporter fees are not recoverable unless the court orders the reporter's presence. (Opposition at p. 17.) However, such fees are also properly considered "expenses" that are recoverable under section 1794.

The court GRANTS the Motion for Costs in the total amount of $31,712.55.

Plaintiff to give notice.

DATED: September 20, 2017

GAIL RUDERMAN FEUER

Hon. Gail Ruderman Feuer
Judge of the Superior Court

11

# EXHIBIT 35



# Superior Court of California
# County of Kern
### Metropolitan Division
### 1415 Truxtun Avenue, Bakersfield, CA 93301

Date:    11/21/2017                                    Time:   8:00 AM - 5:00 PM

BCV-16-100792

WEST VS HYUNDAI MOTOR AMERICA

### *Courtroom Staff*

| | | | |
|---|---|---|---|
| **Honorable:** | David R. Lampe | **Clerk:** | Robin L. McDonald |
| | Department 11 | | |
| **Court reporter:** | None | **Bailiff:** | None |
| **Interpreter:** | | **Language of:** | |

**PARTIES:**

HYUNDAI MOTOR AMERICA, A CALIFORNIA          JULIAN SENIOR, Attorney, not present
CORPORATION, Defendant, not present

MARILYN WEST, Plaintiff, not present          AMY-LYN MORSE, Attorney, not present

NATURE OF PROCEEDINGS:  RULING ON MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES - FILED BY PLAINTIFF; HERETOFORE SUBMITTED ON 11/08/2017.

MOTION FOR AN ORDER TO STRIKE AND/OR TAX COSTS - FILED BY DEFENDANT; HERETOFORE SUBMITTED ON 11/08/2017.

*****************************************************

The Court finds as follows:

After due consideration following hearing, and upon full review of all moving and opposing papers, the court finds that the attorney's fees requested by plaintiff, at the rates proposed, are reasonable without any multiplier. The court awards total fees requested in the amount $169,148.75. This amount is comprised of legal services provided by Knight Law Group, LLC (formerly O'Connor and Mikhov, LLP) in the amount of $56,630.00, and The Altman Law Group in the amount of $112,518.75. The court declines to apply any multiplier. The court declines the additional fee request made by the declaration of Roger Kirnos without prejudice.

The court denies the Defendant's Motion to Tax Costs except that the court grants the motion to the extent of $3,819.00 for travel costs.

Plaintiff is to prepare orders consistent with these rulings pursuant to California Rules of Court, Rule 3.1312.

Copy of minute order mailed to counsel as stated on the attached Certificate of Mailing.

| | | |
|---|---|---|
| *MINUTE ORDER FINALIZED BY:*   ROBIN MCDONALD | *ON:*   NOVEMBER 21, 2017 | |

MINUTE ORDER
Page 1 of 2

WEST VS HYUNDAI MOTOR AMERICA                                    BCV-16-100792

WEST VS HYUNDAI MOTOR AMERICA
BCV-16-100792

## CERTIFICATE OF MAILING

The undersigned, of said Kern County, certify:  That I am a Deputy Clerk of the Superior Court of the State of California, in and for the County of Kern, that I am a citizen of the United States, over 18 years of age, I reside in or am employed in the County of Kern, and not a party to the within action, that I served the ***Minute Order dated  November 21, 2017*** attached hereto on all interested parties and any respective counsel of record in the within action by depositing true copies thereof, enclosed in a sealed envelope(s) with postage fully prepaid and placed for collection and mailing on this date, following standard Court practices, in the United States mail at  Bakersfield California addressed as indicated on the attached mailing list.

Date of Mailing:        November 21, 2017

Place of Mailing:       Bakersfield, CA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Terry McNally**
CLERK OF THE SUPERIOR COURT

Date:  November 21, 2017

By:        _____

Robin McDonald, Deputy Clerk

## MAILING LIST

ROGER KIRNOS
KNIGHT LAW GROUP, LLP
1801 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067

RICHARD STUHLBARG
BOWMAN AND BROOKE, LLP
970 WEST 190TH STREET,  SUITE 700
TORRANCE, CA  90502

Certificate of Mailing

Page 2 of 2

# EXHIBIT 36

COPY

FILED
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

JAN 22 2018

STEPHANIE CAMERON, CLERK
BY:_____ACIA LOCEY_____

1
2
3
4
5
6
7
8            SUPERIOR COURT OF CALIFORNIA
9                 COUNTY OF TULARE
10
11   DOMINIC P. TERAN,                    Case No.: 265860
12              Plaintiff,                 Unlimited Jurisdiction
13        vs.
14                                         [PROPOSED] ORDER GRANTING
                                           PLAINTIFF'S ATTORNEY'S FEES AND
15   FCA US LLC, a Delaware Limited Liability   COSTS AND EXPENSES
     Company; MARK SIDLEY AUTO GROUP,
16   INC., a California Corporation dba     Date: December 11, 2017
     PORTERVILLE CHRYSLER JEEP            Time: 8:30 a.m.
17   DODGE; and DOES 1 through 10, inclusive,   Dept.: 1
18
19              Defendants.                     BY FAX
20
21
22
23
24   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:
25        Plaintiff's Motion for Attorney's Fees and Costs and Expenses, came on regularly for
26   hearing on December 11, 2017, at 8:30 a.m., in Department 1, of the above-entitled court located
27   at 221 S. Mooney Blvd., Visalia, California, the Honorable Melinda M. Reed, presiding.
28

                              [PROPOSED] ORDER

1    Deepak Devabose of Knight Law Group LLP appeared on behalf of Plaintiff, Dominic P.

2    Teran, and Lisa Tudzin of Nixon Peabody LLP appeared on behalf of Defendant, FCA US LLC.

3    Plaintiff moved the Court for an order awarding $155,330.00 in fees and $42,060.45 in costs and

4    expenses. Having read the motion, the memoranda and the declarations filed by the parties, and

5    having heard oral argument of counsel, the Court makes the following ruling:

6       1.  Plaintiff's Motion for Attorney's Fees and Costs and Expenses is GRANTED, in part;

7       2.  The Court reduces Plaintiff's attorney fees by $1,300.00 for duplicative billings;

8       3.  The Court also reduces Plaintiff's attorney fees by $2,250.00 for the appearance of a

9           junior attorney at the hearing in lieu of Attorney Steve Mikhov;

10       4.  The Court finds that the following hourly rates requested by counsel are reasonable:

11    Knight Law Group, LLP

12        • Steve Mikhov $500.00/hr

13        • Russell Higgins $400.00/hr

14        • Lauren Ungs $350.00/hr

15        • Kristina Stephenson-Cheang $350.00/hr

16        • Diane Hernandez $350.00/hr

17        • Chris Swanson $325.00/hr

18        • Amy Morse $250.00/hr

19        • Deepak Devabose $200.00/hr

20        • Michelle Lumasag $200.00/hr

21    Wirtz Law APC

22        • Richard M. Wirtz $500.00/hr

23        • Amy R. Smith $325.00/hr

24        • Erin K. Barns $325.00/hr

25        • Jessica R. Underwood $250.00/hr

26        • Lauren B. Sabb $250.00/hr

27        • Rebecca Evans $175.00/hr

28        • Eric Jung $175.00/hr

-1-

[PROPOSED] ORDER

5.  The Court declines to award a lodestar multiplier;

6.  Plaintiff is awarded attorney's fees in the amount of $151,780.00;

7.  Plaintiff is awarded his full costs and expenses in the amount of $42,060.45 based on the unchallenged memorandum of costs;

8.  Plaintiff is awarded a total amount of attorneys' fees and costs and expenses in the amount of $193,840.45.

IT IS HEREBY ORDERED.

IT IS SO ORDERED

Melinda M. Reed

Dated: ~~JAN 2 2 2018~~

Judge of the Superior Court

Prepared by:
**KNIGHT LAW GROUP, LLP**
Steve Mikhov (SBN 224676)
1801 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 552-2250
Fax: (310) 552-7973

Attorney for Plaintiff,
**DOMINIC P. TERAN**

-2-
[PROPOSED] ORDER

# EXHIBIT D

1   **O'CONNOR LAW GROUP, P.C.**
    Mark O'Connor, Esq. (SBN 157680)
2   Larry S. Castruita, Esq. (SBN 279263)
    384 Forest Ave., Suite 17
3   Laguna Beach, CA 92651
    Tel: (949) 494-9090 | Fax: (949) 494-9913
4
    **KNIGHT LAW GROUP, LLP**
5   Steve B. Mikhov, Esq. (SBN 224676)
    10250 Constellation Blvd., Suite 2500
6   Los Angeles, CA 90067
    Tel: (310) 552-2250 | Fax: (310) 552-7973
7
8   Attorneys for Plaintiffs:     REDA HANNA, and,
                                  KATRINA HANNA
9

