**KNIGHT LAW GROUP LLP**
Scot Wilson (SBN 223367)
scotw@knightlaw.com
Daniel Kalinowski (SBN 305087)
danielk@knightlaw.com
Phil A Thomas (SBN 248517)
philt@knightlaw.com
10250 Constellation Blvd., Suite 2500
Los Angeles, CA 90067
Telephone: (310) 552-2250
Fax: (310) 552-7973

Attorneys for Plaintiff,
JESSICA RAMIREZ

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JESSICA RAMIREZ,**<br><br>Plaintiff,<br><br>v.<br><br>**VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey corporation; and DOES 1 through 10, inclusive,**<br><br>Defendants. | **Case No.: 5:22-cv-00734-MWF-MRW**<br><br>(Removed from Superior Court of California, County of Riverside, Case No. CVPS2201041)<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND TO SUPERIOR COURT OF CALIFORNIA**<br><br>Honorable Judge Michael W. Fitzgerald<br><br>**Date:** June 27, 2022<br>**Time:** 10:00 am<br>**Courtroom:** 5A |

-1-

# PLAINTIFF'S REPLY BRIEF

## I. INTRODUCTION

Defendant Volkswagen Group of America, Inc.'s ("Defendant" or "VGA") Opposition fails to show why this case should not be remanded. First, while there is a split in the district courts as how to analyze civil penalties in these cases when determining amount in controversy, VGA contends that *potential* civil penalties of exactly twice the amount of Plaintiff Jessica Ramirez's ("Plaintiff") actual damages must be included in the amount in controversy. But VGA fails to provide any evidence that it is more likely than not that civil penalties will be awarded here. Further, VGA fails to show sufficient evidence of similar cases to substantiate its inclusion of potential future attorneys' fees in the in the amount in controversy. Accordingly, VGA has failed to meet the amount in controversy required to establish federal subject matter jurisdiction, and the Court is warranted in remanding this matter.

## II. VG HAS NOT MET ITS BURDEN TO PROVE THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

### A. VGA Bears The Burden Of Proving The Amount In Controversy Has Been Met

The burden of proof is on the removing defendant to show facts that prove diversity jurisdiction. *Marin General Hospital v. Modesto & Empire Traction Co.*, 581 F. 3d 941, 944 (9th Cir. 2009). The presumption is against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka ex re. Lhotka*, 599. F.3d 1102, 1107 (9th Cir. 2010). VGA, however, relies on *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014) for the proposition that a defendant's notice of removal need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." See Dkt. No. 14, Opposition Memorandum ("Opp") p. 8. Such reliance is misplaced though, as *Dart* addressed whether the $5,000,000 jurisdictional threshold of the Class Action Fairness Act ["CAFA"] was met, for which the Court noted "no anti-removal presumption attends cases invoking

CAFA[.]" *Id.* at 89. That is not the case here. Rather, VGA must prove here that the amount in controversy threshold has been met by a preponderance of the evidence, which it has failed to do. *Urbino v. Orkin Servs. Of Cal., Inc.* 726 F.3d 1118, 1121-1122 (9th Cir. 2013).

### B. VGA's Estimate of Potential Incidental and Consequential Damages is Entirely Speculative

VGA attempts to include in its amount in controversy calculations various amounts for Plaintiff's incidental and consequential damages. Dkt. No. 14, Opp., pp. 10-13. However, the evidence to which VGA cites consists solely of demands Plaintiff made to VGA *prior to the commencement of this litigation.* Id. In her pre-litigation negotiations with VGA, Plaintiff requested that VGA reimburse her for $930.18 in insurance premiums, $442.00 in registration fees, and $707.34 for a rental vehicle. Id. The Song-Beverly Act permits the recovery of incidental damages under California Civil Code section 1793.2(d)(2)(B) and consequential damages under California Civil Code section 1794(b), but such damages must be made according to proof at trial. Whether Plaintiff can recover such amounts is a question of both law and fact. *Kirzhner v. Mercedes-Benz USA, LLC,* 9 Cal.5th 966, 982 (2020) (holding that only certain expenses are recoverable as incidental or consequential damages under Song-Beverly).

