JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 22-00734 MWF (MRWx)     Date: July 8, 2022

Title: Jessica Ramirez v. Volkswagen Group of America, Inc.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO SUPERIOR COURT OF CALIFORNIA [11]

Before the Court is Plaintiff Jessica Ramirez's Motion to Remand to Superior Court of California (the "Motion"), filed on May 18, 2022. (Docket No. 11). Defendant Volkswagen Group of America, Inc. filed an Opposition on June 6, 2022. (Docket No. 14). Plaintiff filed a Reply on June 13, 2022. (Docket No. 16).

The Court has read and considered the Motion and held a hearing on **June 27, 2022**.

For the reasons stated below, the Motion is **GRANTED**. While the parties are diverse, there is a possibility that the amount in controversy does not exceed the statutory required $75,000 based on negative equity.

**I.    BACKGROUND**

Plaintiff initiated this action in Riverside County Superior Court on March 16, 2022. (*See* Notice of Removal ("NoR") (Docket No. 1) ¶ 1). Defendant removed the action to federal court on April 27, 2022. (*See id.* at 1).

In the Complaint, Plaintiff alleges that her claims stem from warranty obligations concerning a vehicle Plaintiff purchased from Defendant. (*See* NoR at 14–15). Plaintiff alleges she entered into a contract with Defendant for a 2019 Volkswagen Atlas which subsequently had issues with the exterior and engine that

---

**CIVIL MINUTES—GENERAL**        1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-00734 MWF (MRWx)           Date:  July 8, 2022
Title:     Jessica Ramirez v. Volkswagen Group of America, Inc.

Defendant was unable to repair, but Defendant did not offer to repurchase or replace the vehicle until after Plaintiff contacted Defendant, after which Defendant made an inadequate offer.  (*See id.* at 15–16).

Plaintiff brings claims for relief for breach of express warranty and implied warranty in violation of the California Song-Beverly Consumer Warranty Act (the "Song-Beverly Act"), California Civil Code sections 1790 *et seq.*  (*See id.* at 15–17). Plaintiff prays for relief in the form of general, special, actual, incidental, and consequential damages, recission of the purchase contract and restitution, diminution in value, civil penalties, interest, revocation, and attorney's fees and costs.  (*See id.* at 17–18).

## II.     LEGAL STANDARD

"On a plaintiff's motion to remand, it is a defendant's burden to establish jurisdiction by a preponderance of the evidence." *Taylor v. United Road Services*, CV 18-00330-LJO (JLTx), 2018 WL 2412326, at *2 (E.D. Cal. May 29, 2018) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 547 U.S. 81, 86-87 (2014); *Rodriguez v. AT&T Mobility Servs., LLC*, 728 F.3d 975, 978 (9th Cir. 2013)).  The non-moving party bears the burden of identifying "a legitimate source of the court's jurisdiction" and "[d]isputed questions of fact and ambiguities in the controlling law must be resolved in favor of the remanding party." *Pac. Mar. Ass'n v. Mead*, 246 F. Supp. 2d 1087, 1089 (N.D. Cal. 2003) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).  Removability is determined based on the removal notice and the complaint as it existed at the time of removal.  *See Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985).

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action.  Under 28 U.S.C. § 1332, a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 22-00734 MWF (MRWx)          Date: July 8, 2022
Title:     Jessica Ramirez v. Volkswagen Group of America, Inc.

## III.    DISCUSSION

Plaintiff moves to remand on the basis that the Court lacks diversity jurisdiction because Defendant has not demonstrated that the amount in controversy exceeds the statutorily required $75,000. (*See* Memorandum (Docket No. 11-1) at 9–10). Plaintiff argues that the amount in controversy is improperly calculated, as Defendant failed to reduce the applicable damages under a statutory mileage offset for the distance the vehicle was driven, the estimate of civil penalties is speculative and thus not includable, and Defendant did not include any evidence that attorney's fees would be adequate to meet the amount in controversy. (See id. at 10–17).

Because the parties do not appear to contest whether the parties are in fact diverse in terms of citizenship, and the parties have set forth that they are citizens of different states (California for Plaintiff and New Jersey and Virginia for Defendant), the Court need not address the issue of diversity of citizenship in depth.

### Amount in Controversy

In cases "[w]here . . . it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (quotation marks and citations omitted).

In assessing the amount in controversy, courts consider "allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Id.* The amount in controversy includes "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 (9th Cir. 2016).