**Lehrman Law Group**

**NOV 0 7 2019**

**RECEIVED**

10

11              **SUPERIOR COURT OF CALIFORNIA**

12       **COUNTY OF LOS ANGELES - STANLEY MOSK COURTHOUSE**

13   REDA HANNA; and, KATRINA HANNA,        | Case No.  BC606891
                                            | *Unlimited Jurisdiction*
14          Plaintiffs,
                                            | **DECLARATION OF STEVE B. MIKHOV**
15       vs.                                | **IN SUPPORT OF PLAINTIFFS' MOTION**
                                            | **FOR ATTORNEYS FEES PURSUANT TO**
16   MERCEDES-BENZ USA, LLC, a Delaware     | **CIVIL CODE § 1794(d)**
     Limited Liability Company; and, DOES 1 |
17   through 10, inclusive,                 | **Hearing Date:    December 9, 2019**
                                            | **Hearing Time:   8:30 a.m.**
18          Defendants.                     | **Reservation ID:  011277790323**
19
                                            | *Assigned to the Hon. Rupert A. Byrdsong,*
20                                          | Dept. 28
21
                                            | Date Filed:       January 13, 2016
22                                          | Trial Date:       August 12, 2019
23

24

25              **DECLARATION OF STEVE B. MIKHOV**

26   I, STEVE B. MIKHOV, declare under penalty of perjury the following:

27   ///

28   ///

-0-

*Hanna, et. al., v. MBUSA*
DECLARATION OF STEVE B. MIKHOV IN SUPPORT OF MOTION FOR ATTORNEYS FEES

1.      I am an attorney at law duly licensed to practice before the courts of the State of California and attorney of record for Plaintiffs REDA HANNA and KATRINA HANNA (hereinafter "Plaintiffs") in the instant action.

2.      I have personal knowledge of the following facts and, if sworn as a witness, I could and would testify to them competently. I make this declaration in support of Plaintiffs' Motion for Attorney's Fees, Costs and Expenses.

3.      I attended law school at Pepperdine University, and I was a judicial extern for Judge Gregory W. Alarcon of the Los Angeles County Superior Court in 2002.

4.      I have been admitted to the State Bar of California since April 29, 2003.

5.      Since my admission to the State Bar of California, I have specialized in consumer law. I originally worked for one of the largest consumer warranty law firms in the country, Consumer Legal Services.

6.      I have extensive experience prosecuting and resolving consumer protection matters involving motor vehicle claims. For the past fifteen years, I have specialized in breach of warranty and fraud cases against automobile manufacturers and dealers. I was among the attorneys who represented the plaintiff in *Joyce v. Ford Motor Co.* (2011) 198 Cal.App.4th 1478, a leading case which extended the protections of the Lemon Law to trucks based on actual weight, not maximum capacity.

7.      From April 2007 until April 2012, I was a founding partner in Romano, Stancroff & Mikhov, P.C. I was the Managing Partner of the firm until it was dissolved.

8.      In April 2012, I founded O'Connor & Mikhov, LLP, along with my partner Mark O'Connor. In 2017, O'Connor & Mikhov ("O&M") reformed as two separate law firms, becoming O'Connor Law Group ("OLG") and Knight Law Group ("KLG").

9.      My rate for this case was $550/hour. My billing entries are indicated by the initials "SBM" in the "KLG" billing statement included in the Compendium of Exhibits included with the instant motion for Attorney's Fees, Costs and Expenses.

10.      A true and correct copy of the "KLG" billing statement is attached as **Exhibit 19** to the Compendium of Exhibits included with the instant motion for Attorney's Fees, Costs & Expenses.

*Hanna, et. al., v. MBUSA*
DECLARATION OF STEVE B. MIKHOV IN SUPPORT OF MOTION FOR ATTORNEYS FEES

1    11.    A true and correct copy of the "KLG" Memorandum of Costs (Summary and

2  Worksheet) is attached as **Exhibit 21** to the Compendium of Exhibits included with the instant

3  motion for Attorney's Fees, Costs & Expenses.

4    12.    Amy L. Morse is a partner at my firm and has been employed with the firm since

5  her admission to the bar in 2013. Prior to her admission, she was a law clerk with my office since

6  2012. Ms. Morse graduated from Loyola Law School. Ms. Morse's billing rate is $350/hour. Ms.

7  Morse's time entries are indicated by the initials "ALM" on the KLG billing statement included in

8  the Compendium of Exhibits.

9    13.    Deepak Devabose is an associate at my firm. Mr. Devabose was admitted to the

10  Bar in 2014 and has been working at the firm since 2016. He is a graduate from Pepperdine

11  University School of Law and received his undergraduate degree from Emory University. His

12  billing rate is $275/hour. His time entries are indicated by the initials "DD" in the billing statement

13  exhibited to this declaration.

14    14.    Kirk Donnelly is a contract attorney with my firm with 20-years of litigation

15  experience representing individual and corporate clients in hundreds of matters in state and federal

16  court, including some 40 class actions. He graduated cum laude from the University of San Diego,

17  School of Law where he was selected to the Order of the Coif and the Order of Barristers. He was

18  admitted to practice law in the State of California in 1995. Mr. Donnelly's billing rate is $400/hour.

19  Mr. Donnelly's time entries are indicated by the initials "JKD" in the billing statement exhibited

20  to this declaration.

21    15.    Kristina Stephenson-Cheang graduated from Western State University College of

22  Law and was admitted to practice in 2008. Ms. Stephenson-Cheang has been employed with the

23  firm since 2013. Prior to her employment at Knight Law Group, she worked for a different lemon

24  law firm gaining valuable experience in this area of law. Ms. Stephenson-Cheang's billing rate is

25  $375/hour. Ms. Stephenson-Cheang's time entries are indicated by the initials "KSC" in the KLG

26  billing statement included in the Compendium of Exhibits.

27    ///

28    ///

-2-

*Hanna, et. al., v. MBUSA*
DECLARATION OF STEVE B. MIKHOV IN SUPPORT OF MOTION FOR ATTORNEYS FEES

16.     Michael Ouziel was an Associate at my firm. Mr. Ouziel graduated from Washington and Lee University School of Law and was admitted to practice in 2013. Mr. Ouziel spent approximately his first two years of practice at a Los Angeles based boutique litigation firm and subsequently joined O'Connor & Mikhov, LLP in 2015, where his practice focuses largely on claims involving violations of the Song-Beverly Act. Mr. Ouziel's billing rate was $250/hour. His time entries are indicated by the initials "MO" in the billing statement exhibited to this declaration. As always, Knight Law Group attempts to keep attorney fees and costs down while providing vigorous and effective representation.

17.     Russell Higgins is an Associate with the firm and was admitted to practice in 2003. Mr. Higgins graduated from Pepperdine University School of Law and his billing rate is $450/hour. Mr. Higgins' time entries are indicated by the initials "RH" in the billing statement attached to this declaration.

18.     I am aware of the hourly rates of other attorneys in California who work in the area of lemon law and consumer law. I bill my time at an hourly rate of $550/hour. An hourly rate of $550/hour is reasonable, and consistent with other attorneys who litigate consumer matters and who have a comparable level of experience. A recent canvas of some of the community of attorneys who specialize in this area reveals the following hourly rates:

a.   Hallen D. Rosner, of *Rosner, Barry & Babbitt*, in San Diego, California, has been practicing law since 1983 and specializes in consumer litigation with particular attention to auto financing issues. He charges $620/hour.

b.   Bryan Kemnitzer, of *Kemnitzer, Anderson, Barron, Ogilvie & Brewer, LLP*, in San Francisco, California, charges $850/hour.

c.   Michael Lindsey was admitted to the bar in 1993 and has been handling consumer law cases for nearly 15-years in San Diego, California. Mr. Lindsey's hourly rate is $625. Survey as of 2017. His previous rate of $575/hour was recently confirmed as reasonable in *Goglin v. BMW of North America* (2016) 4 Cal.App.5th 462, 473-74.

///

-3-

*Hanna, et. al., v. MBUSA*
DECLARATION OF STEVE B. MIKHOV IN SUPPORT OF MOTION FOR ATTORNEYS FEES

19.     All time billing entries were completed contemporaneously with each dated entry or near in time to the work performed. I have personally reviewed the billing entries to ensure that they appropriately reflect the time expended. I have removed or reduced any time I felt was excessive, duplicative, or otherwise, or I have done a "no charge" for it, as identified by the "N/C" in the invoice. In so doing, I have also taken into consideration the fact that trial counsel had to be substituted and then re-entered into the case. My firm does not bill clients for secretarial support staff time.