As noted above, conclusory allegations as to the amount in controversy are insufficient, *Matheson v. Progressive Specialty Insurance Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003), and a defendant cannot establish the amount in controversy by "mere speculation and conjecture." *Ibarra v. Manheim Investments, Inc.,* 775 F.3d 1193, 1197 (9th Cir. 2015). Instead, a defendant must "submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.* VGA's incidental and consequential damages calculation cannot therefore be included in the amount in controversy.

### C. VGA's Assertion That the Speculative Amounts Of Civil Penalties Must Be Included In The Amount In Controversy Fails

In response to Plaintiff's citation to a wealth of case law where federal courts have excluded potential civil penalties from the computation of the amount in controversy, Dkt. No. 11-1, Memo., pp. 12-14, VGA fails to distinguish the current case from those in which civil penalties were excluded from the amount in controversy. Dkt. No. 14, Opp., pp. 13-17. The burden remains on VGA to prove the amount in controversy is met by a preponderance of the evidence. *Urbino,* 726 F.3d at 1121-1122. VGA has failed to meet this burden.

VGA's reliance *Brady v. Mercedes-Benz USA, Inc.,* 243 F.Supp.2d 1004, 1009 (N.D. Cal. 2002) for the proposition that civil penalties under the Song-Beverly Act are included in the amount in controversy is misplaced, as the reasoning in *Brady* was extremely flawed. In *Ronquillo v. BMW of North America, LLC*, No. 3:20-cv-1413-W-WVG, 2020 WL 6741317 (S.D. Cal. Nov. 17, 2020), the court noted that although the court in *Brady* stated "'there is good reason to include' the civil penalty, it failed to explain the reason." *Ronquillo,* 2020 WL 6741317, *2. The *Ronquillo* court noted that none of the three cases upon which *Brady* relied upon supported its inclusion of civil penalties in the amount in controversy simply because the plaintiff had requested them in the complaint. *Id*. The *Ronquillo* court found that the defendant failed to establish that the amount in controversy should include a civil penalty because it made "no effort to explain why the amount in controversy should include a civil penalty," and the defendant failed to "submit evidence regarding the size of civil penalties awarded in analogous cases." *Id.*; see *D'Amico v. Ford Motor Company*, No. CV 20-2985-CJC (JCx), 2020 WL 2614610 (C.D. Cal. May 21, 2020); *Sood v. FCA US, LLC*, NO. CV 21-4287-RSWL-SKx, 2021 WL 4786451 (C.D. Cal. Oct. 14, 2021).

In *Zawaideh v. BMW of North America, LLC*, No. 17-CV-2151 W (KSC), 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018), the court also distinguished

*Brady,* noting that "[r]ather than simply assume that because a civil penalty is available, one will be awarded, the defendant must make some effort to justify the assumption by, for example, pointing to allegations in the [c]omplaint suggesting award of a civil penalty would be appropriate, *and* providing evidence—such as verdicts or judgments from *similar cases*—regarding the likely amount of the penalty." *Id.* (emphasis added).