As a threshold matter, the amount in controversy is unclear from the face of the Complaint. (*See generally* NoR). Therefore, Defendant bears the burden of establishing that the amount in controversy exceeds $75,000.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 22-00734 MWF (MRWx)          Date:  July 8, 2022
Title:      Jessica Ramirez v. Volkswagen Group of America, Inc.

### A. Actual damages

Plaintiff seeks, among other things, damages in restitution under the Song-Beverly Act, which permits the buyer of an automobile to recover for the automobile manufacturer's violation of an express warranty. *See* Cal. Civ. Code § 1793.2. The Act provides that such a buyer can recover "the actual price paid or payable by the buyer" less "that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor . . . for correction of the problem that gave rise to the nonconformity." *Id.* § 1793.2(d)(2). The amount directly attributable to the buyer's use of the vehicle is computed taking the number of miles driven by the buyer prior to the first relevant repair, dividing by an assumed 120,000 mile life expectancy of the car, and multiplying the result by the "the actual price paid or payable by the buyer." *Id.*

The "total consideration" for the lease Plaintiff's vehicle was $30,158.37, which Plaintiff does not appear to dispute. (NoR ¶ 15; *see also* Memorandum at 10). Defendant asserts, and Plaintiff also does not dispute, that Plaintiff leased the vehicle with 505 miles on the odometer, but Plaintiff argues Defendant did not set forth the number of miles Plaintiff drove before the vehicle was first brought in for repair. (*See* Memorandum at 11). In its Opposition, Defendant states it initially set the mileage offset at $4,858.48 in its prelitigation offers to repurchase Plaintiff's vehicle, for a total mileage driven amount of 16,423 miles. (*See* Opposition at 7). Plaintiff's actual damages therefore equate to $27,379.42 when including damages sought by Plaintiff pre-litigation, including insurance premiums, registration, and a rental, or $25,299.90 for just the vehicle itself. (*See id.*). Alternatively, considering when Plaintiff first presented the vehicle for repairs, it had a mileage of 5,366, which would change the offset to $1,438.05, for a total of $30,799.84 of damages when including the prelitigation demanded costs. (*See id.* at 7–8).

At the hearing, Plaintiff raised the issue of negative equity, which Defendant also addressed in the briefing, arguing that any actual damages, including the $25,299.90 set forth in the Court's tentative, generally do not include negative equity, or the balance remaining on the vehicle Plaintiff traded in for the vehicle at issue,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-00734 MWF (MRWx)          **Date:** July 8, 2022
**Title:**      Jessica Ramirez v. Volkswagen Group of America, Inc.

which in this case was $4,053. (*See* Opposition at 2, 7, 11). Plaintiff argued that by reducing the actual damages by this amount, the actual damages fall well below the threshold, even when factoring in any civil penalties, as discussed below. In response, Defendant reiterated the argument from the briefing that Plaintiff claimed entitlement to the negative equity in the Complaint, thus placing the value in controversy, and further that the mileage offset from when the vehicle was first presented for repairs would make the negative equity value irrelevant. (*See id.* at 7 n.1 (citing Complaint ¶ 20)).

      Plaintiff does not appear to have addressed the negative equity issue in her briefing. (*See generally* Motion, Reply). The Opposition does not set forth legal authority indicating whether or not the Court should consider negative equity in the issue of actual damages.

      At least one district court has recently found that negative equity may not be included in the amount of restitution damages under the Song-Beverly Act when determining the amount in controversy on a motion to remand. *See Fisher v. Ford Motor Co.*, CV 22-339-W-AHG, 2022 WL 2181804, at *3 (S.D. Cal. June 16, 2022) (ultimately remanding case given deduction of negative equity from actual damages). Other district courts have agreed that negative equity is not includable in the purchase price of a vehicle for Song-Beverly Act purposes. *See Canesco v. Ford Motor Co.*, --- F. Supp. 3d ----, 2021 WL 5122231, at *13 (S.D. Cal. Nov. 4, 2021) ("Negative equity is not part of the 'new motor vehicle' price, so the manufacturer should not be required to reimburse the buyer for their cost"), *Rivera v. Ford Motor Co.*, CV 18-7798 DSF (PJWx), 2020 WL 1652534, at *4 (C.D. Cal. Feb. 10, 2020) (holding "that a manufacturer is not required to include negative equity in a repurchase offer under the Song Beverly Act").