20.     An example of historical orders related to attorneys' fees and costs in similar matters is as follows:

    a.  On July 24, 2013, Judge Stern awarded fees at my rate of $350/hour in *Meuchel v. Ford Motor Company*, Los Angeles Superior Court, Case No. BC481727. A copy of that order is included in the Compendium of Exhibits as **Exhibit 8**.

    b.  On September 17, 2013, Judge Hiroshige awarded me fees that I requested at the rate of $350/hour in *Snell v. Ford Motor Company*, Los Angeles Superior Court, Case No. BC471985. Judge Hiroshige also granted a lodestar multiplier of 1.5. A copy of that order is included in the Compendium of Exhibits as **Exhibit 9**.

    c.  On September 9, 2015, Judge Alaron awarded 100% of the attorneys' fees and costs and expenses actually incurred in the case of *Helm v. Chrysler Group, LLC,* (Los Angeles County Superior Court, Case No. BC519503) in the amount of $66,172.80, thereby confirming the reasonableness of the hourly rates requested and the reasonableness of the time incurred. A copy of that order is included in the Compendium of Exhibits as **Exhibit 10**.

    d.  On June 6, 2016, Judge Johnson expressly confirmed the reasonableness of O'Connor & Mikhov's hourly rates and awarded 90% of the attorney's loadstar fees in the amount of $50,541.00, in addition to $2,634.80 in costs in the case of *Perez v. Chrysler Group, LLC,* Los Angeles Superior Court, Case No. BC528217. A copy of that order is included in the Compendium of Exhibits as **Exhibit 11**.

///

*Hanna, et. al., v. MBUSA*
DECLARATION OF STEVE B. MIKHOV IN SUPPORT OF MOTION FOR ATTORNEYS FEES

e.  On August 2, 2016, Judge Teresa A. Beaudette awarded 100% of the requested fees, costs and expenses in the matter of *Lepe v. Chrysler Group, LLC,* (Los Angeles Superior Court, Case No. BC556273) for the total of $74,712.10. Judge Beaudette determined the requested hourly rates were reasonable and found that the work performed in the matter was reasonable. The requested rates ranged from $650/hour for trial counsel, Bryan Altman, to $500/hour for my rate, to $450/hour for senior attorney Joel Elkins to $200 to $350 per hour for associates ranging from 1 year to 5 years of legal experience in California. A copy of that order is included in the Compendium of Exhibits as **Exhibit 12**.

f.  On August 22, 2016, Judge John T. Doyle ruled that the hourly rates were reasonable and likewise ruled the work performed in that case was also reasonable. He also awarded 100% of the requested lodestar fees and costs in the case entitled *Baca v. Chrysler Group, LLC,* (Los Angeles Superior Court, Case No. BC566511). The court ruled that the time entries were reasonable as well as the hourly rates were reasonable, including the rate of $500/hour for myself and senior trial counsel, Michael Rosenstein, $300 to $350 per hour for attorneys Lauren Ungs, Roger Kirnos, Chris Swanson, Kevin Van Hout and Constance Morrison, and $200 to $250 per hour for attorneys Stephanie Marshall, Michael Ouziel, Daisy Ortiz and Amy Morse. A copy of that order is included in the Compendium of Exhibits as **Exhibit 13**.

g.  On February 28, 2017, Judge Ernest M. Hiroshige in Los Angeles County Superior Court awarded 100% of the requested fees in the matter of *Dorfman v. BMW of North America, LLC,* (Los Angeles Superior Court, Case No. BC538183) for a total attorney fee award (not including costs) of $47,732.50. Therefore, the court confirmed the reasonableness of the time expended as well as the reasonableness of the hourly rates requested, which were $500 for my rate and the rate of senior trial counsel, Rich Wirtz, $300 to $350 per hour for middle level attorneys such as Lauren Ungs, Kristina Stephenson-Cheang,

1   Kevin Van Hout, and contract attorney/"of counsel" Constance Morrison, and

2   $200 to $250 per hour for the younger associates, such as Daisy Ortiz, Amy

3   Morse, Stephanie Marshall and Michael Ouziel a copy of that order is included

4   in the Compendium of Exhibits as **Exhibit 14**.

5   h.   On May 24, 2017, Judge Halm awarded $168,000.00 in attorney's fees and

6   $27,257.19 in costs and expenses in a jury trial that resulted in a maximum civil

7   penalty award for our client in the matter of *Gomez v. Kia Motors America,*

8   *Inc.,* (Los Angeles County Superior Court, Case No. BC 574493). The attorney

9   fee award represents 81% of the lodestar fees requested by motion in the matter.

10   The court reduced the number of hours for various billing entries. The court

11   also reduced Attorneys Bryan Altman and Joel Elkins from $650/hour and

12   $450/hour down to $550/hour and $375/hour, respectively. The court found my

13   hourly rate of $500 to be reasonable as well as those of other attorneys in my

14   office ranging from $225/hour for Daisy Ortiz to $350/hour for Lauren Ungs

15   and Kristina Stephenson-Cheang to $400/hour for Russell Higgins. The court,

16   on its own, raised the rate of trial attorney Roger Kirnos from the requested

17   $375/hour to $475/hour. A copy of that order is included in the Compendium

18   of Exhibits as **Exhibit 15**.

19   i.   On June 19, 2017, Judge Michael J. Raphael awarded $116,872.50 in attorney's

20   fees after trial in the matter of *Bellamy v. Mercedes Benz USA LLC* (Los

21   Angeles Superior Court, Case No. BC597233). Plaintiff obtained a maximum

22   treble damages jury verdict. The Court affirmed the hourly rates of the

23   attorneys, including Moses Lebovits' rate of $750/hour, my rate of $500/hour

24   and mid-level and young associates ranging from $250 to $400 per hour, as well

25   as Attorney Ashley Arnett at $350/hour. The court made reductions to

26   sometime entries and the fee award represents 84% of the lodestar fees

27   requested. A copy of that order is included in the Compendium of Exhibits as

28   **Exhibit 16**.

-6-

j.  On September 20, 2017, Judge Gail R. Feuer awarded $227,228.00 in attorney fees and $31,712.55 in costs and expenses in the matter of *Longin vs. Ford Motor Company* (Los Angeles Superior Court, Case No. BC564186). Specifically, the Court deemed my hourly rate of $500/hour reasonable along with trial attorney, Sepehr Daghighian's, hourly rate of $400/hour as reasonable. Judge Feuer determined that the hourly rates of attorneys ranging from $225 to $400 per hour were reasonable, such as Partners Lauren Ungs and Amy Morse (who were Associates at the time), and Associates Russell Higgins, Alastair Hamblin, Kristina Stephenson-Cheang, Daisy Ortiz, etc. Contract/"Of Counsel" attorney Constance Morrison was awarded her hourly rate of $350 for all time expended. The attorney fee award represents 98% recovery of the lodestar fees and costs requested by motion in the matter. A copy of that order is included in the Compendium of Exhibits as **Exhibit 17**.

21.  It is not uncommon for attorney's fees and costs to exceed the client's damages. The Legislature acknowledged such a circumstance, which is the reason behind the fee shifting provision of the Song-Beverly Act. Otherwise, consumers would be left without opportunity for redress when their damages were not enough for an attorney to take the case on a contingent fee or hourly rate basis. Such a result occurs in large part because of dealership's or vehicle manufacturer's refusal to adhere to statutory laws protecting consumers, resistance to honoring consumers' complaints, and generally playing games or simply abusing discovery procedures. For example, MERCEDES-BENZ USA LLC ("Defendant") could have avoided paying any attorney fees whatsoever had it admitted to its wrongdoing early on. Instead, Defendant engaged in expensive litigation. Defendant drove up fees and costs by, among other things, impeding the firm's discovery efforts, forcing motions, and filing motions.

///

///

///

///

*Hanna, et. al., v. MBUSA*
DECLARATION OF STEVE B. MIKHOV IN SUPPORT OF MOTION FOR ATTORNEYS FEES

22.     Lemon law cases are not simple actions. They require a specialized understanding of the full scope of consumer protection laws, which are highly nuanced. The cases also require knowledge of intricacies of automobiles and a lexicon associated with them, as well as a knowledge concerning how to investigate these matters. They also require knowledge of auto manufacturers' and dealers' protocols for repairing vehicles.

23.     Generally speaking, Clients of the firm benefit by the experience of this firm insofar as work product from other cases can be used in this case as well. Hence, a substantial amount of time was saved by not needing to draft each document from scratch and little time was needed to "get up to speed" in this specialized area of law. In effect, Defendant is also benefitted by these facts when it comes to a determination of reasonable attorney's fees to be paid because there are numerous cost saving techniques employed by the firm.

As shown by the number of cases discussed herein and the positive results achieved on behalf of each client, the hourly rate is reasonable, and the number of hours expended are reasonable. The fees incurred in this litigation are the direct result of the Defendant's own dismissive approach to handling lemon law matters.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

Executed this 5th day of November 2019, at Los Angeles, California.

STEVE B. MIKHOV
*Declarant*

-8-

*Hanna, et. al., v. MBUSA*
DECLARATION OF STEVE B. MIKHOV IN SUPPORT OF MOTION FOR ATTORNEYS FEES

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 384 Forest Ave., Suite 17, Laguna Beach, CA 92651.