Similarly, in *Khachatryan v. BMW of North America, LLC,* No. CV-21-1290-PA (PDx), 2021 WL 927266 (C.D. Cal. March 10, 2021), the court declined to follow *Brady* and include civil penalties in the amount in controversy because the defendant made "no showing that such a civil penalty is more likely than not to be awarded" and that "[s]imply assuming a civil penalty award is inconsistent with the principle that the defendant must provide evidence that it is 'more likely than not' that the amount in controversy requirement is satisfied." *Khachatryan*, 2021 WL 927266, *2 (quoting *Makol v. Jaguar Land Rover North America, LLC*, 2018 WL 3194424, at *3 (N.D. Cal., June 28, 2018)). This court found that the defendant in *Khachatryan* failed to meet its burden because it did not "submit evidence regarding the size of civil penalties awarded in *analogous cases*." *Khachatryan*, 2021 WL 927266, *3 (emphasis added). A number of other courts have agreed with this reasoning on not including civil penalties in the amount in controversy. See *Barrett v. FCA US, LLC,* No. SA CV 21-00243-DOC-DFMx, 2021 WL 1263838, *3 (C.D. Cal. April 5, 2021) (declining to include the defendant's estimate of speculative civil penalties or attorneys' fees to meet the amount in controversy requirement); *Savall v. FCA US, LLC,* No. 21cv195 JM (KSC) 2021 WL 1661051, *3 (C.D. Cal. April 28, 2021) (same); *Sanchez v. FCA US, LLC,* No. CV 21-05534-RSWL (PLAx), 2021 WL 5276829, *1 (C.D. Cal. Nov. 12, 2021) (same).

Here, VGA simply assumes that because a civil penalty is alleged in Plaintiff's complaint and mentioned in discovery responses that civil penalties would be awarded. However, VGA provides no evidence, such as awards, verdicts or

judgements regarding the amount of civil penalties awarded in analogous cases. VGA fails to establish that civil penalties are more likely than not to be awarded. See *Khachatryan*, 2021 WL 927266, *3. Further, VGA includes a number of different estimates of the amount of civil penalties it contends should be included in the amount in controversy, which clearly shows the speculative nature of VGA's contention. VGA's civil penalty estimates range from a low of $50,599.80 to a high of $62,509.64, and are based on speculative assumptions regarding the statutory mileage offset and Plaintiff's potential incidental and consequential damages. Thus, VGA has failed to establish that civil penalties here should be included in the Court's determination in the amount in controversy.

### D. VGA's Assertion That An Unspecified Amount In Attorneys' Fees Should Be Included In The Amount In Controversy Fails Because It Is Purely Speculative

A defendant may attempt to prove future attorneys' fees should be included in the amount in controversy, but retains the burden of proving the amount of such future attorneys' fees by a preponderance of the evidence. *Fritsch v. Swift Transportation Co. of Arizona, LLC,* 899 F.3d 785, 794 (9th Cir. 2018). In its Opposition, VGA cites to records of Song-Beverly cases in which plaintiffs' attorneys were awarded relatively high amounts in attorneys' fees. Dkt. No. 14, Opp., pp. 17-18. However, in her Motion for Remand, Plaintiff cited to a number of cases in which relatively low amounts (less than $10,000) were awarded. From this evidence the Court can do nothing but speculate whether a low amount or a high amount in attorneys' fees would be awarded in this case.

"While a defendant may meet its burden to establish a reasonable estimate of attorneys' fees by identifying awards in other cases, those cases *must be similar enough to the case at hand* that the court can conclude that it is more likely than not that the plaintiff may incur a similar fee award." *Kaplan v. BMW of North America, LLC,* No. 21-CV-857 TWR (AGS), 2021 WL 4352340 *6 (S.D. Cal. Sept. 24, 2021)

(emphasis added). VGA offers no evidence that would show the instant case to be more similar to the cases it cites for showing attorneys' fees than to the cases Plaintiff cites with regard to a potential award of attorneys' fees. Therefore, attorneys' fees should be excluded from the court's computation of the amount in controversy, and VGA has failed to meet its burden.

### III. CONCLUSION

For the foregoing reasons, this case should be remanded to California Superior Court because VGA has failed to meet its burden.

Dated:  June 13, 2022  **KNIGHT LAW GROUP LLP**
*/s/ Phil A Thomas*
Scot Wilson (SBN 223367)
Daniel Kalinowski (SBN 305087)
Phil A Thomas (SBN (248517)
Attorneys for Plaintiff,
JESSICA RAMIREZ