      Accordingly, discounting the $4,053 negative equity, with a mileage offset of $4,858.48, the actual damages for the vehicle and collateral charges (such as a rental) amount to $23,326.42, or to $21,246.90 for just the vehicle. Alternatively, if considering a mileage offset of $1,438.05 accounting for when the vehicle was first presented for repairs, the actual damages would be $26,746.84.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-00734 MWF (MRWx)          **Date:** July 8, 2022
**Title:**       Jessica Ramirez v. Volkswagen Group of America, Inc.

Regardless of which number is considered, which the Court finds it unnecessary to decide at this stage, each is inadequate to meet the $75,000 threshold, and the Court therefore considers other potential damages.

### B.     Civil penalties

In addition to actual damages, the Song-Beverly Act permits plaintiffs to recover up to two times the amount of actual damages, which Plaintiff seeks. *See* Cal. Civ. Code § 1794(c). If Plaintiff prevails in this regard, Plaintiff would effectively be entitled to treble damages, or up to at least $75,899.70 (considering the minimum actual damages of $25,299.90, plus double that amount as a statutory penalty ($50,599.80)). This would place the amount in controversy above the requisite jurisdictional threshold of $75,000.

"It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). While the Song-Beverly Act does not expressly provide for punitive damages, "[c]ourts have held that the civil penalty under the Song-Beverly Act is akin to punitive damages, because both have the dual effect of punishment and deterrence for defendants." *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) (citations omitted). Therefore, "there is good reason to include the Song-Beverly Act's civil penalty of up to two times the amount of actual damages in the amount in controversy." *Id.* Indeed, other courts have factored in the Song-Beverly Act's civil penalties when determining the amount in controversy. *See, e.g., id.*; *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) ("Song-Beverly civil penalties are akin to punitive damages and ought to be treated the same for the purposes of [amount in controversy] analysis"); *Elenes v. FCA US LLC*, CV 16-05415-CAS (ASx), 2016 WL 6745424, at *5 (C.D. Cal. Nov. 14, 2016) ("Plaintiffs allege that FCA has 'willfully failed to comply with its responsibilities under the Act.' Accordingly, the amount in controversy estimate may include a civil penalty."); *Lawrence v. FCA US LLC*, CV 16-05452-BRO (GJSx), 2016 WL 5921059, at *4 (C.D. Cal. Oct. 11, 2016) ("Combining the possibility of Plaintiff's restitution along with her

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 22-00734 MWF (MRWx)         Date: July 8, 2022
Title:     Jessica Ramirez v. Volkswagen Group of America, Inc.

recoverable civil penalties, the Court finds that it is more likely than not that the amount in controversy under Song-Beverly is $81,554.13").

     Plaintiff argues in support of the Motion that Defendant's estimate of civil penalties is speculative because Defendant did not set forth evidence that the penalty was likely to be awarded. (*See* Motion at 12–13 (collecting cases where district courts have required defendants to set forth some evidentiary justification for the inclusion of civil penalties in the amount in controversy)).

     To the extent the authorities cited by Plaintiff required that a defendant demonstrate that a civil penalty will be awarded by a preponderance of the evidence, the Court disagrees. Upon a motion to remand, the non-moving party bears the burden of proving by a preponderance of the evidence the amount *in controversy*, not the precise amount for which Defendant will inevitably be liable; the Court declines to turn a motion for remand into a quasi-trial or motion for summary judgment on the issue of damages.

     At the hearing, Plaintiff contended that the cases cited in her briefing were newer than those cited above, which were also cited in the Court's tentative. (*See*, *e.g.*, Motion at 12–13 (collecting district court cases)). These cases are distinguishable not for their recency but instead because in each, the defendant failed to set forth justification that the civil penalty would likely apply, for example by "pointing to allegations in the Complaint suggesting award of a civil penalty would be appropriate." *Zawaideh v. BMW of N. Am., LLC*, CV 17-2151 W (KSCx), 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018).

     In the context of punitive damages, "a defendant satisfies the amount-in-controversy requirement . . . if it is *reasonably possible* that it may be liable for the proffered punitive damages amount." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (emphasis added). Here, Defendant has pointed to specific allegations in the Complaint indicating willfulness so as to support the award of the civil penalty under the Song-Beverly Act, including that Defendant's "failure to comply with its responsibilities under the [Song-Beverly] Act" was "willful" and conduct such as Defendant's putatively "belated offer" to repurchase the vehicle that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 22-00734 MWF (MRWx)        Date: July 8, 2022
Title:      Jessica Ramirez v. Volkswagen Group of America, Inc.