On **November 6, 2019**, I served the foregoing document(s) described as: **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS FEES PURSUANT TO CIVIL CODE §1794(d); MEMORANDUM OF POINTS AND AUTHORITIES RE: MOTION FOR ATTORNEYS FEES PURSUANT TO CIVIL CODE §1794(d); DECLARATIONS OF M. O'CONNOR, S. MIKHOV, L. CASTRUITA, A. HAJDUK, S. MELTON, E. WHITMAN, and D. WOMACK; COMPENDIUM OF EXHIBITS 1-22; and, [PROPOSED] ORDER/JUDGMENT**, to all interested parties in this action as set forth in the service list below, in the following matter:

[_] **U.S. MAIL**: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Laguna Beach, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

[_] **BY PERSONAL SERVICE**: I caused a true copy of said document(s) to be hand-delivered to the addressee(s) via a California registered process server pursuant to Code of Civil Procedure §1011.

[X] **BY EXPRESS MAIL:** I caused said document(s) to be deposited in a box or other facility regularly maintained by the express service carrier providing overnight delivery pursuant to Code of Civil Procedure §1013(c).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **November 6, 2019**, at Laguna Beach, California.

_Kristin N. Arndt_

SERVICE LIST

| | |
|---|---|
| Kate S. Lehrman, Esq. (SBN 123050)<br>**LEHRMAN LAW GROUP**<br>12121 Wilshire Blvd, Ste 1300, Los Angeles, CA 90025<br>Tel: (310) 917-4500 \| Fax: (310) 917-5677<br>Email:  klehrman@lehrmanlawgroup.com | **Attorneys for Defendant(s): MERCEDES-BENZ USA, LLC** |

_Hanna, et. al., v. MBUSA_

PROOF OF SERVICE RE: PLAINTIFFS' MOTION FOR ATTORNEYS FEES

# EXHIBIT E

1  **KNIGHT LAW GROUP, LLP**
   Steve Mikhov (SBN 224676)
2  10250 Constellation Boulevard, Suite 2500
   Los Angeles, CA 90067
3  Telephone: (310) 552-2250
   Facsimile: (310) 552-7973
4  Email: stevem@knightlaw.com

Lehman Law Group

JUL 1 1 2018

RECEIVED

5  **LAW OFFICES OF MICHAEL H. ROSENSTEIN, LC**
6  Michael H. Rosenstein (SBN 169091)
   Brian T. Shippen-Murray (SBN 288188)
7  10250 Constellation Boulevard, Suite 2500
   Los Angeles, CA 90067
8  Telephone: (310) 286-0275
   Facsimile: (310) 286-0274
9  Email: mrosenstein@rose-lawoffice.com
10         bmurray@rose-lawoffice.com

11 Attorneys for Plaintiffs,
   NILAY B. PATEL and ARJANG FAYAZ
12

13           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
14
             **FOR THE COUNTY OF LOS ANGELES**
15

16 NILAY B. PATEL and ARJANG FAYAZ          Case No.: BC580425
                                            Judge:    Hon. Teresa A. Beaudet
17                                          Dept.:    50
              Plaintiffs,
18                                          **DECLARATION OF STEVE MIKHOV IN**
19    vs.                                   **SUPPORT OF PLAINTIFFS' MOTION**
                                            **FOR ATTORNEY'S FEES AND COSTS**
20                                          **AND EXPENSES**

21 MERCEDES-BENZ USA, LLC, a Delaware       [Filed Concurrently with Plaintiff's Notice of
   Limited Liability Company,               Motion and Motion for Attorney's Fees, Costs
22                                          and Expenses; Memorandum of Points and
                                            Authorities in Support Thereof; Declaration of
              Defendant.                    Michael H. Rosenstein]
23

24                                          Date:     October 17, 2018
                                            Time:     8:30 a.m.
25                                          Dept.:    50
                                            Res. ID.: 180525317492
26

27

28

   DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES,
                                  COSTS AND EXPENSES

## DECLARATION OF STEVE MIKHOV

I, Steve Mikhov, declare as follows:

1.     I am an attorney at law duly licensed to practice before the courts of the State of California and attorney of record for Nilay B. Patel ("Patel") and Arjang Fayaz ("Fayaz") (collectively "Plaintiffs") in the instant action.  I have personal knowledge of the following facts and, if sworn as a witness, I could and would testify to them competently.

2.     I make this declaration in support of Plaintiffs' Motion for Attorney's Fees and Costs and Expenses ("Motion").  For the reasons set forth herein and, in the Motion, Plaintiffs request $190,090.00 in attorney's fees for the legal services provided. This amount is comprised of the legal services provided by Knight Law Group, LLP (hereafter "Knight Law") in the amount of $35,842.50, and Law Offices of Michael H. Rosenstein, P.C. (hereafter "LOMR Law") in the amount of $154,247.50. A true and correct copy of my firm's billing is attached hereto as **Exhibit A.**  Plaintiffs' attorneys request a reasonable "lodestar" enhancement of 1.5 in the amount of $95,045.00 for a total attorney's fee award of $285,135.00.

3.     On December 24, 2013, Patel leased the Subject Vehicle for Fayaz.  In fact, MBUSA's authorized dealership suggested that Patel lease the Subject Vehicle under his name only so that Fayaz could obtain more favorable financing.  Patel made all of the lease payments and was compensated by Fayaz. Fayaz drove the Subject Vehicle. Fayaz made all of the warranty presentations of the Subject Vehicle.  In fact, all of the repair orders identify the lessor of the Subject Vehicle as Fayaz (except for the first 2). MBUSA's authorized dealership was reimbursed by MBUSA for repairs performed on the Subject Vehicle under warranty.  The Jury found that the Subject Vehicle had a defect that was covered under warranty, that substantially impaired use, value or safety and that was not repaired within a reasonable number of repair attempts.

4.     On or about January 28, 2015, Fayaz contact MBUSA and requested to be taken out of the lease.  On or about March 9, 2015, MBUSA rejected Fayaz's request, stating that, "[w]hile MBUSA supports and applauds our dealer's efforts to address your unverifiable complaint of the intermittent operation of your Becker Map Pilot Navigations System, we do not feel that these efforts constitute a repair history that would qualify your vehicle for a refund or

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES,
COSTS AND EXPENSES

1   replacement."

2       5.    Fayaz contacted Knight Law Group, LLP ("Knight Law") regarding his concerns

3   with the Subject Vehicle.  Knight Law reviewed the repair history of the Subject Vehicle and

4   agreed to take the case on a purely contingent basis.  Knight Law agreed to advance thousands of

5   dollars in costs and committed perform significant hours of work with the genuine risk that it

6   would not be reimbursed for years, if ever.  On May 4, 2015, Patel agreed to initiate this action on

7   behalf of his friend, Fayaz.  Knight Law Group did not bill anything for drafting the Complaint.

8   On June 4, 2015, MBUSA filed an Answer in which it denied all liability and raised twenty-five

9   affirmative defenses, not of which challenged Patel's standing to bring this lawsuit.  Knight Law

10  Group only billed 0.3 hours to review the Answer.

11      6.    Knight Law Group only billed 2.2 hours to draft the entirety of Plaintiffs' written

12  discovery to MBUSA which consisted of no less than 35 requests for production of documents, 43

13  special interrogatories, 27 requests for admissions, and form interrogatories.  Knight Law Group

14  only billed 9.0 hours to review the entirety of MBUSA's written discovery to Plaintiffs, gather

15  responsive documents and draft discovery responses.

16      7.    MBUSA noticed Fayaz's deposition as if he was a plaintiff, not a third-party.

17  Plaintiffs' counsel represented Fayaz at his deposition as if he was a plaintiff, not a third-party.

18  On October 6, 2015, both Patel and Fayaz were deposed.  Patel's deposition lasted 86 minutes.

19  Fayaz's deposition lasted 161 minutes.

20      8.    MBUSA never made any offer to settle this case.

21      9.    On February 19, 2016 The Law Offices of Michael H. Rosenstein associated into

22  the case as lead trial counsel.

23      **The Attorneys' Hourly Rates Are Reasonable Pursuant to the**

24      **Lodestar Method in Light of their Experience**

25      10.    I attended law school at Pepperdine University and I was a judicial extern for Judge

26  Gregory W. Alarcon of the Los Angeles County Superior Court in 2002.

27      11.    I have been admitted to the State Bar of California since April 29, 2003. Since my

28  admission to the State Bar of California, I have specialized in consumer law.

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

12.     I have extensive experience prosecuting and resolving consumer protection matters involving motor vehicle claims.  For the past sixteen years, I have specialized in breach of warranty and fraud cases against automobile manufacturers and dealers.  I was among the attorneys who represented the plaintiff in *Joyce v. Ford Motor Co.* (2011) 198 Cal.App.4th 1478, a leading case which extended the protections of the Lemon Law to trucks based on actual weight, not maximum capacity.

13.     I originally worked for one of the largest consumer warranty law firms in the country, Consumer Legal Services. From April 2007 until April 2012, I was a founding partner in Romano, Stancroff & Mikhov PC.  I was the Managing Partner of the firm until it was dissolved. In April 2012, I founded O'Connor & Mikhov, LLP.  The firm was reformed in 2017 as Knight Law Group, LLP.  I am the Managing Partner of the firm.  My rate for this case was $500/hour. My billing entries are indicated by the initials "SBM" in the billing statement exhibited to this declaration.