"was not made in compliance with the Song-Beverly Act." (NoR at 15–16). In such instances, the Song-Beverly Act provides for a civil penalty up to twice the actual damages, or a penalty to actual damages ratio of 2:1. *Cf. Sood v. FCA US, LLC*, CV 21-4287-RSWL (SKx), 2021 WL 4786451, at *5 (C.D. Cal. Oct. 14, 2021).

As such, it is reasonably possible that a jury, if it determined that Defendant willfully violated the Song-Beverly Act, would award Plaintiff a civil penalty in the amount of at least $42,493.80, *i.e.*, twice the lowest actual damages estimate of $21,246.90. And from the facts in the Complaint, where Plaintiff alleges that Defendant failed to repurchase the vehicle, only offered to do so after Plaintiff contacted customer service, and the offer subsequently failed to include the required compensation under the Song-Beverly Act, it is reasonably possible that a jury would find that Defendant willfully violated its obligations under the Song-Beverly Act. (*See id.* at 15–16 (Complaint ¶¶ 20–21)).

Because in some scenarios the total damages between actual and punitive may not equate to $75,000, as illustrated above (e.g., a $21,246.90 actual damages award plus a $42,493.80 civil penalty equates to only $63,740.70), in order to avoid ambiguity, the Court considers the issue of attorney's fees, as any doubt must be resolved in favor of remand. *See Pac. Mar. Ass'n*, 246 F. Supp.2d at 1089 (citing *Gaus*, 980 F.2d at 566).

       **C.**      **Attorney's fees**

As the parties agree in the briefing,

> if a plaintiff would be entitled under a contract or statute to future attorneys' fees, such fees are at stake in the litigation and should be included in the amount in controversy. The defendant retains the burden, however, of proving the amount of future attorneys' fees by a preponderance of the evidence.

*Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 788 (9th Cir. 2018).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-00734 MWF (MRWx)     **Date:** July 8, 2022
**Title:**     Jessica Ramirez v. Volkswagen Group of America, Inc.

Though *Fritsch* was decided in the context of a class action, courts have applied consideration of the amount in controversy outside of the class action context, particularly in employment cases and cases, like this one, involving the Song-Beverly Act. *See*, *e.g.*, *Diaz v. Walmart, Inc.*, EDCV 22-45 JGB (KKx), 2022 WL 392437, at *3 (C.D. Cal. Feb. 8, 2022) (employment), *Snover v. FCA US LLC*, CV 21-8553-JWF (ASx), 2021 WL 6112572, at *2 (C.D. Cal. Dec. 27, 2021) (Song-Beverly Act).

It is here that Defendant has not met its burden. While the Opposition contends that attorney's fees in cases brought by Plaintiff's counsel are routinely in excess of $100,000, based on declarations and historical results in other cases, "none of th[is] evidence supports Defendant['s] theory that *in this case* the attorneys' fees amount to more than $50,000." *Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 914 (N.D. Cal. 2020) (emphasis in original). Defendant here does not present argument on *why* this case would result in a specific attorney's fee award based on other cases with comparable facts. *Cf. Nealy v. FCA US LLC*, CV 21-6552-MEMF-SHKx, 2022 WL 1210970, at *6 (C.D. Cal. April 22, 2022) (finding evidence of fees in other cases by the plaintiffs' counsel, without more, inadequate for inclusion of attorney's fees in amount in controversy).

"Without such a comparison, the Court cannot find — even by a preponderance of the evidence — that attorneys fees in any particular amount should be included" in the amount in controversy. *Id.*

Accordingly, the possibility remains that, even if Plaintiff is awarded the civil penalty of the Song-Beverly Act, the amount in controversy would remain unsatisfied. Because "[d]isputed questions of fact . . . must be resolved in favor of the remanding party," the action must be remanded. *Pac. Mar. Ass'n*, 246 F. Supp. 2d at 1089 (citing *Gaus*, 980 F.2d at 566).

Accordingly, the Motion is **GRANTED** and this action is **REMANDED** and the Clerk of Court is **ORDERED** to return this action to the Superior Court of the State of California for the County of Riverside.

IT IS SO ORDERED.