14.     Kristina Stephenson-Cheang graduated from Western State University College of Law and was admitted to practice in 2008. Ms. Stephenson-Cheang has been employed with the firm since 2013.  Prior to her employment at OM Law, she worked for a different lemon law firm gaining valuable experience in this area of law.  Ms. Stephenson-Cheang's hourly rate in this matter is $350/hour.  Ms. Stephenson-Cheang's billing entries are indicated by the initials "KSC" in the billing statement exhibited to this declaration.

15.     Amy Morse is a Partner in my office. Ms. Morse has been with my firm since her admission to the bar in 2013.  Prior to her admission, she was a law clerk with my office since 2012.  Ms. Morse graduated from Loyola Law School.  Ms. Morse's hourly rate is $350/hour.  Ms. Morse's billing entries are indicated by the initials "ALM" in the billing statement exhibited to this declaration.

16.     Russell Higgins is a Partner with the firm and was admitted to practice in 2003. Mr. Higgins graduated from Pepperdine University School of Law and his hourly rate in this matter is $400/hour.  Mr. Higgin's billing entries are indicated by the initials "RH" in the billing statement attached to this declaration.

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

17.     Chris Swanson graduated from UCLA School of Law in 2011 where he distinguished himself academically. Mr. Swanson has been an Associate at my firm since 2014. His prior professional experience includes individual and class action consumer protection law. Mr. Swanson's billing rate at my firm is $350/hour. Mr. Swanson's billing entries are indicated by the initials "CS" in the billing statement exhibited to this declaration.

18.     Daisy Ortiz was an Associate of the law firm for three years from 2012 until August of 2015. Ms. Ortiz graduated from University of California, Davis School of Law and admitted to practice in California in 2012. Ms. Ortiz's hourly rate was $225/hour. Ms. Ortiz primarily undertook the written discovery and meeting and conferring regarding discovery. Ms. Ortiz's billing entries are indicated by the initials "DO" in the billing statement exhibited to this declaration.

19.     Roger Kirnos is a Partner in my office. Mr. Kirnos graduated from Southwestern Law School in 2009 in the top 10% of his class with cum laude honors. Mr. Kirnos previously was an extern for former Chief Judge Alex Kozinksi of the Ninth Circuit Court of Appeals and an extern for Judge F. Gary Klausner of the United States District Court, Central District. Mr. Kirnos has been trial counsel in over twenty lemon law cases that went to jury verdict, and approximately a dozen more that settled once trial began. The hourly rate for Mr. Kirnos is $400/hour, and his billing is indicated by the initials "RK" in the attached invoice.

20.     Constance Morrison is of counsel with my firm and attends vehicle inspections, defends depositions and attends hearings. Ms. Morrison has 20 years of litigation experience. She graduated from Empire College School of Law and was admitted to practice in 1996. Ms. Morrison's hourly billing rate in this case was $350/hour, and her billing entries are signified by the initials "CM" in the billing statement exhibited to this declaration.

21.     As always, Knight Law attempts to keep attorney fees and costs down while providing vigorous and effective representation.

22.     All time billing entries were completed contemporaneously with each dated entry or near in time to the work performed. I have personally reviewed the billing entries to ensure that they appropriately reflect the time expended. I have removed or reduced any time I felt was

4

1   excessive, duplicative, or otherwise, or I have done a "no charge" for it, as identified by the "N/C"

2   in the invoice.  My firm **does not bill clients** for secretarial support staff time.

3   <u>**Evidence to Support the Reasonableness of Hourly Rates for Attorneys**</u>

4   23.   I am aware of the hourly rates of other attorneys in the California who work in the

5   area of lemon law and consumer law.  I bill my time at an hourly rate of $500 per hour.  An hourly

6   rate of $500 per hour is reasonable, and consistent with other attorneys who litigate consumer

7   matters and who have a comparable level of experience.  A canvas of the community of attorneys

8   who specialize in this area reveals the following hourly rates:

9          a.   Hallen Rosner of Rosner, Barry & Babbit, LLP, San Diego, CA has been

10              practicing law since 1983 and specializes in consumer litigation with

11              particular attention to auto financing issues. He charges $695 per hour.

12              Survey as of 2017.

13         b.   Michael Lindsey was admitted to the bar in 1993 and has been handling

14              consumer law cases for nearly 15 years in San Diego, California.

15              Mr. Lindsey's hourly rate is $625.  Survey as of 2017.  His previous rate of

16              $575/hour was recently confirmed as reasonable in *Goglin v. BMW of North*

17              *America* (2016) 4 Cal.App.5th 462, 473-74.

18         c.   Brian Kemnitzer of Kemnitzer, Anderson, Barron, Ogilvie & Brewer LLP

19              in San Francisco has been handling consumer cases since 1983.

20              Mr. Kemintzer charges $800.  Survey as of 2016.

21         d.   Robert Brennan of Brennan, Weiner and Associates in La Crescenta,

22              California charges $450 per hour.  He has been in practice since 1987. The

23              hourly rate for his associates is $375 per hour.  Survey as of 2010.

24         e.   Martin Anderson of The Anderson Law Firm in Santa Ana, California has

25              practiced law since 1995 and charges $395 per hour. Mr. Anderson

26              specializes in Lemon Law matters. Survey as of 2007.

27

28

5

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES,
COSTS AND EXPENSES

1            f.   Nancy Barros of Kemnitzer, Anderson, Barron, Ogilvie & Brewer LLP in

2             San Francisco, California has been handling consumer cases since 1983.

3             Ms. Barros charges $625 per hour.  Survey as of 2016.

4            g.   Mark Romano of Romano, Stancroff in Los Angeles, California has been

5             practicing for 23 years, primarily in consumer litigation. His hourly rate is

6             $400 per hour. Survey as of 2010.

7      24.    On January 8, 2018, Judge Mark S. Borrell awarded 100% of the fees, costs and

8  expenses requested by motion in the total amount of $26,065.90 in the matter of *Allem v. FCA*

9  (Ventura County Superior Court, Case No. 56-2015-00468707).  The court indicated it would not

10  consider rates of defense counsel and found that the hourly rates were reasonable for that venue

11  and that the time incurred were reasonable.  The rates requested by motion included my rate of

12  $500 per hour, the rate of $400 per hour for Russell Higgins, $350 per hour for Lauren Ungs,

13  $250 per hour for Amy Morse, each of whom were recently named Partners of the firm, as well

14  as rates of $325 per hour for Chris Swanson, $350 per hour for Kristina Stephenson-Cheang, and

15  $200 per hour for Deepak Devabose. (**Exhibit B.**)

16      25.    On December 11, 2017, Judge Melinda M. Reed awarded $151,780.00 in

17  attorney's fees based on a request of $155,330.00 and $42,060.45 in costs and expenses after

18  trial in the matter of *Dominic Teran vs. FCA US LLC* (Tulare County Superior Court, Case No.

19  265860), which resulted in a maximum possible statutory award of three times the price of the

20  vehicle. The hourly rates awarded ranged from $500 per hour for senior-level attorneys,

21  including me and trial counsel, Rich Wirtz; $325 to $400 per hour for attorneys Russel Higgins,

22  Lauren Ungs and Chris Swanson, $200 to $250 for younger attorneys; and for attorneys from

23  Wirtz Law $325 per hour for Amy Smith, $250 per hour for Jessica Underwood and Lauren

24  Saab, and $175 per hour for paralegals.  The overall award amounts to $193,840.45 in the fees,

25  costs and expenses, which represents 98% of the amount requested. (**Exhibit C.**)

26  ///

27  ///

28  ///

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

26.     On November 21, 2017, Judge David R. Lampe presiding in Kern County over

the trial in the matter of Marilyn *West v. Hyundai Motor America* (Kern County Superior Court,

Case No. BCV-16-100792) awarded 100% of the fees requested based on the same hourly rates

requested here for an attorney fee award $169.148.75, plus an additional $16,431.83 in costs and

expenses. The plaintiff obtained a jury verdict for treble damages, e.g. maximum civil penalties

Judge Lampe confirmed the rate of $650 per hour for trial attorney Bryan Altman, $500 per hour

for myself and rates ranging from $350 to $400 per hour for Partners and mid-level Associates

Russell Higgin, Kristina Stephenson-Cheang and Brian Murray, $450 per hour for Joel Elkins

from the Altman Law Group, and $200 to $250 per hour for the lowest billing rate attorneys.

The court awarded $350 per hour for our contract attorney/"of counsel", Diane Hernandez.

(**Exhibit D.**)

27.     On November 20, 2017, Judge Colleen K. Sterne awarded all of the requested

$54,400.17 in attorney's fees and costs and expenses in the matter of *Oksana Yudinova vs. Ford

Motor Company* (Santa Barbara Superior Court, Case No. 16CV00034).  In doing so, the court

awarded hourly rates ranging from $500 per hour for senior-level attorneys such as trial counsel,

Richard Wirtz and myself, $325 to $400 per hour for mid-level Associates, $325 per hour for

Associate Amy Smith from Wirtz Law, $200 to $250 for younger associates, and $175 per hour

for paralegals.  In total, the fee award represents 100% of the lodestar fee request. (**Exhibit E**)

28.     On October 31, 2017, Judge Elizabeth R. Feffer granted attorney fees, costs and

expenses in the amount of $43,527.50 in the matter of *Jesus Montes v. Ford Motor Company*

(Los Angeles Superior Court, Case No. BC617619), which represented 100% of the fees and

costs requested.  Judge Feffer granted rates from $750 per hour for trial counsel Moses Lebovits,

my rate of $500 per hour, $400 per hour for Senior Associate Russell Higgins, $325 to $350 for

Associates Chris Swanson, Kristina Stephenson-Cheang, $350 for Mr. Lebovits' associates,

Ashley Arnett and Mary Fersch, $250.00 for then-associate, now-Partner Amy Morse. (**Exhibit

F.**)

///

///

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES,
COSTS AND EXPENSES

29.     On October 11, 2017, Judge Elizabeth R. Feffer awarded 98% of the attorney fees requested by motion in the matter of *Sergio Lopez v. Ford Motor Company* (Los Angeles County, Case No. 585892) in the amount of $108,750.00, with the one reduction stemming from my firm's own withdrawal of time that was unreasonable.  Judge Feffer reviewed the following hourly rates and determined them to be reasonable: $500 per hour for attorneys Steve Mikhov and Richard Wirtz, $400 per hour for attorney Russell Higgins, $300 - $350 per hour for attorneys Alistair Hamblin, Constance Morrison, Kristina Stephenson-Cheang, Amy Smith and Erin Barns, and $250 per hour for Amy Morse and Lauren Sabb. (**Exhibit G.**)

30.     On September 20, 2017, Judge Gail R. Feuer awarded $227,228.00 in attorney fees and $31,712.55 in costs and expenses in the matter of *Anita Longin vs. Ford Motor Company* (Los Angeles Superior Court, Case No. BC564186). Specifically, the Court deemed my hourly rate of $500 per hour reasonable along with trial attorney, Sepehr Daghigian's, hourly rate of $400 per hour as reasonable.  Judge Feuer determined that the hourly rates of attorneys ranging from $225 to $400 per hour were reasonable, such as Partners Lauren Ungs and Amy Morse (who were Associates at the time), and Associates Russell Higgins, Alastair Hamblin, Kristina Stephenson-Cheang, Daisy Ortiz, etc. Contract/"Of Counsel" attorney Constance Morrison was awarded her hourly rate of $350 for all time expended. The attorney fee award represents 98% recovery of the lodestar fees and costs requested by motion in the matter. (**Exhibit H.**)

31.     On September 15, 2017, Judge Kevin A. Enright awarded $199,248.08 in attorney's fees after trial in the matter of *Julie Harris vs. Hyundai Motor America* (San Diego Superior Court, Case No. 37-2015-00019958-CU-BC-CTL). Plaintiff obtained a maximum civil penalty jury verdict at trial.  The Court found the hourly rates of Plaintiff's attorneys reasonable, including trial counsel, Bryan Altman's, rate of $650 per hour and my hourly rate of $500 per hour.  The court found the hourly rates of $250 to $400 per hour for litigation attorneys, such as Russell Higgins, Lauren Ungs (trial counsel), Chris Swanson, Amy Morse and Michael Ouziel, were reasonable.  The court also found that Mr. Altman's associates, Joel Elkins and Jordan

1   Cohen, billed reasonable hourly rates of $450 and $300, respectively. The attorney fee award

2   represents 85% of the lodestar fees requested by motion in the matter. (**Exhibit I.**)

3        32.    On September 8, 2017, Judge Eddie C. Sturgeon awarded $226,845.00 in

4   attorney's fees plus $46,021.71 in costs and expenses after trial in the matter of *John Aspinall vs.*

5   *Kia Motors America* (San Diego Superior Court, Case No. 37-2015-00002577-CU-BC-CTL).

6   The total award amounts to $272,866.71. Plaintiff obtained a maximum civil penalty jury verdict

7   at trial. Specifically, the Court deemed reasonable my hourly rate of $500 as well as trial

8   attorneys, Michael Rosenstein and Richard Wirtz, rate of $500. He found that the hourly rates of

9   $350 per hour reasonable for Lauren Ungs and a range of $200 to $250 per hour for younger

10  attorneys. He also found that $375 and $350 per hour was reasonable for our contract attorneys,

11  Kirk Donnelly and Constance Morrison. The attorney fee awarded represent 80% of the lodestar

12  fees requested by motion in the matter. (**Exhibit J.**)

13       33.    On August 9, 2017, Judge Sandra K. Bean awarded $94,112.50 in attorney's fees

14  plus $11,484.05 in costs and expenses in the matter of *Tanya Bravo v. FCA US LLC* (Alameda

15  Superior Court, Case No. RG15757477), which represented 100% of the amount requested by

16  motion. The Court affirmed the hourly rates of attorneys, including the hourly rate of trial

17  counsel of $650.00 for Bryan Altman, my hourly rate of $500, and associate rates ranging from

18  $225 to $375 per hour. In total, the fee award represented 100% of the lodestar fees requested.

19  (**Exhibit K.**)

20       34.    On August 9, 2017, Judge Craig L. Griffin awarded $59,515.00 in attorney's fees

21  in the matter of *Jose Murillo v. FCA US LLC* (Orange County Superior Court, Case No. 30-

22  2015-00771206-CU-BC-CJC). The Court affirmed the reasonableness of hourly rates requested

23  by motion, specifically my rate of $500 per hour, and rates of $300 to $350 for attorneys such as

24  Lauren Ungs, Chris Swanson, Kristina Stephenson-Cheang, Kevin Van Hout, $400 for Erin

25  Barns from Wirtz Law, and $200 to $250 for young associates. Group's attorneys, finding them

26  reasonable. In total, the fee award represented 97% of the lodestar fees requested, with the one

27  reduction being time that we withdrew on our own. (**Exhibit L.**)

28  ///

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES,
COSTS AND EXPENSES

35.     On June 19, 2017, Judge Michael J. Raphael awarded $116,872.50 in attorney's fees after trial in the matter of *Bellamy v. Mercedes Benz USA LLC* (Los Angeles Superior Court, Case No. BC597233). Plaintiff obtained a maximum treble damages jury verdict. The Court affirmed the hourly rates of the attorneys, including Moses' Lebovits rate of $750 per hour, my rate of $500 per hour and mid-level and young associates ranging from $250 to $400 per hour, as well as Attorney Ashley Arnett at $350 per hour. The court made reductions to some time entries and the fee award represents 84% of the lodestar fees requested. **(Exhibit M.)**

36.     On May 26, 2017, my firm sought $97,221.25 in fees and $4,282.35 in costs and expenses in the matter of *Pumphrey v. Ford Motor Company* (Riverside Superior Court, Case No RIC1400402). The Court ordered the parties to meet and confer and Ford accepted a 10% reduction of fees, and Judge Gloria C. Trask issued an order for a fee and cost award for a total of $92,000.00. **(Exhibit N.)**

37.     On May 24, 2017, Judge Halm awarded $168,000.00 in attorney's fees and $27,257.19 in costs and expenses in a jury trial that resulted in a maximum civil penalty award for our client in the matter of *Gomez v. Kia Motors America, Inc.* (Los Angeles County Superior Court, Case No. BC 574493). The attorney fee award represents 81% of the lodestar fees requested by motion in the matter. The court reduced the number of hours for various billing entries. The court also reduced Attorneys Bryan Altman and Joel Elkins from $650 per hour and $450 per hour down to $550 per hour and $375 per hour, respectively. The court found my hourly rate of $500 to be reasonable as well as those of other attorneys in my office ranging from $225 per hour for Daisy Ortiz to $350 per hour for Lauren Ungs and Kristina Stephenson-Cheang to $400 per hour for Russell Higgins. The court, on its own, raised the rate of trial attorney Roger Kirnos from the requested $375 per hour to $475 per hour. **(Exhibit O.)**

38.     On May 9, 2017, Judge Chapin in Kern County awarded a total of $296,055.00 in attorney's fees plus $25,651.18 in costs and expenses based on a jury verdict for maximum civil penalties in the matter of *Cofield v. Kia Motors America, Inc.* (Kern County Superior Court, Case No. S-1500-CV-283504). In so doing, Judge Chapin expressly ruled that the requested hourly rates were reasonable, including a rate of $650.00 per hour for attorney Bryan Altman,

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

1   $500 per hour for trial attorney, Michael Rosenstein, $500 per hour for my rate, $375 per hour

2   for trial attorney Roger Kirnos, and all other requested rates of $200, $225, $300, $325 and $350

3   per hour as reasonable for Kern County. (**Exhibit P.**)

4       39.     On March 24, 2017, my firm was awarded a total of $64,138.00 in fees, costs, and

5   expenses where Plaintiff's lodestar fee request was $43,417.50 plus costs and expenses of

6   $5,503.04.  In making this ruling, Judge Thomas W. Wills <u>granted a lodestar multiplier 1.5</u>, in

7   the matter of *Herrera v. Chrysler* (Monterey County Superior Court, Case No. M126216).  The

8   court reduced the two top billing attorneys' rates that were at $500 per hour down to $450 per

9   hour and ruled that all other rates, including rates for Roger Kirnos at $375 per hour, the rate of

10  $350 per hour for Lauren Ungs, Kristina Stephen-Cheang and contract attorney, Diane

11  Hernandez, $400 per hour for Russell Higgins, and junior attorney rates for $225 to $250 per

12  hour. Judge Wills found that the work performed and the time incurred for that work was

13  reasonable and did not make any reductions. (**Exhibit Q.**)

14      40.     On March 15, 2017, Judge Susan Bryant-Deason awarded $113,398.46 in fees,

15  costs and expenses in the matter of *Andrino v. Kia* (Los Angeles County Superior Court, Case

16  No. BC596210), which settled on the first day of trial.  The court's award represents

17  approximately 10% reduction of the fees requested by motion.  (**Exhibit R.**)

18      41.     On March 17, 2017, in the matter of *Page v. Kia Motors America, Inc.* (San Diego

19  Superior Court, Case No. 37-2014-00023991-CU-BC-CTL), Judge Eddie C. Sturgeon granted an

20  award of attorney's fees, costs and expenses in the amount of $271,077.16 in a case in which our

21  clients prevailed at trial.  Judge Sturgeon ruled that the hourly rates were reasonable, including

22  trial counsel's, Bryan Altman, rate of $650/hour and Roger Kirnos' rate of $375/hour.  The court

23  found my rate of $500 to be reasonable as well as each of my associates and the associates of Mr.

24  Altman who top out at $450/hour for Joel Elkins.  The court's order reflects a 15% across the

25  board reduction on the overall attorney's fees amount but expressly determined the hourly rates

26  were reasonable.  (**Exhibit S.**)

27  ///

28  ///

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

1        42.    On February 28, 2017, Judge Ernest M. Hiroshige in Los Angeles County

2    Superior Court awarded 100% of the requested fees in the matter of *Dorfman v. BMW of North*

3    *America, LLC* (Los Angeles Superior Court, Case No. BC538183) for a total attorney fee award

4    (not including costs) of $47,732.50.  Therefore, the court confirmed the reasonableness of the

5    time expended as well as the reasonableness of the hourly rates requested, which were $500 for

6    my rate and the rate of senior trial counsel, Rich Wirtz, $300 to $350 per hour for middle level

7    attorneys such as Lauren Ungs, Kristina Stephenson-Cheang, Kevin Van Hout, and contract

8    attorney/"of counsel" Constance Morrison, and $200 to $250 per hour for the younger associates,

9    such as Daisy Ortiz, Amy Morse, Stephanie Marshall and Michael Ouziel.  (**Exhibit T.**)

10        43.    On December 5, 2016, Judge Colleen K. Sterne in Santa Barbara ruled that the

11    hourly rates and the amount of the work performed were both reasonable, and granted 150% of

12    the firm's lodestar fee request in the matter of *Holzer v Ford Motor Company* (Santa Barbara

13    County Superior Court, Case No. 15CV02771).  The court granted a multiplier of 1.5, for a total

14    award of fees, costs and expenses in the amount of $143,301.69.  The court found the hourly

15    rates of my firm ranging from $500 per hour for my rate to $250 per hour for the lowest billing

16    attorneys were reasonable.  The court also found that trial counsel, Sepehr Daghighian's, hourly

17    rate of $400 per hour was reasonable. (**Exhibit U.**)

18        44.    On November 2, 2016, Judge Barbara A. Meiers in Los Angeles County Superior

19    Court awarded 100% of the requested fees and costs in the matter of *Carter v. Chrysler Group*

20    *LLC* (Los Angeles Superior Court, Case No. BC495228) resulting a total award of fees, costs and

21    expenses in the amount of $41,466.22.  The award reflects a finding that the hourly rate of $500

22    per hour is reasonable for myself and senior trial attorney, Michael Rosenstein, as well as $350

23    for attorneys Roger Kirnos, Lauren Ungs and Chris Swanson.  (**Exhibit V.**)

24        45.    On August 25, 2016, Judge White of the Los Angeles County Superior Court

25    expressly approved the hourly rates sought here, including partner Mark O'Connor's hourly rate

26    of $600 per hour and my rate of $500 per hour in the matter of *Mansur v. Chrysler Group, LLC*

27    (Los Angeles County Superior Court, Case No. BC539866).  The court awarded a total of

28    $84,210.90 in fees, costs and expenses. (**Exhibit W.**)

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

46.     On August 22, 2016, in the matter of *Kebodeaoux v. Mercedes-Benz* (Los Angeles Superior Court, Case No. BC552037), Judge Marc R. Marmaro granted an award of attorney's fees, costs and expenses in the amount of $203,247.39 in a case in which our clients prevailed at trial with an award of civil penalties. In so doing, the court took a 15% reduction on the overall amount but expressly considered and granted hourly rates for trial counsel Mark O'Connor at $600 per hour, my rate at $500 per hour, mid-level attorney rates of $300 to $350 per hour and lower billing attorney rates of $225 to $250 per hour. (**Exhibit X.**)

47.     Also on August 22, 2016, Judge John T. Doyle ruled that the hourly rates were reasonable and likewise ruled the work performed in that case was also reasonable. He also awarded 100% of the requested lodestar fees and costs in the case entitled *Baca v. Chrysler Group, LLC* (Los Angeles Superior Court, Case No. BC566511). The court ruled that the time entries were reasonable as well as the hourly rates were reasonable, including the rate of $500 per hour for myself and senior trial counsel, Michael Rosenstein, $300 to $350 per hour for attorneys Lauren Ungs, Roger Kirnos, Chris Swanson, Kevin Van Hout and Constance Morrison, and $200 to $250 per hour for attorneys Stephanie Marshall, Michael Ouziel, Daisy Ortiz and Amy Morse. (**Exhibit Y.**)

48.     On August 2, 2016, Judge Teresa A. Beaudette awarded 100% of the requested fees, costs and expenses in the matter of *Lepe v. Chrysler Group, LLC* (Los Angeles Superior Court, Case No. BC556273) for the total of $74,712.10. Judge Beaudette determined the requested hourly rates were reasonable and found that the work performed in the matter was reasonable. The requested rates ranged from $650 per hour for trial counsel, Bryan Altman, to $500 per hour for my rate, to $450 per hour for senior attorney Joel Elkins to $200 to $350 per hour for associates ranging from 1 year to 5 years of legal experience in California. (**Exhibit Z.**)

49.     On June 6, 2016, Judge Johnson expressly confirmed the reasonableness of each of the hourly rate and awarded 90% of the attorneys' lodestar fees in the amount of $50,541.00, in addition to $2,634.80 in costs in the case of *Perez v. Chrysler Group LLC* (Los Angeles Superior Court, Case No. BC528217.) The court ruled that rates between $225 per hour to $500 per hour were reasonable. (**Exhibit AA.**)

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

50.     On December 21, 2015, Judge Melinda M. Reed issued a ruling directing the parties to meet and confer to come to an agreement in the case of *Wing v. Ford Motor Company* (Tulare County Superior Court, Case No. VCU253635). The parties came to an agreement whereby the award of attorney's fees and costs and expenses came to $115,405.60, which represented 90% of the lodestar fees requested. The award including my rate of $500 per our as was trial counsel, Rich Wirtz. Mid-level attorneys such as Lauren Ungs and Kristina Stephenson-Cheang, Joshua Sams and Erin Barnes were granted rates of $350 to $400 per hour. (**Exhibit BB.**)

51.     On December 1, 2015, Judge Ernest H. Goldsmith awarded 100% of the attorneys' lodestar fees and costs requested in the matter of *Yerbic v. Ford Motor Company* (San Francisco County Superior Court, Case No. CGC-13-533092) in the amount of $73,995.00, thereby confirming the reasonableness of the hourly rates requested and the reasonableness of the time incurred. The court granted my rate of $500 per hour and my associates' rates ranging from $225 to $350 per hour. The court also granted trial attorneys, Michael Rosenstein and Roger Kirnos, their rates of $450 and $300 per hour, respectively. (**Exhibit CC.**)

52.     On November 4, 2015, Judge Geoffrey M. Howard granted fees, costs and expenses in the case of *Kran v. Ford Motor Company* (Marin County Superior Court, Case No. CIV1302144) awarding $73,918.63 in lodestar fees, after an hourly rate reduction of 15% for each attorney. The court also made various other deductions to the amount of time spent on the case. However, the court granted a 1.5 multiplier in the amount of $36,959.31, for a total award including costs of $122,947.34. (**Exhibit DD.**)

53.     On October 27, 2015, Judge Geoffrey M. Howard awarded attorney's fees and costs in the matter of *Wiessler v. Ford Motor Company* (Marin County Superior Court, Case No. CIV1303232) in the amount of $144,137.77. The court determined that counsel's rates of $225 to $500 per hour were higher than rates charged by attorneys in the particular community of Marin County and reduced the rates by 15%, but granted a lodestar multiplier of 1.5. (**Exhibit EE.**)

///

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

54. On September 9, 2015, Judge Gregory W. Alarcon awarded 100% of the attorney's fees and costs and expenses actually incurred in the case of *Helm v. Chrysler* (Los Angeles County Superior Court, Case No. BC519503) in the amount of $66,172.80, thereby confirming the reasonableness of the hourly rates requested and the reasonableness of the time incurred. (**Exhibit FF.**)

55. On April 20, 2015, Judge Michael Linfield awarded $79,081.14 in fees and costs and expenses in the matter of *Shychko v. Mercedes-Benz USA* in Los Angeles Superior Court, Case No. BC533642. Judge Linfield reduced the fee amount by 21% but granted a lodestar multiplier of 1.5. (**Exhibit GG.**)

56. On January 12, 2015, Judge Thompson awarded of $126,129.08 in fees and costs and expenses in the matter of *Thiessen v. Ford Motor Company* in Colusa County Superior Court, Case No. CV23968. Judge Thompson reduced the hourly rates in light of the rural venue (there is one courtroom for the entire county) but added a multiplier of 1.25 that resulted in an award comprising almost every dollar of the $129,765.90 in fees and costs actually incurred in the case. (**Exhibit HH.**)

57. On January 5, 2015, Judge Melinda M. Reed in Tulare County confirmed the reasonableness of each our attorneys' 2014 hourly rates, including my rate of $400 rate and co-counsel Michael Rosenstein's $450 rate. The Court awarded 90.4% of the fees requested in the matter of *Valencia v. Ford Motor Company,* Tulare County, Case No. 252468. Attached is the court's order by which Judge Reed confirmed the hourly rates. (**Exhibit II.**)

58. On October 8, 2014, Judge Green in Los Angeles County Superior Court, Case No. BC48466, confirmed each one of the hourly rates for each of the attorneys in the case of *Sanders v. Ford Motor Company*. The hourly rates ranged from $175 per hour for Ms. Ortiz to $450 per hour for co-counsel Michael Rosenstein. (**Exhibit JJ.**)

59. On October 31, 2013, Mr. O'Connor obtained an order from Judge Abraham Khan in the amount of $136,701.17 in the matter of *Chiavassa v Ford Motor Company*, Los Angeles Superior Court, awarding him his hourly rate of $500 per hour. (**Exhibit KK.**)

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

60.     September 17, 2013, Judge Hiroshige awarded me fees that I requested at the rate of $350 per hour in *Snell v. Ford Motor Company*, Los Angeles Superior Court, Case No. BC 471985.  Judge Hiroshige also granted a lodestar multiplier of 1.5. (**Exhibit LL.**)

61.     On July 24, 2013, Judge Stern awarded fees at my rate of $350 per hour in *Meuchel v. Ford Motor Company*, Los Angeles Superior Court, Case No. BC 481727. (**Exhibit MM.**)

62.     On January 6, 2011, Judge Chapin awarded me all the fees I requested at $300 per hour in *Watson v. Mercedes-Benz USA, LLC*, Kern County Superior Court Case No. S-1500-CV-268423. (**Exhibit NN.**)

63.     On May 4, 2010, our firm obtained an order from Judge Gail Brewster Bereola, in the matter of *Walker v Mercedes Benz USA*, Alameda Superior Court, Case No. RG08402907. Judge Brewster found that an hourly rate of $400 for Mr. O'Connor was reasonable and appropriate. (**Exhibit OO.**)

64.     On April 23, 2010, the Judge Mandabach presiding over the matter of *Gonzalez v. Chrysler*, San Bernardino Superior Court Case No. CIVSS803240 granted Mark O'Connor, the firm's former partner, a lodestar rate of $400 per hour as reasonable and appropriate.  (**Exhibit PP.**)

65.     On February 19, 2010, Judge Fell awarded me all the fees I requested at $300 per hour in *Micu v. Chrysler Motor Co.*, Orange County Superior Court Case No. 30-2008-00114410. (**Exhibit QQ.**)

66.     On March 5, 2009, Judge Treu awarded me all the fees I requested at $300 per hour, plus a 1.33 multiplier in *Jeske v. Chrysler Motor Co.*, Los Angeles Superior Court Case No. BC394377. (**Exhibit RR.**)

67.     On August 20, 2008, I was awarded attorney fees based on an hourly rate of $300 per hour after a 1.5 multiplier in *Kang v. American Honda Motor Co.*, Los Angeles County Superior Court Case No. BC379949. Although the court in Kang reduced the requested hourly rate, it did award a 1.5 multiplier because Kang, like this case, was taken on a contingent-fee basis. (**Exhibit SS.**)

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

68.     In *Root v. Mercedes-Benz USA, LLC*, Orange County Superior Court, Case No. 06CC07044, Ret. Judge Schneider awarded an hourly rate of $295 per hour <u>including a multiplier of 1.075</u> on January 14, 2008. (**Exhibit TT.**)

69.     I request a multiplier of 1.5 based on my contingent fee, the risk and delay in payment associated with a contingent fee scenario, and the result achieved.  Such a multiplier is reasonable and towards the low end under the established law.  (*Wershba v. Apple Computer, Inc.* (2001) 91 Cal.App.4th 224, 255.)  Plaintiffs' attorneys are paid only if Plaintiffs prevail, unlike Defendants' attorneys who get paid monthly regardless of the outcome.  Moreover, Defendants' attorneys typically have a continuing and ongoing relationship, whereas this firm will most likely not have the opportunity to represent Plaintiffs again.

70.     It is not uncommon for attorney's fees and costs to exceed the client's damages.  The Legislature acknowledged such a circumstance, which is the reason behind the fee shifting provision of the Song-Beverly Act.  Otherwise, consumers would be left without opportunity for redress when their damages were not enough for an attorney to take the case on a contingent fee or hourly rate basis.  Such a result occurs in large part because of dealerships' or vehicle manufacturers' refusal to adhere to statutory laws protecting consumers, resistance to honoring consumers' complaints, and generally playing games or simply abusing discovery procedures. For example, Defendant could have avoided paying any attorney fees whatsoever had it admitted to its wrongdoing early on. Instead, Defendant engaged in expensive litigation and drove up fees and costs, by among other things, forcing extensive discovery and trial preparation and compelling Plaintiffs' counsel to litigate this matter exhaustively for over sixteen months.

71.     Lemon Law cases are not simple actions.  They require a specialized understanding of the full scope of consumer protection laws, which are highly nuanced.  The cases also require knowledge of intricacies of automobiles and a lexicon associated with them, as well as a knowledge concerning how to investigate these matters.  They also require knowledge of auto manufacturers' and dealers' protocols for repairing vehicles.

///

///

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

72.     Generally speaking, clients of the firm are benefitted by the experience of this firm insofar as work-product from other cases can be used in this case as well.  Hence, a substantial amount of time was saved by not needing to draft each document from scratch and little time was needed to "get up to speed" in this specialized area of law.  In effect, Defendant is also benefitted by these facts when it comes to a determination of reasonable attorney's fees to be paid because of the numerous cost saving techniques employed by the firm.

73.     As shown by the number of cases discussed herein and the positive results achieved on behalf of each client, the hourly rate is reasonable, and the number of hours expended are reasonable.  The fees incurred in this litigation are the direct result of Defendant's own dismissive approach to handling lemon law matters.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 9th day of July 2018, at Los Angeles, California.

STEVE MIKHOV
Declarant

18

DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

PROOF OF SERVICE
(Code of Civil Procedure §1013a)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 10250 Constellation Boulevard, Suite 2500, Los Angeles, CA 90067

I served the foregoing document described as:

**DECLARATION OF STEVE MIKHOV IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS AND EXPENSES**

Said document was served on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes, with postage prepaid, addressed as follows:

| | |
|---|---|
| Kate S. Lehrman, Esq. | Michael H. Rosenstein, Esq. |
| LEHRMAN LAW GROUP | Law Offices of Michael H. Rosenstein |
| 12121 Wilshire Boulevard, Suite 1300 | 10250 Constellation Boulevard, Suite 2500 |
| Los Angeles, CA 90025 | Los Angeles, CA 90067 |
| **Counsel for Defendant,** | **Associated Counsel for Plaintiff,** |
| **MERCEDES-BENZ USA, LLC** | **MITCHELL E. KATZ** |
| (via Mail only) | (via E-Mail only) |

<u>XX</u>   BY MAIL: I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at Los Angeles, California, in the ordinary course of business. The envelope was sealed and placed for collection that same day following ordinary business practices, addressed to the above-referenced attorney.

<u>XX</u>   BY E-MAIL OR ELECTRONIC TRANSMISSION: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

<u>XX</u>   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 9, 2018 at Los Angeles, California.

_____
Hector Almeyda

-1-

PROOF OF SERVICE